UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                        Plaintiffs

| DOCKET # |
| --- |
| COMPLAINT AND DEMAND FOR JURY TRIAL |

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                        Defendants.
------------------------------------------------------------------------X

      Pratik Patel, individually and as a shareholder of Pan King, Inc. and Lalit Patel, individually and as a partner of Pan King, Inc. (hereinafter collectively referred to as "Plaintiffs"), by way of this Complaint alleges the following:

### PARTIES

1. Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation under the laws of the State of New York, with a principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801.

2. Pratik Patel (hereinafter "P Patel") is a shareholder of Pan King, Inc. with a 25% ownership in the company. P Patel resides at 101 Western Avenue, Jersey City, NJ 07307.

3. Lalit Patel (hereinafter "L Patel") provided P Patel with $50,000 to invest into Pan King. L Patel is a partner of Pan King. L Patel resides at 101 Western Avenue, Jersey City, NJ 07307.

4. Noddy Singh and Arjan Singh (hereinafter "Defendants") are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

## VENUE AND JURISIDCTION

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

6. Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief all defendants are residents of this District

## FACTUAL ALLEGATIONS

7. On or about November 2017, P Patel and Defendants entered into a Partnership Contract, wherein P Patel became a 25% shareholder in the company and Defendants became 37.5% shareholders in the company. (**See Exhibit A** – Partnership Contract).

8. On or about November 2017, pursuant to the contract, L Patel gave P Patel $50,000 to invest in NY Chicken & Rice for an exchange of 25% ownership in Pan King. P Patel invested the funds pursuant to the contract.

9. The expectation was that L Patel and P Patel would share in the profits of Pan King as P Patel was a 25% shareholder.

10. Pursuant to New York Partnership Law § 11 (hereinafter "PTR"), the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business. L Patel provided P Patel with $50,000 to invest in Pan King with the expectation that P Patel would become a 25% shareholder in the company and both L Patel and P Patel would share in the profits of the business thus making L Patel a partner of Pan King.

11. Thus far, Plaintiffs have received no profits from their investment into Pan King and have been denied access to all relevant books and records.

12. On October 27, 2020, despite the fact that Plaintiffs received no profits from the company, P Patel received a notice from the New York State Department of Taxation and Finance and was hit with a tax penalty of $5,723.45.  (**See Exhibit B** – Letter from NY State Department of Taxation and Finance).

13. On information and belief, Defendants filed a K-1 form on behalf of P Patel to the New York Department of Finance showing that P Patel was distributed profits of at least $50,000 even though P Patel has seen no such profits thus far.

14. On December 16, 2020, P Patel sent Pan King a demand for books and records pursuant to NY Business Corporation Law § 624 (hereinafter "BCL").  (**See Exhibit C** – Demand Letter).

15. Defendants were required to respond within five days.  That time has now lapsed, and no response has been received.

## DEMAND FUTILITY

16. P Patel brings this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

17. As set forth above, P Patel is a 25% shareholder in Pan King and has been a 25% shareholder during the time relevant to Defendants' wrongful course of conduct alleged herein.  P Patel will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

18. Defendants' interest in Pan King constitutes 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above. As such, any demand upon Pan King to sue Defendants for the breaches of fiduciary duty set forth herein would be futile.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Individual – by P Patel for Breach of Contract)**

19. Plaintiffs repeat and reallege paragraphs 1 through 17 as if fully set forth herein.

20. On or about November 2017, P Patel and Defendants entered into a partnership contract where P Patel was to invest $50,000 in NY Chicken & Rice in exchange for 25% ownership in Pan King.

21. P Patel fulfilled his obligations under the contract by providing the investment of $50,000.

22. Defendants breached its obligations under the contract by failing to provide P Patel with any profits from Pan King.

23. As a result of Defendant's failure to perform, P Patel has suffered damages in an amount equal to no less than 500,000.

24. **WHEREFORE,** P Patel demands judgment in an amount equal to [enter amount], plus interest, costs, and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Individual– by Plaintiffs for Unjust Enrichment)**

25. Plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

26. As stated earlier, P Patel and Defendants entered into a partnership contract where Plaintiffs invested $50,000 in exchange for 25% ownership in Pan King.

