UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

         Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

         Defendants.
-------------------------------------------------------------------------X

**ANSWER**
DOCKET #
2:21-cv-00759-JS-SIL

**Noddy Singh and Arjun Singh**, (hereinafter "defendants")by and through their attorneys, **WALIA & WALIA, PLLC**, as and for an Answer to Plaintiffs' complaint, respectfully Answer the allegations, as follows:

  1. With respect to paragraph 1, ADMITS Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation under the laws of the State of New York, with a principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801.

  2. With respect to paragraph 2, ADMITS Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company and denies any remaining allegations in said paragraph.

  3. Defendants deny knowledge with respect to each and every allegation contained in paragraph 3.

  4. With respect to paragraph 4, ADMITS defendants are shareholders of Pan

King, Inc. with each having a 37.5% ownership in the company.

5. Denies allegations in paragraph 5 because the amount in controversy is below $75,000.00.

6. With respect to paragraph 6, ADMITS defendants are residents of this district but denies that venue is proper.

7. With respect to paragraph 6, Denies the allegations in paragraph 7, a valid partnership agreement was never entered into by and between any of the parties in this case.

8. Denies allegations in paragraph 8, except admits that defendant PRATIK PATEL did invest $50,000.00 in Pan King, Inc. to become a 25% shareholder of said corporation.

9. Denies the allegations in paragraph 9, except admits that defendant PRATIK PATEL is a 25% shareholder of Pan King, Inc.

10. Paragraph 10 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court; but to the extent a response is required, defendants deny that PRATIK PATEL or LALIT PATEL were partners of Pan King, Inc.

11. Deny the allegations in paragraph 11.

12. Deny the allegations in paragraph 12 except Admits PRATIK PATEL received notice of tax liability dated 10/27/20.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14, except admit a demand pursuant to NY Business Corporation Law § 624 was sent to Pan King, Inc.

15. Deny the allegations in paragraph 15.

16. Paragraph 16 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been

filed because demand futility has not been adequately plead and a disinterested majority considers this action meritless.

17. With respect to paragraph 17, Denies the allegations in paragraph 17, except admits that defendant PRATIK PATEL is a 25% shareholder of Pan King, Inc.

18. With respect to paragraph 18, Paragraph 18 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead and a disinterested majority considers this action meritless.

19. Deny the allegations in paragraph 19.
20. Deny the allegations in paragraph 20.
21. Deny the allegations in paragraph 21.
22. Deny the allegations in paragraph 22.
23. Deny the allegations in paragraph 23.
24. Deny the allegations in paragraph 24.
25. Deny the allegations in paragraph 25.
26. Deny the allegations in paragraph 26.
27. Deny the allegations in paragraph 27.
28. Deny the allegations in paragraph 28.
29. Deny the allegations in paragraph 29.
30. Deny the allegations in paragraph 30.
31. Deny the allegations in paragraph 31.
32. Deny the allegations in paragraph 32.
33. Deny the allegations in paragraph 33.
34. Deny the allegations in paragraph 34 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company defendants are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

35. With respect to paragraph 35, Paragraph 35 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny

allegations of oppression or breach of fiduciary duty.

36. Deny the allegations in paragraph 36, defendants don't know what expectations Pratik Patel had or still has.

37. Deny the allegations in paragraph 37.
38. Deny the allegations in paragraph 38.
39. Deny the allegations in paragraph 39.

40. With respect to paragraph 35, Paragraph 35 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

41. Deny the allegations in paragraph 41.
42. Deny the allegations in paragraph 42.
43. Deny the allegations in paragraph 43.
44. Deny the allegations in paragraph 44.

45. With respect to paragraph 45, Paragraph 45 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

46. With respect to paragraph 46, Paragraph 46 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph except admit Pratik Patel is a shareholder and director of Pan King, Inc. with a 25% ownership in the company; defendants are shareholders and directors of Pan King, Inc. with each having a 37.5% ownership in the company .

47. Deny the allegations in paragraph 47.
48. Deny the allegations in paragraph 48.
49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Paragraph omitted. All other allegations are denied in said paragraph heading.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66, except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

67. Deny the allegations in paragraph 67.

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69 except admit Pratik Patel is a

shareholder of Pan King, Inc. with a 25% ownership in the company.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74.

75. Deny the allegations in paragraph 75.

76. With respect to paragraph 76, Paragraph 76 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

79. Deny the allegations in paragraph 79.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90, except admit Pratik Patel is entitled to inspect the corporate books and accounts.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

94. Admit Defendants are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

95. Admit Both Pratik Patel and Defendants are directors to the corporation.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. With respect to paragraph 101, Paragraph 101 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

102. Deny the allegations in paragraph 102, except admit Pratik Patel did invest $50,000.00 to acquire a 25% share ownership in Pan King, Inc.

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.

105. With respect to paragraph 105, Paragraph 105 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in 109.

110. Deny the allegations contained in 110.

111. Deny the allegations contained in 111.

112. Deny the allegations contained in 112.

113. Deny the allegations contained in 113.

114. Deny the allegations contained in 114.

115. Deny the allegations contained in 115.

116. Any allegations not specifically responded to are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "116" with the same force and effect as if more fully set forth at length herein.

118. The Plaintiffs First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action in the Complaint do not contain sufficient information to properly answer and defend said actions and are devoid of the requisite information required by law to set forth an action upon which relief can be granted against defendants.

