# WALIA & WALIA, PLLC
**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

April 13, 2021

<u>Via ECF</u>
Honorable Joanna Seybert
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

              Re: Patel et al v. Singh et al.
                Case No: 2:21-cv-00759-JS-SIL
              <u>Letter Requesting Pre-Motion Conference</u>

Dear Judge Seybert,

      This firm represents Noddy Singh and Arjun Singh ("Defendants") in reference to the above captioned lawsuit. Pursuant to Your Honor's rules, please accept this letter as Defendants' request for a pre-motion conference. Defendants respectfully submit that Pratik Patel and Lalit Patel ("Plaintiffs) claims must be dismissed. Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.00 and diversity of citizenship is not adequately plead. Plaintiffs' complaint should be dismissed, on further grounds, for lack of personal jurisdiction over Arjun Singh due to insufficiency of service of process.

      This cause of action must be dismissed as the plaintiffs' cannot meet their burden of proving that the amount in controversy exceeds $75,000.00. Federal diversity subject matter jurisdiction exists where: 1) the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and 2) is between citizens of different states. 28 U.S.C. § 1332(a). It is now settled that when there is an issue as to the sufficiency of the jurisdictional amount, the burden of proving jurisdiction is on the party asserting it. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) ("If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). Furthermore, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 270 (1934). The parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. . . ." 14AA Wright & Miller § 3702, p. 320. Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted).

      Taken at face value, at best, giving every conceivable doubt to the plaintiffs, their claims amount to $55,723.45, as plead in their complaint, the rest is based upon spurious claims of unshared unproven profits which do not exist. The party invoking federal jurisdiction must show by a "reasonable probability" that the amount-in-controversy requirement is satisfied. Tongkook, 14 F.3d at 784 (quoting Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir. 1975)). The plaintiffs have not done so here. Therefore, Plaintiffs' claims must be dismissed.

# WALIA & WALIA, PLLC

**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

Plaintiffs' claims must also be dismissed because the defendant Arjun Singh was improperly served. "[I]nsufficiency of service of process" is an appropriate ground for dismissal. Fed R. Civ. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005). The named Defendant in this action is ARJUN SINGH, the Complaint was served at 5 Mineola Avenue, Hicksville, New York 11801.¶ 2. Fed. R. Civ. P. provides for acceptable methods of service of a summons and complaint in federal court. Rule 5(B) ii, allows service at the person's actual dwelling not former dwelling. In this case, service was inadequate. Defendant will attest by way of affidavit that he did not reside at 5 Mineola Avenue, Hickville, New York 11801 at the time of service. As such plaintiffs' claims against Arjun Singh must be dismissed for lack of personal jurisdiction due improper service of process.

## CONCLUSION

For all the above reasons, the Plaintiffs' unsubstantiated claims of monetary damages which do not meet the federal diversity of citizenship standard must be dismissed. Furthermore, all claims against Arjun Singh should be dismissed because service of process was ineffective and deprived Mr. Singh of due process.

We are ready to further discuss the above arguments at the pre-motion conference or any other time convenient for the Court.

We thank the Court for its time and consideration on this matter.

Sincerely,

Bobby Walia