# Table of Authorities

Case Law

28 U.S.C. § 1332(a)
................................................................................................. 3

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178, 189 (1936)
................................................................................................. 4

Healy v. Ratta,
292 U.S. 263, 270 (1934)
................................................................................................. 4

Tongkook Am., Inc. v. Shipton Sportswear Co.,
 14 F.3d 781, 784 (2d Cir. 1994)
................................................................................................. 4

Parmelee v. Ackerman
252 F.2d 721 (6th Cir.1958)
.................................................................................................4

Trail v. Green,
206 F.Supp. 896 (D.N.J.1962)
.................................................................................................4

Ronzio v. Denver & R. G. W. R. Co.,
116 F.2d 604, 605 (10th Cir. 1941)
..............................................................................................4, 7

Arnold v. Troccoli,
344 F.2d 842 (2d Cir. 1965)
................................................................................................4

Weston, Inc. v. Nova Consulting Group, Inc.,
75 F. Supp. 2d 914, 916 (N.D. Ill. 1999)
................................................................................................................5,7

St. Paul Mercury Indem. Co. v. Red Cab Co.,
303 U.S. 283 (1938),
................................................................................................................5

Deutsch v. Hewes Street Realty Corp.,
359 F.2d 96, 98 (2d Cir. 1966),
................................................................................................................5,6

Snyder v. Harris,
394 U.S. 332, 339-40 (1969),
................................................................................................................5

Chase Manhattan Bank, N.A v.
Am. Nat. Bank & Trust Co. of Chicago,
93 F.3d 1064 (2d Cir. 1996),
................................................................................................................5

Tongkook Am., Inc. Shipton Sportswear Co.,
14 F.3d 781 (2d Cir. 1994),
................................................................................................................5,8

Brown v. Bodak,
188 F.Supp. 532, 534 (S.D.N.Y.1960)
................................................................................................................6

Armstead v. Merrick Bank,
08-CV-4291 CBA (LB), 2008 WL 4934041, at *2 (E.D.N.Y. Nov. 14, 2008)
................................................................................................................7

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)
................................................................................................................7

Ashcroft v. Iqbal,
556 U.S. 662(2009)

……...…………………………………………………………………..…………7

Parmelee v. Ackerman,
252 F.2d 721 (6th Cir. 1958)
………………………………………………………………………..……...…..7

Trail v. Green
206 F.Supp. 896 (D.N.J.1962)
……………………………………………………………….……………………7

Wise v. Wachovia Secs., LLC,
450 F.3d 265, 267 (7th Cir. 2006)
…………………………………………………………………………………9

Fed R. Civ. P. 12(b)(5),
………………………………………………………………..….………………9,10

Burda Media, Inc. v. Viertel
417 F.3d 292, 298-99 (2d Cir. 2005)
………………………………………………………………………………..…9

Mende v. Milestone Tech., Inc.
269 F. Supp. 2d 246, 251 (S.D.N.Y.2003)
……………………………………………….….…………………….10

Zapata v. City of New York
502 F.3d at 197 (2d Cir.2007)
……………………………..…………..…..……………………………...…....10


Rule 26(a) (1)
…………………………………………………………………………….11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

PRATIK PATEL, individually and as a shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice; LALIT PATEL, individually and as a partner of PAN KING, Inc. d/b/a NY Chicken & Rice

        Plaintiffs

-against-

NODDY SINGH, ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

        Defendants.
---------------------------------------------------------------------X

COMBINED OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTER-CLAIMS, AND PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM OF LAW
DOCKET #
2:21-cv-00759-JS-SIL

**COMES NOW** Defendant, **NODDY SINGH** And **ARJUN SINGH**, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and Local Rule 7.1, and respectfully moves to dismiss the Complaint for lack of subject matter jurisdiction, and insufficient service of process, and in support thereof, states as follows:

### Background

1. This action arises from an agreement by and between the shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice (hereinafter referred to as "PAN KING").

2. As per agreement the shareholders of PAN KING, are NODDY SINGH, ARJUN SINGH, and PRATIK PATEL.

3. As per agreement PRATIK PATEL is a shareholder of PAN KING, with a 25% shareholder in the company and NODDY SINGH, ARJUN SINGH each have 37.5% share in the company.

4. PRATIK PATEL and LALIT PATEL have brought a shareholder derivative action on behalf of the corporation to collect among other things $50,000.00 that was given as part of the agreement which made PRATIK PATEL a 25% shareholder in the company.

