UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PRATIK PATEL, individually and as a shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice; LALIT PATEL, individually and as a partner of PAN KING, Inc. d/b/a NY Chicken & Rice

                      Plaintiffs

-against-

NODDY SINGH, ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                      Defendants.
-------------------------------------------------------------------------X

REPLY TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION FOR INSUFFICIENT SERVICE
DOCKET #
2:21-cv-00759-JS-SIL

**COMES NOW** Defendant, **NODDY SINGH** And **ARJUN SINGH**, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and Local Rule 7.1, and respectfully submits this reply in support of defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction, and insufficient service of process, and in reply thereof, states as follows:

**PLAINTIFFS' ARGUMENTS IN OPPOSITION LAY BARE TO THEIR CLAIMS WHICH ARE UNSUPPORED BY FACT AND LAW**

1. The opposition which appears to be nothing more than a pro forma attempt doesn't even begin to address the substantial claims made in defendants' motion, instead relying on conclusory assertions which are neither supported by fact or law. Plaintiffs falsely assert paragraphs #5, 6, 9, 11, of Defendants' counsel's declaration contain information unsupported by either the Complaint or the Amended Answer and Counterclaims. Paragraph 5 is supported by paragraph 50 and 95 of the Amended Answer and

Counterclaims. Paragraph 6 is supported by paragraph 98 of the Amended Answer and Counterclaims. Paragraph 9 is supported by paragraph 98, the eight , tenth, and eleventh Affirmative Defense contained in the Amended Answer and Counterclaims. Paragraph 11 is supported by paragraph 12, 14 and tenth affirmative defense contained in the Amended Answer and Counterclaims. As such all of defendants claims and arguments should be considered and giving Plaintiffs every benefit of doubt, plaintiffs' counsel at the very least failed to read defendants Amended Answer and Counterclaims resulting in assertions which are false.

2. With respect to subject matter jurisdiction we made a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) based upon lack of subject matter jurisdiction, specifically failing to meet the diversity requirement and the monetary threshold of exceeding $75,000.00 in damages. It goes without saying that subject matter jurisdiction cannot be invented. Plaintiffs' citation to the dismissal standard asking the court to view evidence in the light most favorable to the non-moving party when subject matter jurisdiction is being contested runs contrary to common sense. If this were allowed making a motion to dismiss based on lack of subject matter jurisdiction where the assertion is that the monetary threshold has not been breached would be pointless. Every plaintiff could simply assert that we plead $75,000 in damages and this in and of itself is sufficient to defeat any motion to dismiss. Fortunately, the law demands more, and based upon plaintiffs complete failure to address the merits of defendants motion, defendants motion is really one without opposition to the merits. Courts have repeatedly stated statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 270 (1934). The parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism

confer subject matter jurisdiction on the federal courts. . . ." 14AA Wright & Miller § 3702, p. 320. Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." 85" Appears plaintiffs counsel becomes confused cites case law which has to do with multiple claims filed in state court which were sought to be removed to federal court under 28 U.S.C. § 1441 based on a patent infringement claim, this does not sound like two parties fighting over alleged profits of a chicken and rice company. In re Ciprofloxacin Hydrochloride Antitrust Litigation, 166 F. Supp. 2d 740, 752 (E.D.N.Y. 2001).

3. It is apparent Plaintiffs cannot show they paid any part of the alleged $5,723.45 or even that the $50,000 dollars was not an investment to acquire 25% share in PAN KING, Inc. d/b/a NY Chicken & Rice, they haven't show any good faith basis to assert excess of $75,000 in damages. They don't even address their claim of profits, this filing has no support for its assertions.

4. Plaintiffs' assert that their affidavit of service claims the process server was told by Noddy Singh that Arjun Singh lives there. Again giving plaintiffs' the benefits of every conceivable fair inference, it would appear that plaintiffs are inventing facts because Arjun Singh does not live there and Noddy Singh had no reason to assert otherwise.

Pursuant to CPLR 308(2) service can be made by delivering the summons to " a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business...." Here the affidavit of

service claims Arjun Singh's actual place of residence is 5 Mineola Avenue Hicksville, New York 11801, this is false. As asserted in defendant, Arjun Singh's affidavit and response to 1st interrogatories, defendant Arjun Singh hasn't lived at 5 Mineola Avenue address for the last three years. Plaintiff's having been served with the response to 1st interrogatories containing the correct address, don't even attempt to correct their mistake and instead stick to the filing of a false affidavit which claims "said premises is the recipients actual place of abode…" The claims against Arjun Singh require dismissal for failure to properly effectuate service.

5. We still await a response to our 1st interrogatories for which we agreed to give plaintiffs a 10 day extension. Our responses make clear the filing of this claim by the plaintiffs is a complete waste of time.

**WHEREFORE**, Defendants NODDY SINGH, ARJUN SINGH respectfully moves the Court for dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction and insufficient service of process; and for any further relief the Court deems just and proper under the circumstances.

Dated: June 4, 2021

Respectfully submitted,

/s/ Bobby Walia

Bobby Walia

Waliabobbyesq@hotmail.com

136-40 39th Ave #304

Flushing, New York 11354

Ph.No.:718-353-4478