```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a
NY Chicken & Rice; LALIT PATEL,
individually and as a partner of PAN
KING Inc., d/b/a NY Chicken & Rice,

                Plaintiffs,
                                            ORDER TO SHOW CAUSE
        -against-                           21-CV-0759 (JS)(SIL)

NODDY SINGH; ARJAN SINGH,
individually and as shareholders of
PAN KING, Inc. d/b/a NY Chicken &
Rice,

                Defendants.
-----------------------------------X
APPEARANCES
For Plaintiffs:         Alex Kadochnikov, Esq.
                        Shiryak, Bowman, Anderson, Gill &
                        Kadochnikov, LLP
                        80-02 Kew Gardens Road, Suite 600
                        Kew Gardens, New York  11415

For Defendants          Bobby Walia, Esq.
                        Walia & Walia, PLLC
                        136-40 39th Avenue, Suite 505
                        Flushing, New York  11354
```

SEYBERT, District Judge:

Pratik Patel and Lalit Patel (the "Patels" or "Plaintiffs") commenced this action against Noddy Singh and Arjan Singh (the "Singhs" or "Defendants") after the breakdown of the parties' contractual agreement to operate a restaurant, Pan King, Inc., d/b/a NY Chicken and Rice ("Pan King"). Pending before the Court are (1) Plaintiffs' motion to dismiss Defendants' counterclaims (Mot., ECF No. 19); and (2) Defendants' cross-motion

1

to dismiss the Complaint (Cross-Mot., ECF No. 22). For the following reasons, the parties' respective cross-motions to dismiss (ECF Nos. 19 and 22) are DENIED WITHOUT PREJUDICE TO RENEW, and on or before April 6, 2022, Plaintiffs are ORDERED TO SHOW CAUSE, in writing, why their Complaint should not be dismissed for lack of subject matter jurisdiction and why they should be granted leave to amend their Complaint to cure the jurisdictional deficiencies identified herein.

## BACKGROUND[1]

Sometime in November 2017, Pratik Patel and the Singhs entered into an agreement pursuant to which Pratik invested $50,000 to become a 25% shareholder in Pan King, with the Singhs owning the remaining 75%. (Compl., ECF No. 1, ¶ 7.) Although not a party to the agreement, Lalit Patel gave Pratik the $50,000 to fund his investment Pan King in exchange for a 25% interest in the enterprise, and the Patels planned to share in Pan King's anticipated profits. (Id. ¶¶ 8-10.)

Plaintiffs allege they "have received no profits from their investment" thus far and that they have been denied access to Pan King's books and records, despite making a demand to which Defendants did not respond. (Id. ¶¶ 11, 14-15.) Moreover, Plaintiffs claim that the New York Department of Finance taxed

---

[1] The following facts are drawn from the Complaint and are assumed to be true for purposes of this Order to Show Cause.

2

Pratik based on a K-1 form Defendants filed on Pratik's behalf, which reported to show Pan King distributed profits of at least $50,000 to Pratik.  (Id. ¶¶ 12-13)

Based on the foregoing, Plaintiffs collectively assert the following causes of action: (1) unjust enrichment; (2) conversion; and (3) fraud.  Pratik Patel also asserts the following causes of action: (1) breach of contract; (2) common law breach of fiduciary duty brought in his individual capacity; (3) breach of fiduciary duty under New York Business Corporation Law ("NY BCL") § 717 on behalf of Pan King; (4) gross negligent misrepresentation; (5) accounting; and (6) violation of NY BCL § 720.  Last, Lalit Patel raises the following causes of action: (1) violation of the New York Partnership Law § 42; (2) breach of fiduciary duty brought in his individual capacity; and (3) accounting.

On February 11, 2021, Plaintiffs filed their Complaint, and on March 2, 2021, Defendants filed an answer, which was amended two days later.  Defendants counterclaimed for (1) attorney's fees; and (2) recovery for losses incurred by Pan King caused by Plaintiffs' conduct in abandoning and suing the corporation.  By Electronic Orders dated March 26, 2021 and April 22, 2021, the parties were granted leave to file the instant motions before the Court.

ORDER TO SHOW CAUSE

Before addressing the arguments raised in the parties' briefing, the Court must ensure it has subject matter jurisdiction over this action.  Specifically, there are two fundamental issues with respect to the Complaint's allegations regarding diversity jurisdiction.

First, in their Complaint, Plaintiffs allege that diversity jurisdiction exists based on the fact that Plaintiffs are residents of New Jersey, and Defendants "are residents of this District," i.e., New York.  (See Compl. ¶¶ 2-3, 5-6.)  Thus, all that the Complaint alleges are the parties' residences.  "But it is settled law that with respect to individual parties, citizenship for diversity purposes 'depends upon their places of domicile.  Even though a party may have several places of residence, he or she may have only one domicile at a given time.'"  Mackason v. Diamond Fin. LLC, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (quoting Chappelle v. Beacon Communications Corp., 863 F. Supp. 179, 181 (S.D.N.Y.1994) (citing cases)).  For that reason, "allegations of residence are insufficient to establish diversity jurisdiction," and it is well established "that when the parties allege residence but not citizenship, the court must dismiss the suit."  Id. (quoting Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998) (citation and internal quotation marks omitted)).

Second, Plaintiffs assert one claim on behalf of Pan King, a New York corporation. (Compl. ¶ 1; see also id. ¶¶ 44-54 (breach of fiduciary duty claim brought by Pratik Patel on behalf of Pan King).) "[T]he general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." Obstfeld v. Schwartz, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008). As a result, complete diversity over Plaintiffs' derivative claim is lacking, because Pan King is a New York corporation, and Defendants allegedly reside in New York. Further, while there are instances when a court will "re-align" the corporation in a derivative action to be a nominal defendant, see id. at 93-94, Plaintiffs have not pleaded grounds to re-align Pan King here.

Accordingly, based on the foregoing, on or before April 6, 2022, Plaintiffs are ORDERED TO SHOW CAUSE, in writing, why their Complaint should not be dismissed for lack of subject matter jurisdiction and why they should be granted leave to amend their Complaint to cure the jurisdictional deficiencies identified herein. On or before April 13, 2022, Defendants shall respond to Plaintiffs' submission. No reply shall be permitted. In the interim, the parties' respective motions (ECF Nos. 19 and 22) are DENIED WITHOUT PREJUDICE TO RENEW in the event the Court finds it has subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, the parties' respective motion and cross-motion to dismiss (ECF Nos. 19 and 22) are DENIED WITHOUT PREJUDICE TO RENEW, and on or before April 6, 2022, Plaintiffs are ORDERED TO SHOW CAUSE, in writing, why their Complaint should not be dismissed for lack of subject matter jurisdiction and why they should be granted leave to amend their Complaint to cure the jurisdictional deficiencies identified herein.  On or before April 13, 2022, Defendants are directed to file a response.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  23 , 2022
       Central Islip, New York