UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

| DOCKET # 21-CV-0759 |

                        Plaintiffs

-against-

NODDY SINGH; ARJAN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                        Defendants.
-------------------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN REPLY TO THE COURT'S ORDER TO SHOW CAUSE**

# **TABLE OF CONTENTS**

**INTRODUCTION** ------------------------------------------------------------------------------- 4

**STATEMENT OF FACTS** ----------------------------------------------------------------------- 4

**STANDARD APPLICABLE TO PLAINTIFF'S MOTION** ----------------------------------- 5

**ARGUMENT** ------------------------------------------------------------------------------------ 7

    **I.**    **PLAINTIFF MEETS THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15.**--------------------------- 7

        *a.*    *Leave should be granted here because this is a first attempt to Amend the Complaint in order to cure deficiencies and there are no reasons justifying denial.* -------------------- 7

        *b.*    *Leave should also be granted here because the deposition of Noddy Singh gave rise to an additional federal claim under the Fair Labor Standards Act.* ------------------------ 8

    **II.**   **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION BECAUSE THE COMPLAINT, AS AMENDED ESTABLISHES COMPLETE DIVERSITY OF CITIZENSHIP AND AN AMOUNT IN CONTROVERSY EXCEEDING $75,000.** -------------------------------------------------- 8

        *b.*    *The Complaint, as amended, establishes Complete Diversity of Citizenship because Pan King, a New York Corporation, should be re-aligned as a Defendant, Defendants are domiciled in New York, and Individual Plaintiffs are domiciled in New Jersey.* ---------- 10

    **III.**  **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION BECAUSE THE COMPLAINT, AS AMENDED, ASSERTS A CLAIM ARISING UNDER FEDERAL LAW** ---------**ERROR! BOOKMARK NOT DEFINED.**

        *A.*    *The Complaint, as amended, asserts a cause of action arising under the Fair Labor Standards Act and that claim is not immaterial or frivolous.* ----------**Error! Bookmark not defined.**

# **TABLE OF AUTHORITIES**

### CASES

*Bank v. Hydra Grp., LLC*, No. 10CIV1770CBAVMS, 2017 WL 6806665, at *3 (E.D.N.Y. Dec. 1, 2017), report and recommendation adopted, No. 10CV1770CBAVMS, 2018 WL 296092 (E.D.N.Y. Jan. 4, 2018) ................................................................................................ 6, 7, 8
*Burke v. Lash Work Environments, Inc.,* 408 Fed.Appx. 438, 440 (2d Cir.2011) ........................ 13
*Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46 (2d Cir. 1983). ............................................... 6
*Foman v. Davis,* 371 U.S. 178, 180, 83 S. Ct. 227, 229, 9 L. Ed. 2d 222 (1962) ........................... 7
*Kitzen v. Hancock,* No. CV176926ADSAKT, 2019 WL 612227, at *3 (E.D.N.Y. Jan. 29, 2019), report and recommendation adopted, No. 17CV6926ADSAKT, 2019 WL 591557 (E.D.N.Y. Feb. 13, 2019) ......................................................................................................... 9, 11, 12
*Lewis v. Odell,* 503 F.2d 445, 446 (2d Cir.1974) .................................................................. 10, 12
*Netwolves Corp. v. Sullivan,* 2001 WL 492463, at *6 (S.D.N.Y. May 9, 2001). ................... 10, 12
*Obstfeld v. Schwartz,* 621 F. Supp. 2d 87, 93–94 (S.D.N.Y. 2008) ........................... 9, 10, 11, 12
*Rocha v. Bakhter Afghan Halal Kababs, Inc.,* 44 F. Supp. 3d 337, 343 (E.D.N.Y. **2014**). 9, 13, 14
*Smith v. Sperling*, 354 U.S. 91, 96–97, 77 S. Ct. 1112, 1115–16, 1 L. Ed. 2d 1205 (1957) - 10, 11, 12
*Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013) 12, 13, 14
*ZB Holdings , Inc. v. White,* 144 F.R.D. 42, 45 (S.D.N.Y.1992) ........................................... 10, 12

### STATUTES

28 U.S.C. § 1332(a)(1). ................................................................................................................ 11
Fed. R. Civ. P. 15(a)(2). ................................................................................................................. 6

## INTRODUCTION

Individual Plaintiffs Pratik and Lalit Patel (hereinafter "Individual Plaintiffs") respectfully move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a proposed amended Complaint, a copy of which is attached hereto as Exhibit A – (hereinafter "Proposed Amended Complaint"). The new complaint maintains the same allegations against the same defendants from the original complaint, cures deficiencies present in the original complaint, and accounts for significant factual developments that have occurred since the original complaint was filed. Accordingly, Plaintiff respectfully seeks the Court's leave to amend and asks that Plaintiff's motion be granted for the reasons set forth below.

