UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                          Plaintiffs

-against-

NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

                         Defendants.
-------------------------------------------------------------------------X

REPLY TO
PLAINTIFFS'
RESPONSE TO THE
COURT'S ORDER TO
SHOW CAUSE TO
DISMISS
DOCKET #
2:21-cv-00759-JS-SIL

**COMES NOW** Defendant, **NODDY SINGH** And **ARJUN SINGH**, by and through undersigned counsel, respectfully submits this reply pursuant to Federal Rule 12(h)(3) to plaintiffs' response to the Court's Order to Show Cause to dismiss the Complaint for lack of subject matter jurisdiction, and why leave should be granted to amend the complaint, and in reply thereof, states as follows:

**PLAINTIFFS' AMENDED COMPLAINT FAILS TO CURE JURISDICTIONAL DEFECTS**

1. Plaintiffs' persist on making the same claims as in the Original complaint, specifically the breach of fiduciary duty claim brought by Pratik Patel on behalf of Pan King. *See* ¶P ¶P 49-57 of the Amended Complaint. So diversity in this derivative claim where the real party in interest is the corporation is lacking. In the amended complaint at ¶P ¶P 58-64 plaintiffs add additional derivative claims on behalf of Pan King. The Court asked plaintiff to plead grounds to have the court consider whether "re-alignment" of the corporate entity as a

nominal defendant should be allowed. Instead, plaintiff's submission makes the case for the defendants as to why this complaint should be dismissed. Federal Rule 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); see also Kontrick v. Ryan, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (jurisdiction upheld).

2. The response of plaintiffs intertwines causes of action on behalf of Pan King, and themselves leading to nothing but a jumbled mess, which the Court is left to try and figure out. The body of the pleadings properly position the alignment of the corporation as a Plaintiff, despite the caption not placing the corporation as either a plaintiff or defendant. [T]he general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." Obstfeld v. Schwartz, 621 F. Supp. 2d 87, 93–94 (S.D.N.Y. 2008) (citing ZB Holdings, Inc. v. White, 144 F.R.D. 42, 45 (S.D.N.Y.1992). This follows logic and interest, since it is the corporation on whose behalf the derivative claim is brought. The real impetus of this cause of action is plaintiff's allegation that defendants profited at the expense of Pan King by breaching their fiduciary duties. This is a corporate right which is being sought to be enforced, the cause of action rightfully belongs to corporation against the defendants. As such, the corporation is rightfully aligned as a plaintiff. There are no facts to support Plaintiffs' vague, conclusory assertions of "collision" or "antagonism". Nothing but bare conclusions, even after all parties in this matter have been deposed, the plaintiffs

fail to lay forth even basic facts to plead "re-alignment. "Given the bare conclusory nature of the Amended complaint the heightened pleading standard has not been met. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). An adequate explanation for plaintiffs failure to disregard the court directive on the issue of filing the amended complaint to reflect facts that show, at the very least how the corporation is antagonistic to plaintiffs' interest is lacking. There are no facts to allege anything in the by-laws of the corporation that would prevent plaintiffs to hold a shareholder meeting. There is nothing alleged to show that plaintiffs ever even attempted to hold a shareholder meeting to address their concerns. Plaintiffs have woefully failed to reflect facts to show how there exists a real collision of interests in light of the fact that Pratik Patel stepped down from the corporation in December of 2019. This matter warrants dismissal for plaintiffs failure to allege facts sufficient for the court to consider "re-alignment" of the corporation as a nominal defendant.

3. In fact, Pratik Patel had no role in Pan King after December of 2019, when he unilaterally decided to "step down" from the corporation, so at the time this complaint was filed it would run contrary to common sense and facts which existed at the time the complaint was filed to allege "collision" and "antagonism" with the corporation because none existed. When resolving issues surrounding subject matter jurisdiction, a district court is not confined to the complaint and may refer to evidence outside the pleadings, such as affidavits. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Frisone, 369 F.Supp.2d at 469-70 ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations") the sworn deposition of Pratik Patel makes it clear as the light of day that this matter should be dismissed.

Q. Is the reason you stopped working for Pan King Inc. in December of 2019 because you wanted to move out of New York?

A. Not that was the only reason.

Q. Was that part of the reason why?

A. Because I wasn't making a profit out of it…

Pratik Patel deposition pg. 177 lines 9-16, annexed as **Exhibit "A."**

Pratik Patel "stepped down from the corporation" in December of 2019.

Q. What kind of verbal notice did you give them?

A. Me and my brother went to them. They were at the restaurant, Arjun Singh and Noddy Singh, we spoke to them "We are moving out, and we want to step down from the corporation."

