UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRATIK PATEL and LALIT PATEL,

    Plaintiffs,

v.

NODDY SINGH and ARJUN SINGH,

    Defendants.

**MEMORANDUM & ORDER**
21-CV-00759 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

    This decision resolves Defendants' motion to dismiss Plaintiffs' complaint, *see* ECF No. 22, and Plaintiffs' motion to dismiss Defendants' counterclaims, *see* ECF No. 19, including the issues related to those motions about which Judge Seybert requested additional briefing while she presided over this case, *see* ECF No. 28. As further set forth below, the Court has considered the parties' submissions both related to their original motions and in response to Judge Seybert's order and finds that diversity jurisdiction exists over Plaintiffs' claims. The Court therefore denies Defendants' motion to dismiss and grants Plaintiffs' motion seeking permission to file their proposed amended complaint. The Court also denies Plaintiffs' motion to dismiss Defendants' counterclaims.

## PROCEDURAL HISTORY

    Plaintiff Pratik Patel alleges that he received $50,000 from Plaintiff Lalit Patel to invest with Defendants in a food services business, Pan King, Inc. ECF No. 1 ¶¶ 2–3. As a result of that investment, Pratik Patel allegedly received a 25% ownership interest in Pan King, and Defendants Noddy Singh and Arjun Singh split evenly between themselves the remaining 75% ownership interest in the corporation. *Id.* ¶¶ 2–4. Plaintiffs allege that despite Pratik Patel having done substantial work on behalf of Pan King, they never received any profits from the

business, and Defendants instead caused Pratik Patel to become liable for unpaid taxes and penalties of $5,723.45 attributable to Pan King's supposed profits. *Id.* ¶¶ 7–14; *see* ECF No. 1-2. Plaintiffs' complaint asserted a variety of claims, some of which have been withdrawn in their proposed amended complaint, all of which were based on New York law and premised on the Court's diversity jurisdiction. ECF No. 1 ¶ 5.

Defendants' answer asserted counterclaims for attorneys' fees and to recoup losses that Plaintiffs supposedly caused Pan King to incur. ECF No. 12 ¶¶ 143–54. They also moved to dismiss the complaint on the grounds that Plaintiffs did not adequately serve Arjun Singh and that Plaintiffs failed adequately to plead the amount-in-controversy requirement necessary for diversity jurisdiction. ECF No. 22. Plaintiffs moved to dismiss Defendants' counterclaims. ECF No. 19.

Judge Seybert, who previously presided over this case, responded to the parties' motions by seeking further briefing about jurisdictional issues and directing Plaintiffs to file a proposed amended complaint addressing those issues. ECF No. 28. First, she directed Plaintiffs to address the states of citizenship of the Patels and the Singhs. *Id.* at 4. Second, since Plaintiffs assert some derivative claims on behalf of Pan King, she directed Plaintiffs to address in their proposed amended complaint and supplemental memorandum of law whether Pan King should be aligned as a plaintiff or defendant in this case and whether the Court may exercise diversity jurisdiction based on that alignment. *Id.* at 5.

Plaintiffs responded by filing an amended complaint with new allegations about the parties' states of citizenship, along with allegations designed to show that Defendants exercised control over Pan King and that Pan King should, therefore, be aligned as a Defendant for purposes of Plaintiffs' derivative claims. ECF No. 34. Plaintiffs' proposed amended complaint

2

asserts direct claims, in Plaintiffs' individual capacity, for breach of contract and an accounting. *Id.* ¶¶ 32–37, 65–68. Plaintiffs also assert a derivative claim on behalf of Pan King for conversion and assert a breach of fiduciary duty claim that they allege as a derivative claim or, alternatively, as a direct claim. *Id.* ¶¶ 38–64. Plaintiffs had previously asserted each of these claims in their original complaint. *See* ECF No. 1. However, Plaintiffs' proposed amended complaint also asserts several new claims on behalf of Pratik Patel for alleged violations of the New York Labor Law related to the work that Pratik Patel performed on behalf of Pan King. ECF No. 34 ¶¶ 69–84. Specifically, Pratik Patel alleges that Defendants failed to pay him the full amount of minimum wages and overtime that he was owed for his work and failed to provide him with written statements of his wages at the time he was hired and with each paycheck. *Id.*

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. When a defendant makes a facial challenge to the sufficiency of the allegations in a plaintiff's complaint related to subject matter jurisdiction, rather than offering extrinsic evidence that attempts to rebut those allegations, the Court must still "accept[] the allegations in the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

3

complaint as true and draw[] all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022) (applying same pleading standard to "district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6)"); *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (explaining the difference between "facial" and "fact-based" challenges to subject matter jurisdiction).

