UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                              Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

                              Defendants.
-----------------------------------------------------------------X

**AMENDED ANSWER**
DOCKET #
2:21-cv-00759-JS-SIL

**Noddy Singh and Arjun Singh**, (hereinafter "defendants")by and through their attorneys, **WALIA & WALIA, PLLC**, as and for an Amended Answer to Plaintiffs' complaint, respectfully Answer the allegations, as follows:

1.    With respect to paragraph 1, ADMITS Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation under the laws of the State of New York.

2.    With respect to paragraph 2, ADMITS Pratik Patel was at one point a shareholder of Pan King, Inc. with a 25% ownership in the company and denies any remaining allegations in said paragraph.

3.    Defendants deny knowledge with respect to each and every allegation contained in paragraph 3.

4.    With respect to paragraph 4, ADMITS defendants are shareholders of Pan

King, Inc. with each having a 37.5% ownership in the company.

5. Denies allegations in paragraph 5 because the amount in controversy is below $75,000.00.

6. With respect to paragraph 6, DENIES knowledge sufficient to form a belief whether P Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

7. With respect to paragraph 7, DENIES knowledge sufficient to form a belief whether L Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

8. ADMITS Defendants are domiciled in New York with intent to stay.

9. DENIES Pan King, Inc. is controlled and managed by Defendants only but ADMITS Defendants are shareholders of Pan King, Inc. with controlling majority of shares.

10. ADMITS P Patel at one point owned shares of Pan King, Inc. DENIES any collision in interest. Denies any remaining allegations in said paragraph.

11. Denies allegations in paragraph 11, venue is improper as the corporate defendant, Pan King, Inc. should be aligned as a Plaintiff.

12. Denies the allegations in paragraph 12, except admits that defendant PRATIK PATEL was a 25% shareholder of Pan King, Inc. All conclusions of law are submitted to the Court. Defendants deny that PRATIK PATEL or LALIT PATEL were partners of Pan King, Inc.

13. Deny knowledge sufficient to form a belief in paragraph 13.

14. Deny knowledge sufficient to form a belief in paragraph 14.

15. Deny the allegations in paragraph 15. All conclusions of law are submitted to the Court.

16. Deny the allegation in paragraph 16.

17. Deny the allegation in paragraph 17.

18. ADMIT that in the past P Patel was an employee and a shareholder of Pan King, Inc.

19. ADMIT P Patel left his position unilaterally approximately in December of 2019 when he "stepped down from the corporation."

20. Deny the allegation in paragraph 20. He did relinquish his shares and disavowed any connection with Pan King, Inc.

21. Deny the allegation in paragraph 21.

22. Admit Pan King, Inc. applied for and received Economic Injury Disaster loan. Denies any remaining allegations in said paragraph.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24. The check was reimbursement for money spent on behalf of Pan King, Inc.

25. Deny the allegations in paragraph 25.
26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27, except admit a demand pursuant to NY Business Corporation Law § 624 was sent to Pan King, Inc.

28. Deny the allegations in paragraph 28. Discovery demands have been responded to.

29. Paragraph 29 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead, Pratik Patel is no longer a shareholder, and a disinterested majority considers this action meritless.

30. With respect to paragraph 30, Denies the allegations in paragraph 30, except admits that defendant PRATIK PATEL was a 25% shareholder of Pan King, Inc.

31. With respect to paragraph 31, Paragraph 31 states a conclusion of law, which

is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead, plaintiffs are no longer shareholders, and a disinterested majority considers this action meritless.

32. Deny the allegations in paragraph 32.
33. Deny the allegations in paragraph 33.
34. Deny the allegations in paragraph 34. He breached his obligations and responsibilities by refusing to work after December 2019.
35. Deny the allegations in paragraph 35. Pratik Patel took his share of profits by way of salary.
36. Deny the allegations in paragraph 36.
37. Deny the allegations in paragraph 37.
38. Deny the allegations in paragraph 38.
39. Deny the allegations in paragraph 39.
40. Deny the allegations in paragraph 40. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.
41. Deny the allegations in paragraph 41.
42. Deny the allegations in paragraph 42.
43. Deny the allegations in paragraph 43. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.
44. Deny the allegations in paragraph 44.
45. Deny the allegations in paragraph 45. Defendants are personally responsible for EIDL loans which Pratik Patel wanted no part of after he unilaterally stepped down in December of 2019.
46. Deny the allegations in paragraph 46.
47. Deny the allegations in paragraph 47.
48. Deny the allegations in paragraph 48.
49. Deny the allegations in paragraph 49.
50. Deny the allegations in paragraph 50. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.
51. Deny the allegations in paragraph 51.
52. Deny the allegations in paragraph 52.
53. Deny the allegations in paragraph 53.
54. Deny the allegations in paragraph 54. There are no profits to be had.
55. Deny the allegations in paragraph 55. Checks were for losses previously paid by Noddy Singh and Arjun Singh.

