UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATIK PATEL and LALIT PATEL,<br><br>                  Plaintiffs,<br><br>        v.<br><br>NODDY SINGH and ARJUN SINGH,<br><br>                Defendants. | **ORDER**<br>21-CV-00759 (HG) (LGD) |

**HECTOR GONZALEZ**, United States District Judge:

       The Court denies Defendants' request for a pre-motion conference regarding another proposed motion to dismiss Plaintiffs' claims. *See* ECF No. 47. Defendants may renew their request by filing a letter no longer than five pages on or before April 3, 2023, which must specify both the factual and legal bases for the relief that Defendants request and may not simply summarily describe Defendants' requests for relief. If Plaintiffs oppose Defendants' requested relief, they must file a responsive letter no longer than five pages on or before April 10, 2023, specifying the legal and factual bases for their opposition. The Court hereby warns the parties that the Court will not necessarily schedule a conference in response to their letters, and the Court may resolve issues that are sufficiently clear based on the letters themselves without full briefing, so the parties should not omit arguments from their letters based on the assumption that they will have further opportunities to be heard on these issues.

       With respect to Defendants' assertion that Plaintiffs' derivative claims should be dismissed because Plaintiffs' amended complaint was not verified, as required by Rule 23.1(b), Defendants' letter shall provide case law or other legal authority demonstrating that dismissal is the proper remedy, rather than requiring Plaintiffs to submit a verification. To the extent Defendants intend also to argue that Plaintiffs' derivative claims should be dismissed for failing

to make a pre-suit demand to the directors of Pan King, Inc., Defendants' letter shall address whether such demand would have been futile in light of the apparent hostility and antagonism between Pan King and Plaintiffs described in the Court's order denying Defendants' earlier motion to dismiss.  *See* ECF No. 44.

With respect to each proposed counterclaim identified in Defendants' current letter, *see* ECF No. 47, Defendants' new letter must identify the statute of limitations applicable to that counterclaim and, if the statute of limitations has expired, explain why the statute of limitations should be tolled or why the proposed counterclaim should relate back to one of Defendants' earlier pleadings.  Finally, Defendants' letter shall specify whether they intend to assert each proposed counterclaim directly on behalf of the individual Defendants, directly on behalf of Pan King, or derivatively on behalf of Pan King.

SO ORDERED.

        */s/ Hector Gonzalez*
        HECTOR GONZALEZ
        United States District Judge

Dated: Brooklyn, New York
       March 27, 2023