# WALIA & WALIA, PLLC
Attorneys at Law
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

March 30, 2023

Via ECF
Honorable Hector Gonzalez
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6A South

          Re: Patel et al v. Singh et al.
             Case No: 2:21-cv-00759-JS-SIL
             Letter Motion for Dismissal

Dear Judge Gonzalez,

      Pursuant to Your Honor's rules, please accept this letter which sets forth Defendants' position as to why Plaintiffs amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure Rule 23.1 (b). Pan King Inc. issued 200 no par value shares. The Plaintiffs have not produced a stock certificate or demonstrated in any manner through documentary evidence that they are in fact current holders of twenty five (25%) percent of the shares issued by Pan King Inc. Plaintiffs filed an amended complaint containing several derivative causes of action. Said amended complaint was not signed by Plaintiffs' counsel pursuant to Rule 11. The amended complaint does not contain an original signature and should be dismissed for this reason alone. A verification is not required for every type of pleading, however, every pleading, must be signed by the attorney of record. See Fed. R. Civ. P. 11(a). If the paper is not signed, it should be stricken, unless it is signed promptly after the omission is called to the attention of the pleader. See Fed. R. Civ. P. 11(a). Federal Rule of Civil Procedure Rule 23.1 (b) does require a pleading containing derivative causes of action to be verified. Rule 11 merely requires that all pleadings be made in good faith. Rule 11 lacks the component of truthfulness required by Rule 23.1(b) by way of positive verification of the plaintiff which demonstrates that he knows the allegations contained in the complaint are truthful.

      In a derivative action the function of Rule 23.1 (b) is to assure that the pleadings are not a sham, that they have merit based upon the personal knowledge of the plaintiff. To insure that the pleadings are not being artificially being generated so that the plaintiff's attorneys can claim attorneys' fees a verification is required. The attorney is not the owner of personal facts which give rise to the claim and as such does not possess the truthfulness component that can only be made by way of verification by the plaintiff. The amended pleadings only contain an electronic signature not an actual signature. See Amended Complaint, ECF # 34. Rule 23.1 (b) is also meant to assure that diversity is not being artificially generated by claiming "antagonism" or a "real collision of interest." Again, it would only be the plaintiff that could verify the truthfulness of the allegations pertaining to "antagonism" or a "real collision" of interest, for obvious reasons plaintiff's counsel is not the possessor of facts which would allow him to do so. The Amended complaint is not verified despite Plaintiff's counsel being apprised of the same. See Amended Complaint, ECF # 34, See Reply in Opposition ¶P3ECF #35.

      So given the clear notice given to Plaintiffs' counsel that "here we have a defective complaint, it's not even verified, as is required for derivative causes of action. See Rule 23.1, Plaintiffs chose to

# WALIA & WALIA, PLLC
**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

disregard the same. This disregard was intentional. No effort was made to comport the Amended complaint to the truthfulness requirements of Rule 23.1(b) despite the clear notice. In *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966), the U.S. Supreme Court reversed the District court and the seventh circuit court of appeals finding that a thorough investigation consisting of several months of investigation where they met with defense counsel and got concrete information which uncovered a scheme to buy back shares at an inflated price combined with the fact that the plaintiff knew little English, worked as a seamstress, was enough to overcome her ignorance with respect to the verification she did sign. The District Court and Court of Appeals dismissed the case despite the presence of a verification because:

> We can only conclude, as did the court below, that plaintiff's verification of the complaint was false because she swore to the verity of alleged facts of which she was wholly ignorant." 342 F. 2d, at 606.

The ignorance came to light as part of defendants deposition where Plaintiff freely admitted she had no knowledge or understanding of the basic allegations of her complaint. Here the amended complaint is not verified, and the plaintiff speaks fluent English. He was deposed for several hours without an interpreter and demonstrated knowledge of facts needed to formulate a complaint containing derivative causes of action. The plaintiff Pratik Patel contradicts various allegations contained in the complaint, calling in to question what if any investigation was done by Plaintiffs' counsel before filing the amended complaint? Whatever was done is clearly insufficient in comparison to the investigation done by counsel in *Surowitz v. Hilton Hotels Corp.*, which was sufficient to overcome doubts of the signed verification. Here we have a Plaintiff who was an employee of the Corporation, responsible for opening and closing the store. To say that he lacked knowledge of the day to day operations of the corporation when he was responsible for running the day to day operations is untenable.