27. Plaintiffs provided such funds pursuant to the contract and Defendants refused to provide any profits to Plaintiffs at Plaintiffs' expense.

28. Further, on information and belief, despite the fact that Plaintiffs have received no profits from their investment in Pan King, Defendants filed a K-1 form with the New York Department of Finance on behalf of P Patel showing that P Patel was distributed profits of at least $50,000, which caused P Patel to receive a tax penalty of $5,723.45 from the New York State Department of Taxation and Finance.

29. Because of this, Defendants avoided a tax penalty of $5,723.45 at P Patel's expense.

30. It is against equity and good conscience to permit Defendants to retain Plaintiffs' $50,000 investment, keep all profits from Pan King even though P Patel is a 25% shareholder, and avoid the tax penalty of $5,723.45.

31. Defendants were enriched at Plaintiffs' expense, and Plaintiffs have suffered damages in an amount equal to no less than $500,000

32. **WHEREFORE,** Plaintiffs demands judgment in amount equal to [enter amount], plus interest, costs, and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Individual – by P Patel for Common Law Breach of Fiduciary Duty)**

33. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth herein.

34. Pursuant to the contract, P Patel has a 25% ownership in Pan King and Defendants each have a 37.5% ownership in Pan King, making P Patel a minority shareholder.

35. Majority shareholders owe minority shareholders a fiduciary duty and may not engage in oppressive actions toward minority shareholders.

36. P Patel invested $50,000 in Pan King with the expectation that he would become a 25% owner in Pan King and would thus, share in its profits.

37. P Patel has yet to receive any such profits from Pan King.

38. Further, on information and belief, Defendants used P Patel to avoid a tax penalty of $5,723.45.

39. On information and belief, Defendants filed a K-1 form on behalf of P Patel showing that P Patel received at least $50,000 in profits from Pan King to avoid a tax penalty, even though P Patel has received no such profits.

40. Because P Patel is a minority shareholder and both Defendants are majority shareholders of Pan King, Defendants owe P Patel a fiduciary duty of good faith and loyalty.

41. Defendants breached their duty of good faith and loyalty by refusing to share in the profits from Pan King and using P Patel to avoid a tax penalty.

42. Because of Defendants' breach, P Patel has suffered damages in an amount equal to no less than $1,000,000.

43. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Derivative – by P Patel for Breach of Fiduciary Duty)

44. Plaintiffs repeat and reallege paragraphs 1 through 42 as if fully set forth herein.

45. Under New York BCL § 717, a director shall perform his duties as a director, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.

46. P Patel is a 25% shareholder and Defendants are each 37.5% shareholders in Pan King. This makes all parties directors of the corporation.

47. P Patel invested $50,000 in Pan King with the expectation that he would receive profits from this investment.

48. To date, P Patel has not received any profits related to Pan King from Defendants.

49. Defendants are retaining all profits from P Patel, even though P Patel is entitled to those funds pursuant to the contract that currently exists between the parties.

50. Defendants have failed to act in good faith by refusing to share in the profits from Pan King in violation of BCL § 717.

51. By reason of the foregoing, Defendants have breached the fiduciary duty they owe to Pan King.

52. Defendants have profited individually at the expense of Pan King.

53. Because of Defendants' breach, Pan King has sustained and continues to sustain damages in an amount equal to no less than $1,000,000.

54. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Individual – by Plaintiffs for Conversion)**

55. Plaintiffs repeat and reallege paragraphs 1 through 53 as if fully set forth herein.

56. Plaintiffs invested $50,000 in Pan King, with an expectation that P Patel would become a 25% owner in the company and share in its profits.

57. Plaintiffs have requested access to all company books and records to determine what their profits are, and Defendants have failed to comply with any such request.

58. Plaintiffs have a legal ownership and immediate right of possession to the company's profits as well as its books and records since P Patel is a 25% shareholder in the company and L Patel is a partner to the company.

59. Defendants have exercised an unauthorized dominion over the profits from Pan King to the exclusion of Plaintiffs' rights to those profits.