119. The aforesaid Plaintiffs First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action are therefore jurisdictionally defective and fail to state a Cause of action upon which relief can be granted. Based upon the foregoing the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action, must be dismissed, as to

defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

120. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "119" with the same force and effect as if more fully set forth at length herein.

121. Plaintiffs have failed to obtain personal jurisdiction over defendants as per CPLR.

122. Service of process was defective.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "122" with the same force and effect as if more fully set forth at length herein.

124. This court lacks subject matter jurisdiction. Plaintiffs' claims of diversity to file in the District Court are manufactured, contrived and made under false pretenses. Defendants claim of damages in excess of seventy five thousand ($75,000.00) dollars is falsely manufactured.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

125. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "124" with the same force and effect as if more fully set forth at length herein.

126. Failure to plead required elements of demand futility.

127. Disinterested majority considers this claim meritless.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

128. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "127" with the same force and effect as if more fully set forth at length herein.

129. Improper Venue.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

130. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "129" with the same force and effect as if more fully set forth at length herein.

131. The defendants cannot be sued in their personal capacity being that they are shareholders of PAN KING Inc. which is a domestic business corporation established under New York Business Corporation Law § 628 (a) which provides: A holder of or subscriber for shares of a corporation shall be under no obligation to the corporation for payment for such shares other than the obligation to pay the unpaid portion of his subscription which in no event shall be less than the amount of the consideration for which such shares could be issued lawfully.

132. Corporate Immunity as to defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

133. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "132" with the same force and effect as if more fully set forth at length herein.

134. Plaintiffs lack of standing to bring this suit.

135. There have been no dealings by and between defendants and LALIT PATEL. Furthermore, plaintiffs cannot sue the corporation and or defendants who are members and shareholders of the same corporation.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

136. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "135" with the same force and effect as if more fully set forth at length herein.

137. Plaintiff PRATIK PATEL had access to the company funds and profits.

138. Plaintiff PRATIK PATEL took company funds for his own benefit for which there is no accounting.

139. Plaintiff PRATIK PATEL cannot file a derivative claim on behalf of the corporation against defendants having unclean hands after looting corporate assets.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## AND FIRST COUNTER-CLAIM

140. Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "139" with the same force and effect as if more fully set forth at length herein.

141. The plaintiff in it's complaint has made numerous frivolous allegations, specifically alleging that defendants engaged in deceit, fraud, and misrepresentation which resulted in damages in several causes of action of amounting $1,000,000.00.

142. The corporate filing was done by PRATIK PATEL, his name is on the corporate filing receipt and he is the incorporator of the business, See **Exhibit "A,"** corporate receipt and Articles of Incorporation for Pan King Inc. Upon information and belief PRATIK PATEL had complete and unfettered access to the corporate accounts and books being that he was in charge of day to day operation until his sudden departure in February of 2019.

143. By reason of the foregoing, the defendants demand that said action be dismissed and/or stricken and that sanctions be imposed on the plaintiffs. Defendants demand sanctions of ($25,000.00) dollars against the plaintiffs for each frivolous cause of action which has been filed under 26 U.S.C. § 6673(a)(1).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## AND SECOND COUNTER- CLAIM

144. Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "143" with the same force and effect as if more fully set forth at length herein.

145. Based on plaintiff's frivolous allegations, and claims made in bad faith, defendants have had to incur attorneys fees to defend plaintiffs' alleged claim for damages.

146. Defendants demand judgment against plaintiffs for reimbursement of all Attorneys' fees which were incurred as a result of plaintiffs' action should it be deemed frivolous under 15 U.S.C. § 1692k(a)(3) Blumenfield v. Advanced Call Ctr. Techs., LLC, No. 15-CV-4578, 2015 WL 6442621, at *3 (E.D.N.Y Oct. 23, 2015). Sanctions should also be awarded under Rule 11 (b) (3) which "requires an attorney to continuously make sure that his allegations have evidentiary support. After investigation and discovery, continued prosecution of a case where it would appear to a reasonable attorney that the factual allegations cannot be supported can subject an attorney to sanctions." Sanctions under Rule 11 (b) (3) should be awarded at the appropriate time.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
## AND THIRD COUNTER- CLAIM

147. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "146" with the same force and effect as if more fully set forth at length herein.

148. Pan King Inc. has suffered losses since PRATIK PATEL's departure for which PRATIK PATEL has not taken responsibility being that he is a 25% shareholder in the company.

149. Defendants demand judgment against plaintiffs for reimbursement equitable share of losses incurred by defendants as shareholders of Pan King Inc. from PRATIK PATEL to be determined after full accounting of corporate expenses is performed.

Yours, etc.

WALIA & WALIA, PLLC
Attorneys for Defendants
Noddy Singh and Arjun Singh
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Ph.No.:718-353-4478

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRATIK PATEL, individually and as a shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice; LALIT PATEL, individually and as a partner of PAN KING, Inc. d/b/a NY Chicken & Rice

                              Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                              Defendants.
-------------------------------------------------------------------X

**ANSWER**
Index No.:
2:21-cv-00759-JS-SIL

---

**WALIA & WALIA, PLLC**
Attorneys for the Plaintiffs
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, NY 11354
Ph.No.: 718-353-4478

---

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com