1

5. PRATIK PATEL was never elected to the Board of Directors of the company.

6. PRATIK PATEL was managing day to day operations of the company until his voluntary departure in February of 2019.

7. PRATIK PATEL AND LALIT PATEL have filed several causes of action against defendants alleging at least $1,000,000.00 in damages.

8. PRATIK PATEL AND LALIT PATEL have filed several causes of action against defendants alleging at least $1,000,000.00 in damages without any validation of profit or loss sustained by the company.

9. PRATIK PATEL has failed to disclose what if any money he took while running the day to day operations of the company until his voluntary departure in February of 2019.

10. PRATIK PATEL received notice of tax liability on behalf of PAN KING, Inc. dated 10/27/20 in the amount of $5,723.45 from New York State Department of Taxation and Finance.

11. PRATIK PATEL received notice of tax liability on behalf of PAN KING because he was the person on record for having filed the Certificate of Incorporation with the New York State Department of State.

12. Plaintiffs do not have a good faith basis to allege $75,000.00 in damages let alone $1,000,000.00 in damages for several causes of action.

13. Plaintiffs' complaint does not include a single invoice, proforma, spreadsheet, bill, or quotation to substantiate the $1,000,000.00 in damages claimed on several causes of action.

14. Plaintiff, PRATIK PATEL, failed to disclose his own tax returns from 2017 up until February 2019 to show what if any income he had.

15. There is absolutely no factual support pleaded to support plaintiffs' claim of damages.

16. Plaintiffs have not even shown that they paid any part of the $5,723.45 from New

York State Department of Taxation and Finance.

17. Plaintiffs without any proof make false claims that a K-1 form was filed on behalf of PRATIK PATEL to the New York Department of Finance showing that PRATIK PATEL was distributed profits of at least $50,000 in paragraph "13" of the complaint.

18. Not a word is said about plaintiff PRATIK PATEL's failure to perform under the agreement.

19. The allegations in the Complaint, coupled with the lack of any jurisdictional facts to support the assertion of damages, confirm that the amount in controversy requirement of 28 U.S.C. § 1332(a) is not met.

20. The complaint fails to set forth the citizenship of Noddy and Arjun Singh, as such, a clear statement of diversity is lacking as per Fed. R. Civ. P. 8(a)(1).

21. The service of process on Arjun Singh was defective in that he no longer resides at 5 Mineola Avenue, Hicksville, New York 11801. An affidavit from Arjun Singh is attached attesting to the fact that the service of process was defective.  Annexed hereto as **Exhibit 1** is the affidavit from Arjun Singh.

**Memorandum of Law**

**I. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000 AND DIVERISITY OF CITIZENSHIP IS NOT ADEQUATELY PLEAD**

Federal diversity subject matter jurisdiction exists where: 1) the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and 2) is between citizens of different states. 28 U.S.C. § 1332(a). It is now settled that when there is an issue as to the sufficiency of the jurisdictional amount, the burden of proving jurisdiction is on the party

asserting it. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) ("If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."). Furthermore, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 270 (1934). The parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. . . ." 14AA Wright & Miller § 3702, p. 320. Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount)" as alleged by Plaintiff. For example, dismissal is proper when, under applicable law, the damages claimed are not recoverable, Parmelee v. Ackerman, 252 F.2d 721 (6th Cir. 1958), or when the damages claimed cannot as a matter of law exceed the jurisdictional minimum amount in controversy, $75,000. See, e.g., Trail v. Green, 206 F.Supp. 896 (D.N.J.1962). The test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. Ronzio v. Denver & R. G. W. R. Co., 116 F.2d 604, 605 (10th Cir. 1941); Trail, 206 F.Supp. at 900.

Flagrant cases may arise in which, even though the complaint demands damages in excess of the jurisdictional minimum, dismissal is proper because the district court can justifiably conclude that the amount demanded was inflated solely in order to gain access to the federal courts. See, e.g., Arnold v. Troccoli, 344 F.2d 842 (2d Cir. 1965) (affirming dismissal where there was no showing of change of circumstances or developing injuries to explain the inflation of the claim which alone gave color of federal jurisdiction).

There is clear evidence that the jurisdictional allegations of Patels' complaint were

made in bad faith in an attempt to feign jurisdiction. When the facts show a determinable potential award is less than the requisite amount in controversy, dismissal is mandatory. See Weston, Inc. v. Nova Consulting Group, Inc., 75 F. Supp. 2d 914, 916 (N.D. Ill. 1999) (holding Case 2:13-cv-01097-DRH-ST Document 29 Filed 08/16/13 Page 5 of 15 PageID #: 2076 that dismissal was appropriate because liability for breach of the contract was clearly limited on the face of the contract to less than the requisite jurisdictional amount).