## STATEMENT OF FACTS

On February 11, 2021, Individual Plaintiffs filed a complaint in this Court, individually and as shareholder and partner of Pan King, Inc., against Defendants Arjun and Noddy Singh (hereinafter "Defendants") alleging causes of action for breach of contract, unjust enrichment, breach of fiduciary duty, accounting, violations of New York's Business Corporations and Partnership Law, fraud, negligent misrepresentation, conversion. Defendants counterclaimed. Plaintiffs moved to dismiss Defendants' counterclaims on and Defendants filed a cross-motion to dismiss the complaint. Then, on March 23, 2022 this Court issued an Order to Show Cause ordering Plaintiff to explain why this Court has subject matter jurisdiction over the action and why Plaintiff should be granted leave to amend, denying Plaintiff's motion and Defendant's cross-motion in the interim.

The original complaint alleged complete Diversity of Citizenship between the parties. However, as this Court pointed out in its Order to Show Cause, the original complaint contained deficiencies regarding the domicile of the parties and grounds to re-align corporate Plaintiff Pan

King. The Proposed Amended Complaint provides that Plaintiffs are citizens of and domiciled in New Jersey, while Defendants are citizens of and domiciled in New York. *See* Proposed Amended Complaint at ¶ 6-8. Moreover, the amended complaint provides grounds for re-aligning Pan King, Inc. as a Defendant. *See* Proposed Amended Complaint at ¶ 9-10. Specifically, the amended complaint alleges that there is a collision of interests between Plaintiff and corporation Pan King, Inc. because Plaintiff owns 25% of shares and has no control over Pan King, whereas defendants own 75% of shares and obtain exclusive management and control over the business. *Id.* As such, Plaintiffs are requesting leave to amend their complaint to establish subject matter jurisdiction so that this Court may hear Plaintiffs claims.

## STANDARD APPLICABLE TO PLAINTIFF'S MOTION

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The question of whether to grant leave to amend is a decision committed to the Court's discretion. *Bank v. Hydra Grp., LLC*, No. 10CIV1770CBAVMS, 2017 WL 6806665, at *3 (E.D.N.Y. Dec. 1, 2017), report and recommendation adopted, No. 10CV1770CBAVMS, 2018 WL 296092 (E.D.N.Y. Jan. 4, 2018) (citing *Velez v. Burge,* 483 Fed.Appx. 626, 627 (2d Cir. 2012). Although the court has discretion to grant or deny leave, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id* (citing Foman, 371 U.S. at 182; *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46 (2d Cir. 1983). Thus, leave should be allowed in the absence of any justifying reason for the denial, "such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .futility of the amendment, etc." *Id* (citing <u>Foman</u>, 371 U.S. at 182).

"An important consideration when deciding a plaintiff's motion to amend is whether the defendant will be prejudiced by such amendment. *Bank,* No. 10CIV1770CBAVMS, 2017 WL 6806665, at *4 (citing *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted)). "When evaluating prejudice, a court must weigh 'whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Id (*citing Foman, 371 U.S. at 182.; Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983)). In deciding whether to granting leave to amend would be prejudicial, the most important consideration is the degree to which granting leave would delay the final disposition of the action*." Id* (citing *Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir. 1998*)* (internal quotation omitted). "Mere delay, absent bad faith or undue prejudice, however, does not warrant denial of leave to amend." *Id* (citing *Block*, 988 F.2d at 350). The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial. *See Foman v. Davis,* 371 U.S. 178, 180, 83 S. Ct. 227, 229, 9 L. Ed. 2d 222 (1962) (citations omitted). This requires that the defendant "do more than simply claim to be prejudiced." *Bank,* No. 10CIV1770CBAVMS, 2017 WL 6806665, at *4 (citing *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (citing *Breyette v. Amedore,* 205 F.R.D. 416, 417 (N.D.N.Y. 2002).

# ARGUMENT

I. **Plaintiff meets the standard for obtaining leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15.**

The Court should grant Plaintiff's request for leave to amend because there are no reasons present to justify denial and the amendments will establish complete diversity of citizenship for purposes of diversity subject matter jurisdiction.

a. **Leave should be granted here because this is a first attempt to Amend the Complaint in order to cure deficiencies and there are no reasons justifying denial.**