Pratik Patel deposition Pg. 202, lines 5-12, annexed as **Exhibit "A."**

"[A]ntagonism between parties is determined based on the relationship between the parties at the time the action is commenced." See Duffey v. Wheeler, 820 F.2d at 1163 (requiring present antagonism for realignment of a corporation). Retaining the corporation as a party defendant in a shareholder's derivative action is an exception to the general rule that the corporation is properly aligned as a plaintiff since it is the real party in interest. Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 522-23, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947) (general rule is that shareholder's derivative action "is not [the shareholder's] own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a `next friend' might do for an individual, because it is disabled from protecting itself."); Smith v. Sperling, 354 U.S. 91, 96-97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d 1205 (1957) (exception applies whenever antagonism is evident on the face of the pleadings and by the nature of the controversy.) Here we have a defective complaint, it's not even

verified, as is required for derivative causes of action. See Rule 23.1, the body of the complaint positions the corporation as a plaintiff, makes unfounded broad conclusory allegations of "collision" and "antagonism" where none exist because the plaintiffs voluntarily "stepped down from the corporation." The fact of the matter is plaintiffs were looking for a way out of the corporation, shed their responsibilities because the corporation was not profitable. Cases in which courts have condoned retaining the corporation as a party defendant occur only where the corporation has been found to be "actively antagonistic" to the plaintiff's interests. Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957); Reilly Mortgage Group v. Mt. Vernon Savings Loan, 568 F. Supp. 1067 (E.D.Va. 1983); Rogers v. Valentine, 306 F. Supp. 34 (S.D.N.Y. 1969), aff'd, 426 F.2d 1361 (2d Cir. 1970). There is no antagonism here based upon the admission by the plaintiffs. There are no facts, given the impetus of the claims to "re-align" the corporation as a nominal defendant.

4. The Court being generous and kind pretty much spelled out that when parties fail to allege citizenship the Court must dismiss the suit. In response, Plaintiffs' did not get the spelled out message and instead insufficiently amended pleadings on this basic, preliminary inquiry. See ¶¶P 6 -8 of the Amended Complaint stating "P Patel is domiciled in New Jersey." Counsel persists to declare "L. Patel is domiciled in New Jersey." He then lumps all defendants together as being "domiciled in New York, with intent to stay." There is no mention of the citizenship of Pan King, Inc. d/b/a NY Chicken & Rice, an egregious error given the instruction of the Court. See Hertz Corp. v. Friend - 559 U.S. 77, 130 S. Ct. 1181 (2010). A reading of the amended complaint leaves the reader befuddled and confused as to what role Pan King, Inc. d/b/a NY Chicken & Rice is playing in this Amended Complaint. There is no mention of Pan King, Inc. d/b/a NY Chicken & Rice in the caption

as a plaintiff or a defendant. The whole reason for this Order To Show Cause was to show why Pan King, Inc. d/b/a NY Chicken & Rice should be "re-aligned" as a nominal defendant given the derivative cause of action filed on behalf of Pan King, Inc. d/b/a NY Chicken & Rice. Now plaintiffs put forth an amended complaint where the reader is left to guess at the role of Pan King, Inc. d/b/a NY Chicken & Rice. Cleary, this was done intentionally to somehow avoid the issue of diversity. The declaration of plaintiffs in ¶P 5 of the amended complaint declaring complete diversity is false. It should be explained by counsel and his clients what basis if any basis they have to assert that defendants intend to stay in New York? Counsel and his clients persist and insist on making false assertions to this Court when they have no basis or information for the same. There was never any question asked of plaintiffs about their intent to stay or leave New York. Although the plaintiffs amendment does amend to mention domicile, domicile is not the same as citizenship, and even if the Court is willing to overlook this fact, the lack of clarity in the amended complaint with respect to the citizenship of each individual defendant, and the citizenship of Pan King, Inc. d/b/a NY Chicken & Rice as a plaintiff or a defendant warrants dismissal. Plaintiffs fail to mention if Pan King, Inc. d/b/a NY Chicken & Rice is a corporation, if so which state it is a citizen of, or is it a limited liability company or a partnership or some combination of the latter. In fact in ¶P 1 of the amended complaint, Pan King, Inc. d/b/a NY Chicken & Rice is referred to as corporation. Limited liability companies and joint ventures are not regarded as corporations within the meaning of the diversity statute. Mackason v. Diamond Fin. LLC, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (quoting Chappelle v. Beacon Communications Corp., 863 F. Supp. 179, 181 (S.D.N.Y.1994) In ¶P 12 of the amended complaint a partnership agreement is referenced, this would mean diversity is lacking, since Pratik Patel is listed as 25% partner. ¶P 15 of the amended

complaint states "L Patel is a partner of Pan King." If so, diversity would be lacking, being that L Patel is a citizen of the State of New Jersey. ¶P 33 of the amended complaint again references a "partnership contract" if so based upon plaintiffs own declaration diversity is lacking, and this Court does not have subject matter jurisdiction. Given the lack of clarity with respect to citizenship of the parties, this matter must be dismissed based upon lack of subject matter jurisdiction.