## DISCUSSION

### I. Diversity Jurisdiction

#### A. Diversity of Citizenship Exists Between the Individual Parties

The simplest issue that the Court must resolve to determine whether it has diversity jurisdiction is whether the citizenship of the parties is diverse. The Court concludes that Plaintiffs' proposed amended complaint addresses the concerns raised by Judge Seybert regarding the individual parties' states of citizenship and properly alleges that the individual Defendants are citizens of different states than Plaintiffs. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[,] in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). Plaintiffs allege that they are domiciled in New Jersey, at the specific address identified in the proposed amended complaint, and intend to remain there, and that Defendants are domiciled in New York and intend to remain there. ECF No. 34 ¶¶ 6–8. Defendants argue that Plaintiffs' allegations about Defendants' domicile are conclusory, but Defendants proffer no facts disputing that they are citizens of New York. If Defendants have contrary facts, then they may challenge Plaintiffs' assertions of diversity of citizenship on summary judgment.

4

### B. Aligning the Corporation as a Defendant Preserves Diversity of Citizenship

Next, the Court must resolve the issue of Pan King's citizenship and whether it should be aligned as a plaintiff or defendant. Pan King is a citizen of New York because it is a corporation organized under the laws of the state of New York with its principal place of business in Hicksville, New York. This information is alleged in Plaintiffs' proposed amended complaint, *see* ECF No. 34 ¶ 1, and corroborated by Pan King's certificate of incorporation, which Defendants filed as an attachment to their amended answer, *see* ECF No. 12-1. Although Defendants argue that Plaintiffs' complaint is unclear as to whether Pan King is a corporation or some other type of business entity, *see* ECF No. 35 at 6, the certificate of incorporation that Defendants filed eliminates any uncertainty about this issue. *See Harty*, 28 F.4th at 441 (explaining that courts "may refer to evidence outside the pleadings" when resolving issues of subject matter jurisdiction at the pleadings stage).

For purposes of Plaintiffs' derivative claims, Pan King should be aligned with Defendants, thereby preserving diversity of citizenship between Plaintiffs, who are citizens of New Jersey, and Defendants, who, including Pan King, are citizens of New York. "The general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest. However, if aligning the corporation as a plaintiff would not provide a real collision of issues, then the court should realign the corporation in order to produce one." *Kitzen v. Hancock*, No. 17-cv-2966, 2017 WL 4892173, at *3 (E.D.N.Y. Oct. 27, 2017). "[A] corporation is properly considered a defendant if it is actively antagonistic to the plaintiff's interests." *Gold Coast Transp. Serv. LLC v. NTI-NY, Inc.*, No. 21-cv-5396, 2022 WL 2135264, at *5 (E.D.N.Y. Mar. 9, 2022), *report and recommendation adopted in relevant part*, 2022 WL 1468770, at *5 n.2 (E.D.N.Y. May 10, 2022) (aligning corporation as defendant). "Antagonism

5

is generally present in cases involving claims of fraud, breach of trust, and illegality on behalf of the management in control of the corporation, as well as circumstances where management is hostile to the interests of the shareholders." *Id.* Furthermore, "[w]hen the dominant official of the corporation is accused of fraud, the corporation is appropriately aligned as a defendant." *Hebei Tiankai Wood & Land Constr. Co., Ltd. v. Chen*, 348 F. Supp. 3d 198, 204 (E.D.N.Y. 2018) (aligning corporation as defendant).

The type of antagonism required to realign a corporation as a defendant exists in this case. Plaintiffs' proposed amended complaint alleges that even though Pratik Patel worked for Pan King, he was prevented from accessing the company's books and records, thereby depriving him of any information demonstrating whether the business was profitable and, if so, the amount of profits to which Plaintiffs were entitled. ECF No. 34 ¶¶ 16, 27–28. Plaintiffs further allege that Defendants misappropriated corporate funds by causing Pan King to apply for loans made available to companies struggling during the restrictions on doing business imposed during the COVID-19 pandemic—and then paying a substantial portion of that money to themselves. *Id.* ¶¶ 22, 24–26, 46. Additionally, Plaintiffs have only a 25% ownership interest in the corporation compared to Defendants' collective 75% ownership interest, which enables Defendants to control the corporation in a manner detrimental to Plaintiffs. *Id.* ¶¶ 2, 4, 9; *cf. Kitzen*, 2017 WL 4892173, at *4 (aligning corporation as plaintiff because 50-50 ownership split between plaintiff and defendants prevented defendants from controlling corporation in a manner antagonistic to plaintiff's interests).