56. Deny the allegations in paragraph 56.
57. Deny the allegations in paragraph 57.
58. Deny the allegations in paragraph 58.
59. Deny the allegations in paragraph 59 except admit Pan King, Inc. did receive an EIDL loan.
60. Deny the allegations in paragraph 60.
61. Deny the allegations in paragraph 61.
62. Deny the allegations in paragraph 62. P Patel is not responsible for repayment of the loan as such there is no distribution to speak of.
63. Deny the allegations in paragraph 63. There are no profits to be had.
64. Deny the allegations in paragraph 64.
65. Deny the allegations in paragraph 65.
66. Deny the allegations in paragraph 66.
67. Deny the allegations in paragraph 67.
68. Deny the allegations in paragraph 68.
69. Deny the allegations in paragraph 69.
70. Deny the allegations in paragraph 70.
71. Deny the allegations in paragraph 71. He took monies for which there is no accounting.
72. Deny the allegations in paragraph 72.
73. Deny the allegations in paragraph 73.
74. Deny the allegations in paragraph 74.
75. Deny the allegations in paragraph 75.
76. Deny the allegations in paragraph 76.
77. Deny the allegations in paragraph 77.
78. Deny the allegations in paragraph 78.
79. Deny the allegations in paragraph 79.
80. Deny the allegations in paragraph 80.
81. Deny the allegations in paragraph 81.
82. Deny the allegations in paragraph 82.
83. Deny the allegations in paragraph 83.
84. Deny the allegations in paragraph 84.
85. Deny validity of all causes of action. Any paragraphs not specifically responded to are deemed denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "85" with the same force and effect as if more fully set forth at length herein.

87. The Amended Complaint is not verified. All derivative claims contained in the Amended complaint must be dismissed pursuant to Fed. R. Civ. P. 23.1.

88. Fed. R. Civ. P. 23.1 controls derivative suits in federal court and states unequivocally that the complaint based on a derivative complaint must be verified.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "88" with the same force and effect as if more fully set forth at length herein.

90. Pratik Patel signed a shareholder agreement which clearly laid out his duties and responsibilities as a shareholder.

91. Pratik Patel agreed to work for a minimum of forty eight (48) hours per week.

92. Pratik Patel reneged on his responsibilities as a shareholder, as such, any shares held by him were deemed null and void at a duly convened shareholder/Board of Directors meeting where 75% of the majority voted in favor of voiding Pratik Patel's shares:

Q. Is the reason you stopped working for Pan King Inc. in December of 2019 because you wanted to move out of New York?
A. Not that was the only reason.

Q. Was that part of the reason why?
A. Because I wasn't making a profit out of it...
Pratik Patel deposition pg. 177 lines 9-16, annexed as Exhibit "A."
Pratik Patel "stepped down from the corporation" in December of 2019.
Q. What kind of verbal notice did you give them?
A. Me and my brother went to them. They were at the restaurant, Arjun Singh and Noddy Singh, we spoke to them "We are moving out, and we want to step down from the corporation."
Pratik Patel deposition Pg. 202, lines 5-12

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93.     Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "92" with the same force and effect as if more fully set forth at length herein.

94. Plaintiffs admitted that they never paid any part of the alleged $5,723.45 tax lien, instead the tax levy was removed:

Q. I am a little confused by your answer.
A. No that happened, like I kept getting notices from the taxation department, so I called them and I talked to an agent and she said I am the liable person, so you have to make the payment. And I talked to them, our court case is going on, and they said they don't have anything to do with this civil case, so I have to make a payment. I couldn't make a $5,000 payment. She helped me out to make a payment plan. She made the document, forwarded it to me, and when was the due date to make a payment, she said, "It's your lucky day, It's been paid."
Q. You never paid a single payment in the document marked as Defendants' Exhibit L?
A. Yes.
Q. Yes, that's correct?
A. Yes, that's correct.
See Deposition of Pratik Patel pgs. 182-183, pg. 182 lines 15-25, pg.183 lines 1-15

95. Plaintiffs make false, unsubstantiated claims of having paid a $5,723.45 tax lien on

behalf of Pan King, Inc., any such claims should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "95" with the same force and effect as if more fully set forth at length herein.

97. This court lacks subject matter jurisdiction. Plaintiffs' claims of diversity to file in the District Court are manufactured, contrived and made under false pretenses. Defendants claim of damages in excess of seventy five thousand ($75,000.00) dollars is falsely manufactured.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.     Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "97" with the same force and effect as if more fully set forth at length herein.

99.     Failure to plead required elements of demand futility.

100.    Disinterested majority considers this claim meritless.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "100" with the same force and effect as if more fully set forth at length herein.
102. The defendants cannot be sued in their personal capacity being that they are

shareholders of PAN KING Inc. which is a domestic business corporation established under New York Business Corporation Law § 628 (a) which provides: A holder of or subscriber for shares of a corporation shall be under no obligation to the corporation for payment for such shares other than the obligation to pay the unpaid portion of his subscription which in no event shall be less than the amount of the consideration for which such shares could be issued lawfully.

103.    Corporate Immunity as to defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "103" with the same force and effect as if more fully set forth at length herein.