> Q. You were the person who opened up the store at 10 o'clock when you worked there from December 2017 to December 2019; is that correct?
> A. Not every day opening the store.
> Sometimes I had to close the store. See ECF #35 Exhibit "A." pg. 48 lines 1-6.

The lack of investigation done by plaintiffs counsel is highlighted by paragraph 17 of the Amended Complaint, annexed as Exhibit "B" See ECF # 34, is a purported tax lien which plaintiff claims he was "hit" with. This is false and an outright fabrication based upon the testimony of Pratik Patel where he admitted he did not pay any tax lien.

> Q. I am a little confused by your answer.
> A. No that happened, like I kept getting notices from the taxation department, so I called them and I talked to an agent and she said I am the liable person, so you have to make the payment. And I talked to them, our court case is going on, and they said they don't have anything to do with this civil case, so I have to make a payment. I couldn't make a $5,000 payment. She helped me out to make a payment plan. She made the document, forwarded it to me, and when was the due date to make a payment, she said, "It's your lucky day, It's been paid."

## WALIA & WALIA, PLLC
Attorneys at Law
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

Exhibit L?
Q. You never paid a single payment in the document marked as Defendants'
A. Yes.
Q. Yes, that's correct?
A. Yes, that's correct.

See Deposition of Pratik Patel ECF #35 Exhibit "A."pgs. 182-183, pg. 182 lines 15-25, pg.183 lines 1-15.

The allegation contained in paragraph 17 of the amended complaint is unsupported by the plaintiff himself and he certainly has knowledge of the facts to refute this allegation because he was served with the purported tax lien, and yet Plaintiff's counsel still included this false allegation as part of the amended complaint, thus highlighting the need for this derivative complaint to be verified. There are no facts substantiating any investigation done by plaintiffs' counsel and plaintiff himself is quite knowledgeable on this issue. The Court of Appeals and the District Court dismissed plaintiff's complaint with prejudice and the U.S. Supreme Court would have dismissed as well if the record was that of this case. The facts of this case are antithetical to those of *Surowitz v. Hilton Hotels Corp.,* Rule 23.1(b) has not been repealed and Plaintiffs intentionally disregarded the same with impunity.

A verification of a complaint which plaintiff never read or knew about cannot be used as a cure because plaintiff in reality had no input as to the allegations contained in the Amended Complaint. The intentional disregard of Rule 23.1 (b) cannot be cured by submitting a verification after the fact because any post verification would be tantamount to a sham having little to no credibility being that the causes of action previously submitted without the verification are now being resubmitted verbatim after plaintiff "verified" the same. The point of a verification is that plaintiff be given a chance to review and provide input at the time of filing based on his personal knowledge, this cannot be done after the fact, such a procedure would be spurious at best. The allegations contained in Plaintiffs' Amended complaint were simply concocted without the benefit of a verification which was required as per Rule 23.1 (b). Pursuant to NYCPLR §3022 Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity. Although a Federal counterpart is not available this Court is urged to treat the amended complaint as a nullity because a verification was clearly required, plaintiffs were apprised of the same, and this is the only available cure for this type of defect which has the weight of credibility.

Federal Rule of Civil Procedure 23.1 (b) Pleading Requirements states the complaint must be verified, it is not. Pursuant to the clear unambiguous pleading requirements said complaint must be dismissed. Plaintiffs' can seek to amend the same again but have to explain why they didn't file a verified amended complaint even after counsel for the defendants pointed out the defect? Plaintiffs will be hard pressed to make the requisite showing of "good cause" in light of the record on this matter. Plaintiffs were certainly not diligent, and did not act based on information provided by defendants' counsel. Any further amendments would cause undue delay and hardship on the defendants.