60. On information and belief, Defendants have misappropriated P Patel's distributions to enrich themselves.

61. Because of Defendants' refusal to provide P Patel with any profits from Pan King, Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

62. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### 63. AS AND FOR A SIXTH CAUSE OF ACTION

### (Individual – by Plaintiffs for Fraud)

64. Plaintiffs repeat and reallege paragraphs 1 through 61 as if fully set forth herein.

65. P Patel and Defendants entered into a partnership contract where P Patel would become a 25% shareholder in the corporation and Defendants would each be 37.5% shareholders in the corporation.

66. Defendants convinced P Patel to invest $50,000 in Pan King by informing P Patel that if he were to make this initial investment, P Patel would become a 25% shareholder and share in all company profits.

67. P Patel received $50,000 from L Patel to invest in Pan King and invested such funds pursuant to the contract.

68. On information and belief, Defendants intent for making this statement was to induce P Patel to invest in Pan King, with no intention of ever making P Patel a 25% shareholder or sharing in the company's profits.

69. Plaintiffs justifiably relied on Defendants' promises and invested the $50,000 with the expectation that P Patel would share in the profits and become a 25% shareholder in the company.

70. Thus far, Defendants have failed to distribute any profits to Plaintiffs.

71. Defendants have also failed to give Plaintiffs access to any relevant books and records that would help substantiate Plaintiffs claims that they are entitled to those profits.

72. Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

73. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Individual – by P Patel for Gross Negligent Misrepresentation)

74. Plaintiffs repeat and reallege paragraphs 1 through 74 as if fully set forth herein.

75. P Patel and Defendants entered into a partnership agreement where P Patel would become a 25% shareholder in Pan King and Defendants would each be 37.5% shareholders in the company.

76. A relationship of trust and confidence exists between the parties because of this contract.

77. To the extent the material misrepresentations and omissions made by Defendants are not found to be fraudulent, they are at the very least the product of gross negligence on the part of Defendants.

78. As stated earlier, P Patel was led to invest $50,000 in Pan King with the expectation that he would become a 25% shareholder in the company and share in its profits.

79. P Patel fulfilled his obligations by making the $50,000 investment.

80. P Patel has not been distributed any profits from the company even though he is now a 25% shareholder in the company and is entitled to its profits.

81. The information given to P Patel that he would become a 25% shareholder and receive profits if he made the investment was incorrect and P Patel reasonably relied on this information when he made the investment.

82. Further, Defendants have refused to give P Patel access to any relevant books and records to see what profits, if any, P Patel would be entitled to for his investment.

83. Because of this, on information and belief, Defendants were aware that the information given to P Patel was incorrect and their sole intention for relaying this information to P Patel was to make him invest.

84. P Patel's reliance on Defendants was at all times reasonable and necessary since Defendants hold the controlling shares of the corporation with each having a 37.5% stake in the company.

85. Defendants have committed multiple acts of grossly negligent misrepresentations and omissions in dealing with P Patel, who has been significantly harmed as a result.

86. P Patel has suffered damages in an amount equal to no less than $1,000,000.

87. **WHEREFORE,** P Patel demands judgment in an amount equal no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Individual – by P Patel for an Accounting)

88. Plaintiffs repeat and reallege paragraphs 1 through 87 as if fully set forth herein.

89. Defendants' breach of fiduciary duty and contractual obligations owed to P Patel set forth above have damaged P Patel significantly.

90. P Patel is entitled to a full forensic accounting of Pan King's finances, including full disclosure of company books and records, a money judgment in favor of P Patel and against Defendant for any profits that have not been properly distributed to P Patel and for any funds that have been improperly misused, diverted, or taken in an amount equal to [enter amount].

91. **WHEREFORE,** P Patel demands that an accounting take place and a judgment be made in favor of P Patel in an amount equal to no less than $1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Individual – by P Patel for Violation of N.Y. BCL § 720)

92. Plaintiffs repeat and reallege paragraphs 1 through 92 as if fully set forth herein.

93. At all relevant times, P Patel is a 25% shareholder in the company.

94. Defendants constitute the majority shares of the company with each holding a 37.5% stake in the company.

95. Both P Patel and Defendants are directors to the corporation.

96. Defendants neglected, failed to perform, and violated their duties in the management of Pan King by failing to distribute P Patel with his share of the profits even though he is a 25% shareholder in the company.