Case 2:13-cv-01097-DRH-ST Document 29 Filed 08/16/13 Page 3 of 15 PageID #: 2054

As the Supreme Court elucidated in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938):

[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

Id. at 288-89 (footnote omitted). With federal case loads increasing, it has become extremely important that the district courts take measures to discover those suits which do not belong in federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount. See Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 98 (2d Cir. 1966). Section 1332(a) must be narrowly construed to keep the diversity caseload of the federal courts under some modicum of control. See Snyder v. Harris, 394 U.S. 332, 339-40 (1969).

The amount in controversy must not be speculative. See Chase Manhattan Bank, N.A v. Am. Nat. Bank & Trust Co. of Chicago, 93 F.3d 1064 (2d Cir. 1996) (holding that the party invoking diversity jurisdiction bears the burden of proof that the claim meets jurisdictional amount); Tongkook Am., Inc. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994) (reiterating

5

that subject matter jurisdiction did not exist when a plaintiff could not recover the amount required for diversity jurisdiction); Brown v. Bodak, 188 F.Supp. 532, 534 (S.D.N.Y.1960) ("If plaintiffs could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of [the increased jurisdictional amount] would be largely negated.").

District courts are not restricted from looking beyond the four corners of the complaint in deciding whether a controversy involves recoverable sums in excess of the minimum jurisdictional requirement. See Deutsch, 359 F.2d at 100. See e.g., Armstead v. Merrick Bank, 08-CV-4291 CBA (LB), 2008 WL 4934041, at *2 (E.D.N.Y. Nov. 14, 2008) (holding that the plaintiff had not provided any basis on which it could satisfy the amount in controversy requirement where "[i]n essence, plaintiff seeks the Court's intervention in negotiating a payment plan between the parties.").

By couching its claims in terms of profit, Plaintiffs seeks this Court's equitable intervention to exercise its limited jurisdiction, based solely on Plaintiffs' unfounded assertion defendants failed to share in the profits without showing an iota of proof to validate their claim of profit. See Complaint. This the Court cannot, and should not, do so.

The Patels' complaint could never produce an amount in excess of $75,000 as far as the defendants are concerned being that it is devoid of merit and based upon exaggerations and completely contrived damages, the fact of the matter is that the plaintiff PRATIK PATEL left voluntarily because the business was not profitable.

The complaint claims damages in the amount of $50,000.00 but plaintiffs are categorizing an investment as damages without any support or foundation.  It stands to reason that the $50,000.00 was an investment because PRATIK PATEL was to share in 25% of the profits, as per the terms of the agreement. Any amount claimed in equity is not substantiated by minimum pleading standards under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Therefore, the Court should disregard the unsubstantiated allegations with respect to contrived damages, and dismiss the Complaint because the Court cannot exercise jurisdiction over the subject matter when, notwithstanding diversity of citizenship, the amount in controversy is less than $75,000.00. For example, dismissal is proper when, under applicable law, the damages claimed are not recoverable, Parmelee v. Ackerman, 252 F.2d 721 (6th Cir. 1958), or when the damages claimed cannot as a matter of law exceed the jurisdictional minimum amount in controversy, $75,000. See, e.g., Trail v. Green, 206 F.Supp. 896 (D.N.J.1962). The test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. Ronzio v. Denver & R. G. W. R. Co., 116 F.2d 604, 605 (10th Cir. 1941); Trail, 206 F.Supp. at 900.

There is clear evidence that the jurisdictional allegations of PRATIK PATEL's complaint were made in bad faith in an attempt to feign jurisdiction. When the facts show a determinable potential award is less than the requisite amount in controversy, dismissal is mandatory. See Weston, Inc. v. Nova Consulting Group, Inc., 75 F. Supp. 2d 914, 916 (N.D. Ill. 1999) (holding Case 2:13-cv-01097-DRH-ST Document 29 Filed 08/16/13 Page 5 of 15 PageID #: 2076 that dismissal was appropriate because liability for breach of the contract was clearly limited on the face of the contract to less than the requisite jurisdictional amount). In the instant case, although PRATIK PATEL alleges diversity subject matter jurisdiction, Plaintiff's claims clearly do not satisfy the amount in controversy requirement for purposes of diversity jurisdiction. Liability for breach of the contract, by PRATIK PATEL's own admissions is clearly limited to less than the requisite jurisdictional amount. Looking at the complaint in the light most favorable to the plaintiff a total of $55,723.45 in damages has been alleged plus "profit" which is speculative and based upon information and belief should be better termed as "loss." Consequently, Plaintiff's alleged claims are