None of the usual justifications for denying leave are present here, as Plaintiff makes the instant motion in good faith and the Court granting leave will not cause undue delay. *Bank., LLC*, No. 10CIV1770CBAVMS, 2017 WL 6806665, at *3. Moreover, the amendments to the complaint will not be futile, as they will cure jurisdictional deficiencies present in the original complaint and assert a new cause of action. *Id; See* Proposed Amended Complaint at ¶ 6-10; 121-128. Should the Court grant leave to amend, this will be a first attempt at amending the complaint; there are no repeated failures to cure deficiencies in the complaint. *Id.* The amendments are made in good faith and to allow Plaintiff leave to amend will not cause undue delay. *Id.* Finally, granting leave will not cause Defendants to be prejudiced, as the degree to which final disposition of the action will be delayed by the leave to amend is minimal, the amendments will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial, and granting leave would not prevent the plaintiff from bringing a timely action in another jurisdiction. *Id.*

Accordingly, because there are no justifiable reasons to deny leave to amend and Plaintiff seeks leave to cure jurisdictional deficiencies, leave should be "freely given" and Plaintiff respectfully requests the Court grant Plaintiff's motion for leave to amend the Complaint. *Id.*

**b. Leave should also be granted here because Plaintiff became aware of facts that gave rise to an additional federal claim under the New York Labor Law.**

The Court should grant leave here because there are no reasons present to deny leave and additional facts surfaced giving Plaintiff reason to allege another cause of action.

During depositions, Plaintiff inquired about the amount of hours Plaintiff worked for Defendants, how much he was paid, and whether Defendants kept records to reflect those hours and wage rates. Defendant Noddy Singh indicated that Plaintiff worked at least 48 hours per week, no records were kept, and Plaintiff was paid in cash. The New York Labor Law requires employers to keep records reflecting hours worked by employees and wages paid, so that Plaintiffs asserting their rights can be aware of backpay amounts owed to them. As such, during depositions, Plaintiff was put on notice of additional facts giving Plaintiff good cause to amend the complaint and allege a claim under the New York Labor law for failure to keep adequate records. *See* Proposed Amended Complaint at ¶ 69-81

Since there are no reasons to deny leave present and because Plaintiff has good cause to amend the complaint to allege another cause of action, Plaintiff requests the instant motion to allow leave be granted.

**II.    This Court has Subject Matter Jurisdiction over the action because the Complaint, as amended establishes complete Diversity of Citizenship and an amount in controversy exceeding $75,000.**

[I]t is the plaintiff's burden to establish the existence of subject-matter jurisdiction by a preponderance of the evidence. *Kitzen v. Hancock,* No. CV176926ADSAKT, 2019 WL 612227, at *3 (E.D.N.Y. Jan. 29, 2019), report and recommendation adopted, No. 17CV6926ADSAKT,

2019 WL 591557 (E.D.N.Y. Feb. 13, 2019) (citing *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)).

   a. **Pan King should be re-aligned as a Defendant due to a real collision of interests between Plaintiff Pratik Patel and Pan King, a New York corporation controlled by New York Defendants.**

`"[T]he general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." *Obstfeld v. Schwartz,* 621 F. Supp. 2d 87, 93–94 (S.D.N.Y. 2008) *(citing ZB Holdings, Inc. v. White,* 144 F.R.D. 42, 45 (S.D.N.Y.1992)). An exception to this rule exists when aligning the corporation as a plaintiff would not create a "real collision of interests." *Id (citing Smith v. Sperling,* 354 U.S. 91, 97, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)). The Supreme Court stressed that the proper alignment of the parties is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Id.* Re-aligning a corporation as a defendant, however, is only proper when "[the] corporation is actively antagonistic to plaintiff's interests." *ZB Holdings , Inc. v. White,* 144 F.R.D. 42, 45 (S.D.N.Y.1992) (*citing Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir.1987)); *see also Lewis v. Odell,* 503 F.2d 445, 446 (2d Cir.1974) (holding that a corporation should be aligned as a plaintiff in shareholder derivative action brought against a former board member because the defendant director no longer held a position within the corporation). Thus, "antagonism has generally not been found where the corporation does not, would not, or cannot express opposition to the initiation of the lawsuit." *Netwolves Corp. v. Sullivan,* 2001 WL 492463, at *6 (S.D.N.Y. May 9, 2001).

"[A]ntagonism between parties is determined based on the relationship between the parties at the time the action is commenced." *Obstfeld*, 621 F. Supp. 2d 87 at 94 *(citing Duffey,* 820 F.2d at 1163 (requiring present antagonism for realignment of a corporation)). "[W]here the