5. To make matters worse on this basic inquiry counsel names a defendant in his amended complaint, an "Arjan Singh" my client is "Arjun Singh" not sure who this new person "Arjan Singh" is but it is not my client, and naming an incorrect defendant, not only in the caption but as part of the pleadings goes to further point out that diversity of citizenship cannot be established here and how pointless this application really is. It just goes on and on leading to nowhere of any value.

6. With respect to subject matter jurisdiction, plaintiffs specifically failed to meet the diversity requirement and the monetary threshold of exceeding $75,000.00 in damages. Courts have repeatedly stated statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 270 (1934). The parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. . . ." 14AA Wright & Miller § 3702, p. 320. Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. Since the deposition of the plaintiffs certain key admissions were made by both Pratik Patel and Lalit Patel. Specifically, each plaintiff

admitted that they never witnessed any fraud or breach of fiduciary duty by the defendants. They further admitted that they never paid any part of the alleged $5,723.45, instead the tax levy was removed.

Q. I am a little confused by your answer.

A. No that happened, like I kept getting notices from the taxation department, so I called them and I talked to an agent and she said I am the liable person, so you have to make the payment. And I talked to them, our court case is going on, and they said they don't have anything to do with this civil case, so I have to make a payment. I couldn't make a $5,000 payment. She helped me out to make a payment plan. She made the document, forwarded it to me, and when was the due date to make a payment, she said, "It's your lucky day, It's been paid."

Q. You never paid a single payment in the document marked as Defendants' Exhibit L?

A. Yes.

Q. Yes, that's correct?

A. Yes, that's correct.

See Deposition of Pratik Patel pgs. 182-183, pg. 182 lines 15-25, pg.183 lines 1-15, annexed as **Exhibit "A."**

Yet despite the clear evidence, counsel persists in making false, baseless claims, once again asserting in ¶P 17 of his amended complaint that notice of a tax penalty for $5,723.45 was received. This is the type of sanctionable conduct that Rule 11 was promulgated for and we reserve our rights to move for the same at the appropriate time and place. The tax levy was never paid by plaintiffs and was incorrectly made a part of their claim to form a basis for damages under the diversity statute.

7. The tax filings make it clear that there were no profits only losses incurred.

Q. Do you see U.S. Corporation Income tax return in the year 2019?

A. Yes.

Q. Do you see line 28?

A. Yes.

Q. Can you read what line 28 amount is?

A. "Taxable" income before net operating loss deduction and special deductions. Subtract line 27 from line 11.

Q. What does it say in the column 28?

A. 37,934.

Q. Did you know that Pan King Inc. had taken a loss in 2018?

A. No.

See Pratik Patel deposition transcript pgs. 190-191, pg.190 lines 23-25, pg.191 lines 1-12, annexed hereto as **Exhibit "A."**

Every time bank statements came in he would have access to them because he worked there.

Q. Every time the bank statements came in, you would have access to them; is that correct?

A. Yes.

Q. You would have access to them because you worked there; is that correct?

A. Yes.

Pratik Patel deposition transcript pg.46 lines 15-20, annexed hereto as **Exhibit "A."** Yet inexplicably, in ¶P 16 it is claimed that plaintiffs have been denied access to all relevant books and records.  Pratik Patel, worked for Pan King Inc. from December 2017 to December 2019.  Lalit Patel never worked for Pan King Inc.  With respect to

2019 taxes the following was answered by Pratik Patel.

Q. Do you recognize the document marked as Exhibit P containing the 2019 Federal tax filing?

A. Yes.

Q. Is that the 2019 federal tax filing for Pan King Inc.

A. Yes.

Q. Go down to 28, taxable income. What is the number next to column 28?

A. Negative 1,724.

See Pratik Patel deposition pg. 192 lines 14-25, annexed hereto as **Exhibit "A."**

There were no profits to be had as plaintiffs incorrectly and continuously alleged in both the original complaint and amended complaint. There being no profits, as proven by Federal tax returns, there being nothing paid for a tax levy, plaintiffs cannot maintain this action because the amount in controversy is a whopping zero ($0.00). Instead, defendants who have been defending frivolous, meritless baseless claims not worthy of this Court's time will seek readdress for the same at the appropriate time and place. Referring to Defendants Exhibit H, bank statements from April 30, 2018 to April 1, 2019. Pratik Patel testified as follows:

Q. I ask you to take a look at the document and identify any activity which you know to be fraudulent; by fraudulent meaning not on behalf of the corporate business.