    **C.**    **The Amount-in-Controversy Requirement Is Satisfied**

The Court further concludes that Plaintiffs' proposed amended complaint satisfies the amount-in-controversy requirement for diversity jurisdiction. "[A] plaintiff invoking federal

jurisdiction must demonstrate a reasonable probability that the amount-in-controversy requirement is satisfied," but the Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017).  In order successfully to challenge diversity jurisdiction at the pleadings stage, a defendant must therefore "demonstrat[e] to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Id.*  "'If the right of recovery is uncertain, the doubt should be resolved in favor of the subjective good faith of the plaintiff.'" *Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – N.Y. Branch, Inc.*, 821 F. App'x 32, 34 (2d Cir. 2020) (quoting *Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 785–86 (2d Cir. 1994)).  When a plaintiff demands both actual and punitive damages—and the plaintiff's state law claims authorize an award of punitive damages—then potential punitive damages "must be considered . . . in determining [the] jurisdictional amount." *Id.* at 35 (citing *Bell v. Preferred Life Assur. Soc'y of Montgomery*, 320 U.S. 238, 240 (1943)).

Defendants have argued that Plaintiffs cannot state a claim for more than $75,000 because Pan King was not profitable, and Plaintiffs therefore are entitled, at most, to the return of their $50,000 investment and repayment of their approximately $5,000 tax penalty.  ECF No. 22 at 10–11; ECF No. 35 at 7–12.[2]  In making this argument, Defendants rely on deposition testimony and tax filings that the parties have obtained through discovery.  ECF No. 35 at 7–12.  However, this type of evidence is insufficient to demonstrate at the pleadings stage that Plaintiffs cannot, as a legal certainty, recover more than $75,000 through a combination of their

---

[2]  Defendants also assert that discovery has revealed that the State of New York ultimately never required Plaintiffs to pay this tax penalty.  ECF No. 35 at 8.

7

investment in Pan King and their share of the company's alleged profits. To the extent that Defendants seek to demonstrate, based on the evidence revealed during discovery, that Pan King earned no profits or that Defendants did not misappropriate corporate funds, they may challenge the merits of Plaintiffs' claims through a motion for summary judgment at the conclusion of discovery. Since Plaintiffs have alleged, however, that Defendants blocked their access to corporate records, the Court will not hold Plaintiffs to the burden of pleading a specific amount of profits they are owed, or specific facts to substantiate that amount, in order to satisfy the amount-in-controversy requirement.

Additionally, Plaintiffs have alleged that they are entitled to punitive damages for their claims for breach of fiduciary duty and conversion, which are based on Defendants' alleged misappropriation of loans received by Pan King. ECF No. 34 ¶¶ 38–64. Under New York law, "[p]unitive damages are available for conversion where circumstances show that the conversion was accomplished with malice, insult, reckless and willful disregard for [a] plaintiff's rights, or by other proof evidencing the aggravated nature of the act." *Morales v. Kavulich & Assocs., P.C.*, 294 F. Supp. 3d 193, 198–99 (S.D.N.Y. 2018) (declining at summary judgment stage to strike request for punitive damages because "the decision to award punitive damages and their amount are questions which primarily reside in the jury's discretion"). New York law also permits punitive damages for breach of fiduciary duty claims. *See Dixon v. Stedman*, No. 22-cv-3581, 2022 WL 16924178, at *2 (E.D.N.Y. Nov. 14, 2022) (refusing to remand based on failure to meet amount in controversy requirement because plaintiff's breach of fiduciary duty claim "permit[ted] the recovery of punitive damages" under New York law). Since these claims for punitive damages may count towards the amount-in-controversy requirement, Plaintiffs have

8

adequately alleged damages satisfying that requirement, even if Plaintiffs' compensatory damages were limited in the manner that Defendants have argued.

## II.     Leave to Amend Plaintiffs' Complaint

The Court grants Plaintiffs leave to file their proposed amended complaint, with respect to both its: (i) new factual allegations of the parties' citizenship and Defendants' alleged antagonism in controlling Pan King, and (ii) Plaintiffs' new claims under the New York Labor Law.  Rule 15 requires Plaintiffs to receive permission from either Defendants or the Court to amend their complaint more than 21 days after either serving their original complaint or receiving Defendants' answer or a motion to dismiss.  Fed. R. Civ. P. 15(a)(2).  "Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend when justice so requires.  A district court may in its discretion deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021).