105. Plaintiffs lack of standing to bring this suit.

106. Plaintiffs are not and never were directors to the corporation.

107. There have been no dealings by and between defendants and LALIT PATEL.

108. Furthermore, plaintiffs cannot sue the corporation and or defendants who are members and shareholders of the same corporation.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

109.    Defendants repeat, reiterate and reallege each and every admission, denial

and allegation contained in aforementioned paragraphs numbered "1" through "108" with the same force and effect as if more fully set forth at length herein.

110.   Plaintiff PRATIK PATEL had access to the company funds and profits.

111. Plaintiff PRATIK PATEL took company funds for his own benefit for which there is no accounting.

112.  Plaintiff PRATIK PATEL cannot file a derivative claim on behalf of the corporation against defendants having unclean hands after looting corporate assets.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

113. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "112" with the same force and effect as if more fully set forth at length herein.

114.   The statute of limitations has expired.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## AND FIRST COUNTER-CLAIM

115.   Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "114" with the same force and effect as if more fully set forth at length herein.

116.   Defendants Noddy Singh and Arjun Singh bring this action derivatively in the right and for the benefit of Pan King, Inc. to redress injuries they suffered, and that they continue

to suffer, as a direct result of breaches of fiduciary duties owed by Plaintiffs.

117. A Pre-litigation demand was served on the corporation, Pan King, Inc. demanding the right to commence a lawsuit against Pratik Patel and Lalit Patel. Annexed hereto as **Exhibit "A."** Demand with minutes of Board Meetings.

118. On March 14, 2023 at a lawfully noticed shareholder/Board of Directors meeting it was resolved and agreed to by a majority of the shareholders/Board of Directors that Noddy Singh and Arjun Singh were authorized to bring a derivative action in the right and benefit of Pan King, inc. to redress injuries they suffered and continue to suffer.

119. As set forth above, Defendants are shareholders in Pan King, Inc. and have each been 37.5% shareholders for a total ownership amounting to 75% for both Noddy and Arjun Singh during the time relevant to this matter.

120. Defendants will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

121. Defendants do have an interest in Pan King, Inc. constituting 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above. As such, the pre-litigation demand upon Pan King, Inc. to sue Plaintiffs for the breaches of fiduciary duty set forth herein was validly ratified.

122. Pan King Inc. has suffered losses since PRATIK PATEL's departure for which PRATIK PATEL has not taken responsibility being that he was a 25% shareholder in the company.

123. PRATIK PATEL as shareholder was responsible for losses sustained by the

Corporation, Pan King, Inc.

124.   PRATIK PATEL unilaterally and voluntarily left in December of 2019 to avoid paying for the losses sustained by the corporation.

125. Defendants demand judgment against plaintiffs for reimbursement of the equitable share of losses incurred by defendants as shareholders of Pan King Inc. from PRATIK PATEL based upon the agreement signed off by all parties in the amount of two hundred fifty thousand ($250,000.00) dollars on behalf of Pan King, Inc.

Yours, etc.

_____
BOBBY WALIA

**WALIA & WALIA, PLLC**
Attorneys for Defendants
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Ph.No.:718-353-4478

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

## VERIFICATION

)
:ss
)

**NODDY SINGH** being duly sworn, deposes and says, that deponent is the Defendant, that deponent has read the foregoing **AMENDED VERIFIED ANSWER** and knows the contents hereof; that the same is true to deponent's own knowledge, and that as to those matters deponent believes them to be true. Deponent agrees with the contents of the **AMENDED VERIFIED ANSWER**.

### AMENDED VERIFIED ANSWER

DATED: Flushing, New York
March 14, 2023

_[signature]_
**NODDY SINGH**
_[signature]_ 3/15/23

SWORN TO BEFORE ME
THIS 15 DAY OF MARCH 2023

_[signature]_
ANDREW BOVA
Notary Public, State of New York
No. 01BO6116456
Qualified in Nassau County
Commission Expires October 4, 2024

## VERIFICATION

)
:ss
)

**ARJUN SINGH** being duly sworn, deposes and says, that deponent is the Defendant, that deponent has read the foregoing **AMENDED VERIFIED ANSWER** and knows the contents hereof; that the same is true to deponent's own knowledge, and that as to those matters deponent believes them to be true. Deponent agrees with the contents of the **AMENDED VERIFIED ANSWER**.

### AMENDED VERIFIED ANSWER

DATED:  Flushing, New York
        March 14, 2023

_____
**ARJUN SINGH**

March 15 2023

SWORN TO BEFORE ME
THIS 15 DAY OF MARCH 2023

ANDREW BOVA
Notary Public, State of New York
No. 01BO6116456
Qualified in Nassau County
Commission Expires October 4, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

PRATIK PATEL, individually and as a shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice; LALIT PATEL, individually and as a partner of PAN KING, Inc. d/b/a NY Chicken & Rice

                         Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                         Defendants.

-------------------------------------------------------------------------X

**AMENDED ANSWER**
Index No.:
2:21-cv-00759-JS-SIL

---

**WALIA & WALIA, PLLC**
Attorneys for the Defendants
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, NY 11354
Ph.No.: 718-353-4478

---

TO:

Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com