With respect to manufacturing diversity, and pleading "antagonism" or a "real collision of interest,"keeping in mind the decision on this matter by this Honorable Court, and being respectful of

# WALIA & WALIA, PLLC
**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

the same, we wish to point out that we do not contest that service of a demand would not have caused the directors to sue themselves, but given that a demand was not served, more is required to show that there was "antagonism" or a "real collision of interest." "[A]ntagonism between parties is determined based on the relationship between the parties at the time the action is commenced." See Duffey v. Wheeler, 820 F.2d at 1163 (requiring present antagonism for realignment of a corporation) Courts have condoned retaining the corporation as a party defendant occur only where the corporation has been found to be "actively antagonistic" to the plaintiff's interests. Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957); Reilly Mortgage Group v. Mt. Vernon Savings Loan, 568 F. Supp. 1067 (E.D.Va. 1983); Rogers v. Valentine, 306 F. Supp. 34 (S.D.N.Y. 1969), aff'd, 426 F.2d 1361 (2d Cir. 1970). Here the Plaintiffs had unfettered access to company assets, were responsible for opening and closing the store with no one else around.

> Q. How much, in dollars, would that change be that you would get, on average, from the Bank of America Branch?
> A. A hundred to 200.
> Q. A hundred to 200 dollars in change?
> A. Yes.
> Q. What would you give them in order to get the hundred to 200 dollars in change, would it be U.S. currency cash?
> A. Cash.
> Q. Where did you get the cash from in order to get that change?
> A. From the register.
> Q. Who did you inform, if anybody, prior to getting that change?
> A. I don't need to inform anyone.

See Deposition of Pratik Patel ECF #35 Exhibit "A."pg.59 lines 6-21.

There was no fraud here according to the Plaintiff himself.

> Q. I will ask you, Mr. Patel, to look through the entire document and tell me if you see any fraudulent activity listed within the document.
> A. Okay. No.

See Deposition of Pratik Patel ECF #35 Exhibit "A."pg.160 lines 20-23.

Whether it was a cell phone, laptop, phone call, you had access to the banking records from Bank of America associated with Halal Chicken and Rice Co.; is that correct?
> A. Yes, sir.

See Deposition of Pratik Patel ECF #35 Exhibit "A."pg.52 lines 7-10.

The case law requires active "antagonism," there was none here being that there was no fraud, Plaintiffs had access to the banking records and corporate funds without oversight. To show "antagonism"in order to meet the pleading requirement of a demand being futile plaintiffs were required to plead facts amounting to "active antagonism," they did not, instead resorting to conclusory allegations. The requirement of Rule 23.1 (b) has not been met to show the demand was futile being that the amended complaint does not provide any facts as to what if any "active antagonism" there was or what compromised the "collision of interest," as such it is respectfully submitted that the Amended complaint is defective and should be dismissed.

# WALIA & WALIA, PLLC

**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

We seek to add additional counterclaims to our Amended Answer based upon fraud on behalf of the corporation. Pratik Patel agreed to work as an employee for Pan King, Inc. but then unilaterally decided to leave with no notice. In the State of New York it is the law that the statute of limitations for a shareholder derivative suit alleging a breach of fiduciary duty begins to run from the commission of the wrong, when the elements of a claim for breach of fiduciary duty could be pleaded. Pursuant to CPLR §213 (7) a derivative action must be brought within six years. As such a counterclaim based upon breach of fiduciary duty due to fraud would be timely.

We request a counterclaim be added for liquidated damages on behalf of the corporation. Based upon CPLR§213 (2) a six year statute of limitations applies and such counterclaim would be timely.

We request that defendants be allowed to add or have it so "deemed" that a counterclaim for attorneys fees is added to defendants' amended answer, as was previously decided by way of Order from this Court dated February 28, 2023 or we can submit the counterclaim as part of an addition to the amended Answer if the Court wishes.

## CONCLUSION

For all the above reasons, the amended complaint must be dismissed and Defendants' should be allowed to add additional Counterclaims as requested if needed.

We thank the Court for its time and consideration on this matter.

Sincerely,

_____
BOBBY WALIA