97. Further, Defendants have refused to give P Patel access to any relevant corporate books and records despite P Patel's numerous requests and attempts to gain access.

98. Accordingly, Defendants have mismanaged Pan King by refusing to give P Patel the profits he is entitled to and by refusing to give P Patel access to company books and records.

99. **WHEREFORE,** P Patel demands judgment in an amount equal to $1,000,000, plus interest, costs, and attorney's fees.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Individual – by L Patel for Violation of PTR § 42)

100. Plaintiffs repeat and reallege paragraphs 1 through 97 as if fully set forth herein.

101. Pursuant to PTR § 42, partners have a duty to render on demand true and full information of all things affecting the partnership to any partner.

102. Plaintiffs invested $50,000 into Pan King with the expectation that they would share in its profits.

103. Plaintiffs received no profits thus far.

104. Plaintiffs requested that Defendants provide Plaintiffs with all relevant company books and records to determine what their profits are, and Defendants refused.

105. Defendants are in clear violation of PTR § 42 because they have an obligation to L Patel to render all true and full information affecting the partnership.

106. **WHEREFORE,** L Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of costs, compensatory and punitive damages, and attorneys fees.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Individual – by L Patel for Breach of Fiduciary Duty)

107. Plaintiffs repeat and reallege paragraphs 1 through 104 as if fully set forth herein.

108. Upon information and belief, Defendants have systematically stolen and/or misappropriated funds of the partnership and funds of L Patel.  The continued theft and misappropriation of corporate funds of the partnership and funds of Plaintiff constitutes a breach of the partnership and the covenant of good faith and fair dealing.

109. Defendants have refused to provide Plaintiffs with any profits from Pan King.

110. Defendants have also failed to provide Plaintiffs with access to any relevant books and records to substantiate Plaintiffs claims that they have not received any profits.

111. Defendants have failed to pay distributions to Plaintiffs from any profits of Pan King and have caused L Patel damages in an amount equal to [enter amount].

**112.** **WHEREFORE,** L Patel demands judgment in an amount in an amount equal to no less than $1,000,000 inclusive of costs, compensatory and punitive damages, and attorneys fees.**AS AND FOR A TWELFTH CAUSE OF ACTION**

**(Individual – by L Patel for an Accounting)**

113. Plaintiffs repeat and reallege paragraphs 1 through 110 as if fully set forth herein.

114. L Patel is a partner of the partnership and brings this action individually, representatively and derivatively on L Patel's behalf.

115. By virtue of the foregoing, L Patel is entitled to a judgment compelling Defendants and their agents to provide Plaintiff with timely, unfettered, and complete access to all financial records of the partnership from [enter year] to the present time, and that Defendants provide L Patel a full and complete, itemized corporate financial accounting for all moneys received and retained by the partnership, and for all monies removed from the partnership.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendants as follows:

a. In the amount of $50,000 in favor of P Patel, plus interest, costs and attorney's fees on the First Cause of Action;

b. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Second Cause of Action;

c. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Third Cause of Action;

d. In the amount of $1,000,000 in favor of Pan King plus interest, costs and attorney's fees on the Fourth Cause of Action;

e. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Fifth Cause of Action;

f. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Sixth Cause of Action;

g. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Seventh Cause of Action;

h. For an accounting to take place in favor of P Patel, plus interest, costs and attorney's fees on the Eighth Cause of Action;

i. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Ninth Cause of Action;

j. In the amount of $1,000,000 in favor of L Patel, plus interest, costs and attorney's fees on the Tenth Cause of Action;

k. In the amount of $1,000,000 in favor of L Patel, plus interest, costs and attorney's fees on the Eleventh Cause of Action; and

l. For an accounting to take place in favor of L Patel, plus interest, costs and attorney's fees on the Twelfth Cause of Action.

/s/ Kadochnikov

Dated: Kew Gardens, NY
      February 11, 2021

      Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorney for the P Patel*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com