not within this Court's subject matter jurisdiction, and the Complaint should be dismissed. PRATIK PATEL, the party invoking the Court's jurisdiction, has the burden of proof on this issue. See Chase, 93 F.3d at 1070. PATELS' figures are apparently grasped out of thin air. The party invoking federal jurisdiction must show by a "reasonable Probability" that the amount-in-controversy requirement is satisfied. Tongkook, 14 F.3d at 784 (quoting Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir. 1975)). The plaintiffs have not done so here. Plaintiffs have the audacity to claim that PARTIK PATEL met his obligations by tendering $50,000.00 but then annex an agreement which PARTIK PATEL clearly violated because he stopped working for the company in February of 2019. Plaintiffs claim that they weren't given any profits from the company but know full well that PARTIK PATEL left because there were no profits to be had. They completely make up figures and facts to state that defendants continue to withhold profits without any validation or corroboration of what if any profits they speak of. Plaintiffs claim they were denied access to the corporate books and accounts when PARTIK PATEL was running the day to day operations, signing contracts, had access to company accounts and was the one who was running the day to day operations. This complaint does not belong in federal court it might meet the jurisdictional requirements of a small claims court action.

Since PRATIK PATEL never tendered full performance under the Agreement with Defendants he cannot recover $50,000 alluded to in Plaintiffs' Breach of Contract Complaint because he did not fully perform the conditions of the Agreement and did not complete the work. Contract obligations may be absolute or conditional. When a party is accused of failing to perform under a contract, it may respond that it has not breached the contract because any performance it were to render was conditional, i.e., any duty has not yet arisen because some event has not yet occurred or an obligation has been discharged because some event has occurred.

A plaintiff's subjective belief, alone, cannot be the controlling factor where there is a "showing that, as a legal certainty, [the] plaintiff cannot recover the jurisdictional amount." Id. at 785 (quoting Am. Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp., 329 F.Supp. 1283, 1285 (N.D. Ga. 1971) (citing Jones v. Landry, 387 F.2d 102 (5th Cir. 1967))). Here, subjective "good faith" alone does not control where it is apparent that, "to a legal certainty," Plaintiffs could not recover the requisite jurisdictional amount, and the case should be dismissed for want of subject matter jurisdiction.

The complaint doesn't clearly state the citizenship of the defendants and thus is defective on it's face. Wise v. Wachovia Secs., LLC, 450 F.3d 265, 267 (7th Cir. 2006) (noting that the statement that the parties "are citizens of different states" does not satisfy 7th Cir. R. 28).

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER ARJUN SINGH FOR INSUFFICIENCY OF SERVICE OF PROCESS

"[I]nsufficiency of service of process" is an appropriate ground for dismissal. Fed R. Civ. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005). In this case, service was inadequate.

The named Defendant in this action is ARJUN SINGH, the Complaint was served at 5 Mineola Avenue, Hicksville, New York 11801.¶ 2. Fed. R. Civ. P. provides for acceptable methods of service of a summons and complaint in federal court. Rule 5(B) ii, allows service at the person's actual dwelling not former dwelling.

Rule 5(B) also allows service at the person's office but plaintiffs instead decided to serve Arjun Singh's brother at his old address.  This method of service is defective and is not proscribed by any federal or state rule, it appears plaintiffs simply decided to serve the complaint as they saw fit in clear violation of ARJUN SINGH's due process rights which are

9

protected by the prescribed method of service contained in both Federal and State civil procedure rules.

Plaintiff apparently made no effort to discover the proper address for service of process. In deciding a motion to dismiss pursuant to Rule 12(b)(5), a Court must look to matters "outside the complaint to determine whether it has jurisdiction." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

The 12 (b) 5 defense was properly preserved in both the Original and Amended Complaint in that it the second affirmative defense asserts that service of process was defective. Rule 4(m) requires the district court to extend the time for service if a plaintiff "shows good cause for the failure" to effectuate timely service, and even absent good cause, the court may still grant a discretionary extension of the time to serve. See Zapata v. City of New York, 502 F.3d at 197 but in this particular case plaintiff PRATIK PATEL knows the location of the business where defendants could have been served as per Federal and State Rules of Civil Procedure but instead of following the proscribed methods of service plaintiffs decided to serve in a manner and method of their choosing, such flagrant violation of the rules should not be condoned and the action should be dismissed. ARJUN SINGH is entitled to the full benefit of the rules and regulations proscribing the method of service as codified in Federal and State civil procedures and as can been clearly seen here those rules were not followed and the just result for the failure to follow the proscribed rules, the benefits of which ARJUN SINGH is entitled to, is a dismissal of the complaint because this result is valid, reasoned and warranted.