management was deemed to be antagonistic to the stockholder, 'The attitude of the directors need not be sinister. It may be sincere.' Whenever the management refuses to take action to undo a business transaction or whenever, as in this case, it so solidly approves it that any demand to rescind would be futile, antagonism is evident. The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim." *Smith v. Sperling*, 354 U.S. 91, 96–97, 77 S. Ct. 1112, 1115–16, 1 L. Ed. 2d 1205 (1957) (citing Delaware & Hudson Co. v. Albany & S.R. Co., 213 U.S. 435, 451, 29 S.Ct. 540, 545, 53 L.Ed. 862). Where managers of the corporation and the stockholder initiating the suit were shown to be "completely and irrevocably opposed on a matter of corporate practice and policy" there was a real collision of interests such that re-alignment was proper. *Smith,* 354 U.S. 91, 97–98, 77 S. Ct. 1112 at 1116. Antagonism was not found where opposition constituted exactly half of the shareholder base: " Fifty percent is not enough to constitute a majority of each company's shareholder base or boardroom. 'That is not enough for [Enterprise] and [Pisa] to be considered 'actively antagonistic' to the litigation . . . '" *Kitzen*, No. 217CV02966ADSAKT, 2017 WL 4892173, at *4 (citing *Grgurev v. Licul*, 229 F. Supp. 3d 267, 282 (S.D.N.Y. 2017); *accord Sullivan*, 2001 WL 492463, at *8).

    b. **The Complaint, as amended, establishes Complete Diversity of Citizenship because Pan King, a New York Corporation, should be re-aligned as a Defendant, Defendants are domiciled in New York, and Individual Plaintiffs are domiciled in New Jersey.**

Section 1332 of Title 28, United States Code confers district courts subject matter jurisdiction over actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The party seeking to invoke diversity jurisdiction must allege facts demonstrating that complete diversity of citizenship exists between all parties to the action. *Obstfeld,* 621 F. Supp. 2d 87 at 93 (citing *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157 (2d Cir.1998)).

Here, Plaintiff has met their burden to show by a preponderance of the evidence that the Court has subject matter jurisdiction over the action because the complaint, as amended, establishes complete diversity of citizenship. *Kitzen,,* No. CV176926ADSAKT, 2019 WL 612227, at *3 (citing *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)). *See* Proposed Amended Complaint at ¶ 6-10; 121-128. The Proposed Amended Complaint establishes Individual Plaintiffs' domicile in New Jersey and Defendants' domicile in New York. *See* Proposed Amended Complaint at ¶ 6-8. The Proposed Amended Complaint also establishes grounds for re-aligning corporation Pan King, Inc. as a Defendant because of a real collision of interests between Plaintiffs and the defendant-controlled corporation. *See* Proposed Amended Complaint at ¶ 9-10; *Obstfeld,,* 621 F. Supp. 2d 87 at 93–94; *ZB Holdings,* 144 F.R.D. at 45; *Lewis v. Odell,* 503 F.2d 445, 446 (2d Cir.1974); *Smith*, 354 U.S. 91 at 96–97, 77 S. Ct. 1112 at 1115–16. Specifically, the complaint shows that at the time the action was initiated, Plaintiff Patrik Patel owned 25% of the shares of Pan King, whereas Defendants owned 75% of shares. *See* Proposed Amended Complaint at ¶ 10. This is unlike the situations where the court held antagonism could not exist because there was 50% ownership on each side of the action; here, Pan King was being managed and controlled by Defendants who owned 75% of the company at the time the suit was filed, so the corporation is actively antagonistic to the Plaintiff's interests. *See* Proposed Amended Complaint at ¶ 9-10; *Netwolves Corp.,* 2001 WL 492463, at *6; *Kitzen*, No. 217CV02966ADSAKT, 2017 WL 4892173, at *4.. Moreover, the Proposed Amended Complaint alleges causes of action for breach of fiduciary duty, fraud, and other claims illustrating the real collision of interests between Plaintiff and Pan King, Inc. as managed and controlled by Defendants. *See* generally, Proposed Amended Complaint. Thus, the Court should re-align Pan King as a Defendant to better reflect the

relationship between the parties and there is complete diversity of citizenship with Plaintiffs domiciled in New Jersey and Defendants and Pan King, Inc. domiciled in New York. *Obstfeld,* 621 F. Supp. 2d 87, 93–94; *ZB Holdings,* 144 F.R.D. at 45; *Lewis,* 503 F.2d 445 at 446; *Smith*, 354 U.S. 91 at 96–97, 77 S. Ct. 1112 at 1115–16.

Accordingly, Plaintiff respectfully asks the Court to re-align corporation Pan King, Inc. as a Defendant and subject matter jurisdiction is proper.

## CONCLUSION

Accordingly, the Proposed Amended Complaint asserts a causes of action that allow the Court to justify the realignment of the Corporation

Dated: April 27, 2022

Respectfully submitted,

/s/ Kadochnikov

Alexander Kadochnikov, Esq.
akadochnikov@sbagk.com

**Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP**
80-02 Kew Gardens Road,
Suite 600
Kew Gardens, NY, 11415
718-577-3261