A. Okay. How about personal expenses?

Q. Anything that was not done in the interest of the corporation is what I'm asking.

A. Okay. No.

See deposition of Pratik Patel pgs.162-163, pg.162 lines 19-25, pg.163 line 1, annexed hereto as **Exhibit "A."**

Despite being shown numerous bank statements neither Pratik Patel or Lalit Patel saw any of the defendants engage in any activity which was against the corporate interest. This is because Pratik Patel knew that Pan King, Inc. was experiencing financial hardship after it expanded in 2018.

Q. In 2018, after the expansion occurred, was there difficulty making rent for Pan King Inc.?

A. Yes.

Pratik Patel deposition pg. 200 line 25, pg. 201 line 1-3. Transcript annexed as **Exhibit "A."**

Pratik Patel got married on February 9, 2020 in India, he left the company in December of 2019 because he wanted to based on his own self-interest.

Q. Is the reason you stopped working for Pan King Inc. in December of 2019 because you wanted to move out of New York?

A. Not that was the only reason.

Q. Was that part of the reason why?

A. Because I wasn't making a profit out of it…

Pratik Patel deposition pg. 177 lines 9-16, annexed as **Exhibit "A."**

Pratik Patel "stepped down from the corporation" in December of 2019.

Q. What kind of verbal notice did you give them?

A. Me and my brother went to them. They were at the restaurant, Arjun Singh and Noddy Singh, we spoke to them "We are moving out, and we want to step down from the corporation."

Pratik Patel deposition Pg. 202, lines 5-12, annexed as **Exhibit "A."** Plaintiffs stepped down because they did not want to be held responsible for the losses Pan King Inc.

was incurring.

8. Realignment as a nominal defendant is not warranted. [T]he general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." Obstfeld v. Schwartz, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008) There are insufficient facts plead to warrant any realignment. The derivative action filed on behalf of the corporation properly requires Pan King Inc to be a plaintiff. Plaintiffs make broad conclusory allegations, their best allegation is that Pratik Patel is a minority shareholder, and apparently this qualifies as the corporation being antagonistic to Pratik Patel. There is no case law cited for this proposition, because it would cause every minority shareholder to seek readdress by asserting that the corporation is antagonistic toward them simply because they are a minority shareholder. What is required is malfeasance and domination on the part of the dominant official, but both Pratik and Lalit Patel clearly state there was no fraud, nothing against the corporate interest observed by them. When the dominant official of a corporation is accused of fraud, the corporation is appropriately aligned as a defendant." ZB Holdings v. White, 144 F.R.D. 42, 46 (S.D.N.Y. 1992). This would be because there is a collision of interest and the Corporation would be better listed as a nominal defendant. Here the amended complaint makes no effort to plead dominion or control, it posits no facts to support malfeasance, so the corporation is not antagonistic to the plaintiffs, and there is no collision of interest. Given the derivative causes of action filed on behalf of the corporation, the corporation is properly aligned as a plaintiff. Thus, there being no diversity among the plaintiffs and the defendants, this case must be dismissed for lack of subject matter jurisdiction.

9. Here with respect to dominion and control, it is Pratik Patel's name which is on the lease for Pan King, Inc., he had access to the bank statements, he went to the bank routinely to make deposits and withdrawal's. There is no valid claim of antagonism here which would warrant realignment of Pan King Inc. as a nominal defendant. He opened the store gates and ran the daily operations. He had the ability to hire and fire people. He took money out for his salary on his own. Plaintiffs already know Pratik Patel was taking cash, that is what he did, it is not new. Plaintiffs claims are contrived, baseless and are contradicted by the plaintiffs themselves. See **Exhibit "A."**

10. There would be severe prejudice should this amendment with new baseless claims be allowed. Plaintiffs believe a disaster relief loan obtained at the height of the pandemic are "profits" which they should be entitled to. Instead, the loan it is a testament to where the financial affairs of the corporation stood once Pratik Patel unilaterally decided to absolve himself of corporate responsibility and association. Such claims would warrant that depositions of the plaintiffs be retaken to properly defendant against these new claims, an amended Answer be interposed, all this for claims where plaintiffs don't even have standing because they had long since left the corporation.

11. Plaintiffs response is empty, lacking, and devoid of merit. This matter should be dismissed.

12. We thank the Court for giving us an opportunity to address it and be heard.

**WHEREFORE**, Defendants **NODDY SINGH, ARJUN SINGH** respectfully requests the Court for dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction and for any further

relief the Court deems just and proper under the circumstances.

Dated: May 10, 2022

Respectfully submitted,

/s/ Bobby Walia

Bobby Walia

Waliabobbyesq@hotmail.com

136-40 39th Ave #304

Flushing, New York 11354

Ph.No.:718-353-4478