"The period of liberal amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.  It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up[on] a showing of the good cause that is required to modify a scheduling order under Rule 16(b)(4)."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).  Since Magistrate Judge Locke previously set a deadline of May 29, 2021, for filing motions to amend pleadings, *see* ECF No. 17, and Plaintiffs filed their proposed amended complaint in April 2022, *see* ECF No. 34, Plaintiffs "'must satisfy *both* Federal Rules of Civil Procedure 15 and 16 to be permitted to amend.'"  *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021) (quoting *Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017)).  The good cause standard in Rule 16 "requires the moving

party to have acted diligently," and "[a] lack of diligence is therefore reason alone to deny leave to amend." *Id.*

Good cause exists here to allow Plaintiffs to add the new jurisdictional allegations in their proposed amended complaint related to Defendants' states of citizenship and the antagonism between Plaintiffs and Pan King. Judge Seybert specifically invited those amendments in her order on the parties' earlier motions to dismiss, and they cure the potential jurisdictional issues that Judge Seybert raised.

The Court likewise concludes that Plaintiffs have demonstrated good cause for adding Pratik Patel's claims under the New York Labor Law. Plaintiffs' stated basis for adding these claims is information revealed during the deposition of Arjun Singh, which did not occur until February 2022, *see* ECF No. 26, after the deadline to amend pleadings had already expired, and only two months before Plaintiffs filed their proposed amended complaint. Although the Second Circuit, "ha[s] not set out a specific definition for undue delay" that would preclude a plaintiff from amending his complaint, "most delays warranting denial of leave to amend are several years in length." *Schvimmer v. Off. of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021).

The Court also finds that the additional discovery associated with Pratik Patel's New York Labor Law claims is likely to be minimal, and therefore will not prejudice Defendants. The parties should not need much discovery beyond any records that Defendants maintained related to the hours Pratik Patel worked and the amounts he was paid, and the Court understands, based on the record of the parties' conferences with Magistrate Judge Dunst, that the parties have been pursuing this discovery while the parties' motions have been pending. If anything, since the New York Labor Law's six-year statute of limitations has not expired, Defendants would

10

face a greater discovery burden if Pratik Patel were to pursue these claims in a separate state court lawsuit rather than in this lawsuit.

Since the Court is granting Plaintiffs leave to amend to assert Pratik Patel's New York Labor Law claims, the damages associated with these claims also count towards the amount-in-controversy requirement. Those damages therefore further support the Court's holding, described in Section I.C above, that diversity jurisdiction exists.

### III.   The Court Rejects the Parties' Various Additional Bases for Dismissal

Prior to Judge Seybert's decision, the parties made various additional arguments in their motions about why Plaintiffs' claims should be dismissed, *see* ECF No. 22, or why Defendants' counterclaims should be dismissed, *see* ECF No. 19. The Court rejects each of these arguments for the reasons described in this section.

The Court denies Defendants' motion to dismiss Plaintiffs' claims against Arjun Singh for lack of proper service. The Second Circuit has held that the service requirements in Rule 4 are "to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'" *Zhou v. Slim Grass Beauty Corp.*, No. 18-cv-5761, 2021 WL 54058, at *2 (E.D.N.Y. Jan. 6, 2021) (quoting *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)). Therefore, although courts may dismiss complaints for improper service, they should not do so if "it appears that proper service may still be obtained." *Id.*; *see also Swayze v. LaFontant*, No. 21-cv-4867, 2022 WL 2209148, at *2 (S.D.N.Y. June 21, 2022) (describing same standard).

Plaintiffs' affidavit of service states that Plaintiffs served Arjun Singh by personally delivering a summons and complaint to co-defendant Noddy Singh at an address in Hicksville, New York, which Noddy Singh confirmed to Plaintiffs' process server was Arjun Singh's place

11

of residence at that time.  ECF No. 10.  Plaintiffs' process server followed up by mailing the summons and complaint to the same address.  *Id.*  Plaintiffs served Noddy Singh by personal delivery at the same address, at the same time, without the subsequent mailing.  ECF No. 9.  Defendants argue that, contrary to the process server's sworn affidavit, Noddy Singh, whom they concede is Arjun Singh's brother, was wrong to tell the process server that Arjun Singh resided at the address where Plaintiffs attempted service and that Arjun Singh had, in fact, moved elsewhere.  ECF No. 22 at 12–14; ECF No. 22-1.  Defendants have made no argument that Noddy Singh was improperly served.

Defendants are correct that serving a defendant at his former dwelling, even if the mistake was reasonable, is improper service.  *See Swayze*, 2022 WL 2209148, at *3.  However, if a defendant has received actual notice of a lawsuit, "regardless of whether service was initially proper or whether good cause is found, the Court may still grant an extension of time given to a plaintiff to serve the defendant in its discretion."  *Id.* (declining to dismiss complaint for lack of service).