Plaintiffs should not be given leave to reserve, they have not asked for it, and should have known especially after review of defendants Answer that their service was defective and chose to remain silent, waiting for defendants to move before correcting their mistake as such leave should not be granted because ample time has gone by to request leave but they

failed to do so until this motion was made. Plaintiffs efforts at service were far from extensive instead the efforts were wanting, lacking and demonstrate a certain cavalier disregard for both Federal and State rules of procedure. It is abundantly clear from the affidavit of service that plaintiffs knew their method of service was defective and went ahead with this action anyway because they felt they could get away with it.

### III. PLAINTIFFS' MOTION TO DISMISS COUNTER-CLAIMS SHOULD BE DENIED AS PREMATURE

The counterclaims asserted by the defendants are valid and plaintiffs' motion to dismiss the counterclaims is premature. In Order to ascertan if the harm that defendants seek to redress as per the first counterclaim was suffered individually or on behalf of the corporation, it stands to reason that where the defendants were sued individually the liability for payment of attorneys' fees lies with the individual defendants not the corporation alone. Plaintiffs again make bold declarations which are based on falsehoods and fairytales much like their complaint proclaiming that the individual defendants didn't suffer any harm. Certainly it stands to reason that the harm for payment of the attorneys fees is suffered by the individual defendants and not the corporation, especially if it turns out that the corporation is no-longer financially viable. Without knowing who paid for the attorneys fees or the financial viability of the corporation, the assertion by plaintiffs that the individual defendants have suffered no harm, where the suit is brought against them in their individual capacity, is pure fiction and defies common sense. Rule 26(a)(1) disclosures have not been completed, we don't even have responses to our 1st interrogatories or document demands, as such plaintiffs motion to dismiss is premature and should be dismissed or at the very least held in abeyance until discovery is completed.

Furthermore, this honorable Court is urged to disregard the distinction without substance which is being propounded by the plaintiffs that the harm alleged in the counterclaims is

suffered by the corporation and not the individual defendants where the defendants in this closely held corporation were the ones left holding the "bag" after plaintiff, PRATIK PATEL's calculated departure. Here once discovery is complete, the defendants it is believed upon information and belief, will be able to show the harm suffered is separate and distinct from any harm suffered by the corporation because the corporation is no-longer financially viable. With respect to the second counter-claim this honorable Court is urged to examine if PRATIK PATEL's voluntary, intentional departure was a breach of fiduciary duty by PRATIK PATEL which lead to direct and special injury to the defendants. If the departure lead to a special injury it would allow a direct action to be sustained against the plaintiffs given the facts of this case. In the context of a closely-held corporation, courts have discretion to construe a derivative cause of action as a direct claim if doing so "will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons." Principles of Corporate Governance: Analysis and Recommendations, § 7.01 (d) (Am. Law Inst. (1992)). See also Brown, 323 N.J. Super. at 39 ("adopt[ing] the approach of the ALI's § 7.01(d)." This Court is urged to look into whether the counterclaims, in the light most favorable to the defendants, could have resulted in a "special injury" being sustained by the defendants and such can only be determined once discovery is complete. As such plaintiffs motion to dismiss defendants first and second counter-claim should be denied.

**WHEREFORE**, Defendants NODDY SINGH, ARJUN SINGH respectfully moves the Court for dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction and insufficient service of process; and to deny in it's entirety plaintiffs' motion(s) to dismiss defendants counterclaims and motion to deny leave; and for any further relief the Court deems just and proper under the circumstances.

circumstances.

Dated: May 10, 2021

>Respectfully submitted,
>
>/s/ Bobby Walia
>
>Bobby Walia
>
>Waliabobbyesq@hotmail.com
>
>136-40 39th Ave #304
>
>Flushing, New York 11354
>
>Ph.No.:718-353-4478

13

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion was prepared on a computer.

*Type*: A proportionally spaced typeface was used as follows:

    Name of typeface: Times New Roman
    Point size:        14
    Line Spacing:    Double

*Word Count*: The total number of words in the motion, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of authorities, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc. is 3,883.

Dated:     New York, New York
             May 10, 2021

                                      Sincerely,

                                      WALIA & WALIA, PLLC
                                      Attorneys for the Defendants