Granting Plaintiffs additional time to complete service on Arjun Singh is the appropriate remedy for Plaintiffs' initial, purportedly inadequate service.  Defendants appeared and answered Plaintiffs' complaint less than a month after it was filed, thereby demonstrating that they received actual notice of this lawsuit, and they have participated extensively in the case since then.  *See Shuford v. City of New York*, No. 17-cv-6349, 2020 WL 3129262, at *2 (E.D.N.Y. June 12, 2020) (explaining that extending the service deadline is proper when defendants have actual notice of plaintiff's lawsuit before the statute of limitations has expired).  Since Noddy Singh apparently told Plaintiffs' process server that Arjun Singh lived at the address where Plaintiffs attempted service, Plaintiffs were "under a reasonable belief that [their] attempted

12

service was proper," thereby demonstrating good cause for an extension. *Wilmington PT Corp. v. Parker*, No. 19-cv-2380, 2021 WL 4122992, at *4 (E.D.N.Y. Sept. 9, 2021) (granting extension when a co-occupant told plaintiff's process server that defendant lived at the property where plaintiff attempted service). The fact that both Defendants are represented by the same attorney, and only Arjun Singh is disputing the validity of service, further supports that allowing Plaintiffs to re-attempt service is not prejudicial to any of the parties. *See Zhou*, 2021 WL 54058, at *4 (refusing to dismiss defendant for improper service because her representation by the same attorney as another defendant, to whom she was related, showed that she had actual notice of the lawsuit).

The Court also denies Plaintiffs' motion to dismiss Defendants' counterclaim for attorneys' fees. *See* ECF No. 19-1 at 5–6. Although under New York law, "attorneys' fees are considered an incident of litigation and are not recoverable unless authorized by statute, court rule, or written agreement of the parties," New York allows "an exception to this general rule." *Porrini v. McRizz, LLC*, No. 19-cv-3979, 2020 WL 1676101, at *7 (E.D.N.Y. Apr. 6, 2020). That exception permits parties to recover attorneys' fees when their adversary "intentionally seeks to inflict economic injury . . . by forcing them to engage legal counsel." *Id.* Since this exception exists, courts typically consider it "premature to dismiss or strike a demand for attorneys' fees" even if a party's likelihood of ultimately recovering attorneys' fees is relatively small. *Id.* Plaintiffs may challenge whether Defendants are entitled to attorneys' fees after the merits of the parties' claims have been fully resolved either through summary judgment or trial.

The Court also denies Plaintiffs' motion to dismiss Defendants' counterclaim seeking to recover losses that Plaintiffs supposedly caused to Pan King. *See* ECF No. 19-1 at 6–7. Plaintiffs argue that Arjun and Noddy Singh cannot bring this claim on their own behalf because

the claim belongs to Pan King rather than to the Singhs personally. *Id.* However, since the Court is granting Plaintiffs leave to file their proposed amended complaint, Defendants will need to file a new answer responding to the amended complaint. Especially now that the Court has ruled that Pan King must be aligned as a Defendant, Defendants will have an opportunity to clarify in their amended answer whether the Singhs are pleading this counterclaim derivatively on behalf of Pan King or whether Defendants' counsel is also representing Pan King and asserting this claim on the company's behalf.

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss Plaintiffs' complaint, *see* ECF No. 22, and Plaintiffs' motion to dismiss Defendants' counterclaims, *see* ECF No. 19. The Court accepts Plaintiffs' proposed amended complaint, *see* ECF No. 34, and shall treat it as the operative complaint going forward.

Defendants shall file an answer to Plaintiffs' amended complaint, which may include any new factual or procedural allegations related to Defendants' existing counterclaims, on or before March 21, 2023, but they may not assert new counterclaims without first seeking the Court's leave. If Plaintiffs still take issue with Defendants' second counterclaim after the filing of Defendants' answer to Plaintiffs' amended complaint, then Plaintiffs shall file a pre-motion letter that complies with Section IV.A of the Court's Individual Practices no later than March 28, 2023.

Plaintiffs shall serve a copy of their amended complaint and a summons on Arjun Singh no later than March 21, 2023. If Defendants' counsel does not agree to waive service on Arjun Singh's behalf, then the Court will consider reasonable further extensions of this deadline and

14

will entertain a motion by Plaintiffs to impose the cost of service on Arjun Singh, pursuant to Rule 4(d)(2).

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
         February 28, 2023