UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;

                Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                Defendants.
---------------------------------------------------------X

DOCKET # 2:21-CV-00759

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pratik Patel, individually and as a shareholder of Pan King, Inc. ("Plaintiffs"), by way of this Complaint alleges the following:

## PARTIES

1. Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation under the laws of the State of New York, with a principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801.

2. Pratik Patel (hereinafter "P Patel") is a shareholder of Pan King, Inc. with a 25% ownership in the company. P Patel resides at 101 Western Avenue, Jersey City, NJ 07307.

3. Noddy Singh and Arjun Singh (hereinafter "Defendants") are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

## VENUE AND JURISIDCTION

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

5. P Patel is domiciled in New Jersey. P Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

6. Defendants are domiciled in New York as Defendants reside in New York with intent to stay.

7. Pan King is controlled and managed by Defendants, as Defendants each hold a 37.5% interest in the company, together owning 75% of the shares of Pan King.

8. Plaintiffs have a real collision of interests with company Pan King: Plaintiffs and Defendants are in clear disagreement as to how to manage and control Pan King, with Defendants making such management decisions to the exclusion of Plaintiff, and Plaintiffs own 25% of the company while Defendants own 75% As such, Pan King is hostile to any corporate action sought by Plaintiff, such as a demand for books and records or payment of profits to Plaintiffs.

9. Venue is proper in this District under 28 U.S.C. § 1391 because, all defendants are domiciliaries of this District.

## FACTUAL ALLEGATIONS

10. On or about November 2017, P Patel and Defendants entered into a Partnership Contract, wherein P Patel became a 25% shareholder in the company and Defendants became 37.5% shareholders in the company.  (**See Exhibit A** – Partnership Contract).

11. On or about November 2017, pursuant to the contract, Lalit Patel ("L Patel"), a nonparty to this action gave P Patel $50,000 to invest in NY Chicken & Rice for an exchange of 25% ownership in Pan King.  P Patel invested the funds pursuant to the contract.

12. Thus far, Plaintiffs have received no profits from their investment into Pan King and have been denied access to all relevant books and records.

13. On October 27, 2020, despite the fact that Plaintiffs received no profits from the company, P Patel received a notice from the New York State Department of Taxation and Finance and was hit with a tax penalty of $5,723.45.  (**See Exhibit B** – Letter from NY State Department of Taxation and Finance).

14. P Patel was both an employee and a shareholder of Pan King.

15. P Patel left his position as an employee of the Pan King approximately in December 2019.

16. P Patel never gave up his ownership of the shares of Pan King.

17. Defendant Arjun Singh testified at his deposition that Pan King essentially ceased operating as restaurant and as a business entity around March 2021.

```
        Q.      Now, Mr. Singh, when did Pan
King, Inc. close its doors?
        A.      I think, March of -- end of
February or March, the first week of 2021.
        Q.      2021?
        A.      Yes.
        Q.      And when did Pratik Patel
depart the business?
        A.      He was gone somewhere in 2019.
        Q.      Pratik Patel left in 2019?
        A.      I believe it was 2019 that he
left, yeah.
```

18. Some time in 2020, Defendants Arjun and Noddy Singh applied for and were granted, on behalf of Pan King, an Economic Injury Disaster loan in the amount of $120,000.

19. At his deposition, Mr Singh seemed really confused about whether he caused Pan King to apply for a loan at all:

```
23          MR. WALIA:  I want to be sure
24     you're speaking about Pan King, Inc.
25     with respect to the SBA loan.
 3      A.   We're only going to talk about
 4   Pan King now?  We were talking about three
 5   or four corporations.
 6          MR. WALIA:  He said, Pan King,
 7      Inc.
 8      Q.   Right now I'm talking about Pan
 9   King, Inc.
10      A.   Are there any other
11   corporations you want to ask about?
12          Because I'm kind of getting a
```

13   little mixed up now.

14      Q.   No, I'm talking about Pan King,

15   Inc. right now.

16      A.   All right. So we are still

17   waiting for final answer, Alex.

18      Q.   Were you approved for an SBA

19   loan?

20      A.   We are approved. We are

21   waiting for a final answer, Mr. Alex.

22      Q.   What is the amount of the loan

23   that you are approved for?

24      A.   We are not approved yet.

20. On August 10, 2020, Defendant Arjun Singh wrote a check to himself from Pan King in the amount of $100,000.

21. Defendant Arjun Singh did not have a valid business explanation of why he decided to write a $100,000 check to himself.

      Q.   All right. Now, Mr. Singh, is

11   it your testimony that you are unaware that

12   any EIDL loan was approved yet, or not?

13      A.   No, I said there is one in

14   review.

15      Q.   Sorry?

16      A.   There is one in review.

17          There is -- we did get an EIDL

18   loan, sir, yes, we did; but there is one in

19   review.

20    Q.    What is the amount of the EIDL

21  loan that you received?

22    A.    It was 120.

23    Q.    And when was that loan

24  received?

25    A.    I think it's right around the

2  time that -- right before -- or around the

3  time we closed doors for Pan King.

4    Q.    120; is that 120,000?

5    A.    120,000, yes.

6    Q.    And what were the proceeds of

7  the loan used for?

8    A.    Back taxes, gas bills,

9  electric, pay employees; any of the bills,

10  any miscellaneous, anything that was left

11  over.

12    Q.    Was there any checks written to

13  any partners from the proceeds of the EIDL

14  loan?

15    A.    As in -- a lump sum amount?

16    Q.    Any amount.

17    A.    I mean -- we used some money,

18  left over money, to -- you know, open the

19  restaurant; that's about it?

20    Q.    Sorry, what was the answer?

21    A.    I -- I didn't really -- I think

22   there was a few hundred dollars that we

23   took as a -- on salary from that amount.

24   Q.   Were there any checks from the

25   proceeds of the EIDL loan written to

2   shareholders?

3   A.   Not that I remember, sir?

4   Q.   Okay.

5   A.   Not that I recall.

6   Q.   Were there any checks written

7   to you?

8   A.   I'm not sure about this answer.

9      I [SIC] got to look into it?

10   Q.   Sitting here right now, were

11   there any checks written to you?

12   A.   No, not from -- not from Pan

13   King, no.

14   Q.   Were there any checks written

15   to Noddy, Noddy Singh?

16   A.   I don't know, sir.

17   Q.   Let me share a different

18   document with you.

19      MR. KADOCHNIKOV:  Let's mark

20    this as Exhibit 27.

21    (Whereupon, the aforementioned

22    bank statement was marked as

23    Plaintiffs' Exhibit 27 for

24    identification as of this date by the

25    Reporter.)

2    Q.  I'll share.

3       (Counsel Complies.)

4       Can you see my screen?

5    A.  No.

6    Q.  Sorry about that.

7       Can you see my screen now?

8    A.  Yes.

9    Q.  Okay. Now, do you recognize

10   the document marked today as Plaintiffs'

11   Exhibit 27?

12   A.  (No response.)

13   Q.  I'll represent to you it's a

14   bank statement from Bank of America for Pan

15   King, Inc.

16   A.  Okay.

17   Q.  Would you agree with that?

18   A.  Yeah.

19   Q.  All right. So it appears --

20   give me one second -- do you see where I'm

21   highlighting on-line bank transfer in SAV

22   4207 in the amount of 100,000?

23   A.  Okay.

24   Q.  What does SAV 4207 stand for?

25   A.  (Indicating.)

2    Q.  If you know.

3     A.   The screen is moving up and
4  down?  Are you moving it?
5     Q.   Yes, I am.  I'm moving it.
6          Okay, I'll stop.
7          So SAV 4207?
8     A.   I think this is one of the
9  businesses that we opened for the
10  restaurant here; if I'm not mistaken.
11    Q.   And there's a transfer of
12  $100,000 into the checking account,
13  correct?
14    A.   Yes.
15    Q.   All right.  Would it be fair to
16  say that a portion of that transfer,
17  constitutes the proceeds from the EIDL
18  loan?
19    A.   Yes.
20    Q.   Let me show you a copy of the
21  check, I'll increase the screen, that has
22  been written out, on August 10, 2020.
23         (Counsel Complies.)
24  Now, do you see a copy of that check?
25    A.   (Indicating.)
2     Q.   Yes?
3     A.   Yes.
4     Q.   Who is that check written out
5  to?

6    A.    It says -- I went to the bank

7  -- to the bank account.

8    Q.    Which check did that check go

9  to?

10    A.    The one that we just opened,

11  the restaurant.

12    Q.    The one that you just opened,

13  the restaurant?

14    A.    Yes, that's right, yes.

15    Q.    Which restaurant did you open?

16    A.    The Chicken & Rice NY.

17    Q.    Do you see the date of this

18  check?

19    A.    Yes.

20    Q.    What is the date of that check?

21    A.    8/10/2020.

22    Q.    It appears that this is a check

23  written from Pan King, Inc., correct?

24    A.    Yes.

25    Q.    Who is the check written to?

2    A.    Arjun Singh.

3    Q.    What is the amount of the

4  check?

5    A.    100,000.

22. From Defendant Arjun Singh's deposition testimony it appears that this is not the only loan Defendants applied for and received on behalf of Pan King.

23. On December 16, 2020, P Patel sent Pan King a demand for books and records pursuant to NY Business Corporation Law § 624 (hereinafter "BCL"). (**See Exhibit C** – Demand Letter).

24. Defendants were required to respond within five days. That time has now lapsed, and no response has been received.

### DEMAND FUTILITY

25. P Patel brings this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

26. As set forth above, P Patel is a 25% shareholder in Pan King and has been a 25% shareholder during the time relevant to Defendants' wrongful course of conduct alleged herein. P Patel will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

27. Defendants' interest in Pan King constitutes 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above. As such, any demand upon Pan King to sue Defendants for the breaches of fiduciary duty set forth herein would be futile.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Individual – by P Patel for Breach of Contract)**

28. Plaintiffs repeat and reallege paragraphs 1 through 27 as if fully set forth herein.

29. On or about November 2017, P Patel and Defendants entered into a partnership contract where P Patel was to invest $50,000 in NY Chicken & Rice in exchange for 25% ownership in Pan King.

30. P Patel fulfilled his obligations under the contract by providing the investment of $50,000.

31. Defendants breached its obligations under the contract by failing to provide P Patel with any profits from Pan King.

32. As a result of Defendant's failure to perform, P Patel has suffered damages in an amount equal to no less than 1,000,000.

33. **WHEREFORE,** P Patel demands judgment in an amount equal to 1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
(Individual – by P Patel for Common Law Breach of Fiduciary Duty)

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully set forth herein.

35. Pursuant to the contract, P Patel has a 25% ownership in Pan King and Defendants each have a 37.5% ownership in Pan King, making P Patel a minority shareholder.

36. Majority shareholders owe minority shareholders a fiduciary duty and may not engage in oppressive actions toward minority shareholders.

37. P Patel invested $50,000 in Pan King with the expectation that he would become a 25% owner in Pan King and would thus, share in its profits.

38. P Patel has yet to receive any such profits from Pan King.

39. Because P Patel is a minority shareholder and both Defendants are majority shareholders of Pan King, Defendants owe P Patel a fiduciary duty of good faith and loyalty.

40. Defendants breached their duty of good faith and loyalty by refusing to share in the profits from Pan King and using P Patel to avoid a tax penalty.

41. Moreover, Defendants excluded P Patel from the decision for applying for the EIDL loan.

42. Additionally, on information and belief, the Defendants used the proceeds of the loan intended for Pan King to open a competing venture.

43. Because of Defendants' breach, P Patel has suffered damages in an amount equal to no less than $1,000,000.

44. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
(Derivative – by P Patel for Breach of Fiduciary Duty)

45. Plaintiffs repeat and reallege paragraphs 1 through 45 as if fully set forth herein.

46. Under New York BCL § 717, a director shall perform his duties as a director, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.

47. P Patel is a 25% shareholder and Defendants are each 37.5% shareholders in Pan King. This makes all parties directors of the corporation.

48. P Patel invested $50,000 in Pan King with the expectation that he would receive profits from this investment.

49. To date, P Patel has not received any profits related to Pan King from Defendants.

50. Defendants have profited individually at the expense of Pan King.

51. Defendants wrote themselves several checks from the proceeds of the EIDL loan intended for Pan King, thus breaching their fiduciary duty to Pan King

52. Because of Defendants' breach, Pan King has sustained and continues to sustain damages in an amount equal to no less than $1,000,000.

53. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Derivative – by Plaintiffs for Conversion)**

54. Plaintiffs repeat and reallege paragraphs 1 through 53 as if fully set forth herein.

55. Pan King received an EIDL loan intended for Pan King's benefit.

56. By writing personal checks to themselves, Defendants converted funds that belong to Pan King.

57. Defendants have exercised an unauthorized dominion over the EIDL loan intended for Pan King to the exclusion of Pan King's rights to use the benefit of the loan.

58. On information and belief, Defendants have misappropriated P Patel's distributions to enrich themselves.

59. Because of Defendants' refusal to provide P Patel with any profits from Pan King, Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

60. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
**(Individual – by P Patel for an Accounting)**

61. Plaintiffs repeat and reallege paragraphs 1 through 60 as if fully set forth herein.

62. Defendants' breach of fiduciary duty and contractual obligations owed to P Patel set forth above have damaged P Patel significantly.

63. P Patel is entitled to a full forensic accounting of Pan King's finances, including full disclosure of company books and records, a money judgment in favor of P Patel and against Defendant for any profits that have not been properly distributed to P Patel and for any funds that have been improperly misused, diverted, or taken in an amount equal to [enter amount].

64. **WHEREFORE,** P Patel demands that an accounting take place and a judgment be made in favor of P Patel in an amount equal to no less than $1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A NINTH CAUSE OF ACTION

### (Individual – by P Patel for Violation of Minimum Wage under the New York Labor Law)

65. Plaintiffs repeat and reallege paragraphs 1throuugh 65 as if fully set forth herein.

66. At all relevant times, P Patel was an employee of Defendants and Pan King within the meaning of New York Labor Law §2 and §651, as Plaintiff was required to report to work 48 hours per week for Defendants, worked on a fixed schedule, was not free to seek other employment, and had no meaningful management or control over Pan King.

67. Defendants failed to pay Plaintiff the minimum wage which Plaintiff was entitled under New York Labor Law §652 in violation of 12 N.Y.C.R.R. 137-1.3, paying him merely $550-600 weekly for at least forty eight hours of work per week.

68. Due to this New York Labor Law Violation, Plaintiff entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A TENTH CAUSE OF ACTION
### (Individual – by P Patel for Overtime Violations under the New York Labor Law)

69. Plaintiff repeats and re-alleges paragraphs 1-69 as if fully set forth herein.

70. At all relevant times, Plaintiff was an employee of Defendants and Pan King within the meaning of New York Labor Law §2 and §651, as Plaintiff was required to report to work 48 hours per week for Defendants, worked on a fixed schedule, was not free to seek other employment, and had no meaningful management or control over Pan King.

71. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

72. Plaintiff was paid less than the minimum wage during all weeks he worked for Defendants.

73. Plaintiff was paid in cash and was not furnished with employment records during all weeks Plaintiff worked for Defendants.

74. Due to this New York Labor Law Violation, Plaintiff entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A ELLEVENTH CAUSE OF ACTION

**(Individual – by P Patel for Failure to Keep Adequate Time Records under the New York Labor Law)**

75. Plaintiff repeats and realleges the allegations contained in paragraphs 1-75 as if fully set forth herein

76. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

77. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorney's fees.

## AS AND FOR A TWELTH CAUSE OF ACTION

**(Individual – by P Patel for Violation of the Wage Statement Requirements of the New York Labor Law)**

78. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-77 as if fully set forth herein.

79. Defendants failed to provide Plaintiff with written notice of his rate of pay, regular pay day, and other payment-related information as required by NYLL §195(1).

80. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendants as follows:

a. In the amount of $50,000 in favor of P Patel, plus interest, costs and attorney's fees on the First Cause of Action;

b. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Second Cause of Action;

c.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Third Cause of Action;

d.  In the amount of $1,000,000 in favor of Pan King plus interest, costs and attorney's fees on the Fourth Cause of Action;

e.  In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Fifth Cause of Action;

f.  In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Sixth Cause of Action;

g.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Seventh Cause of Action;

h.  For an accounting to take place in favor of P Patel, plus interest, costs and attorney's fees on the Eighth Cause of Action;

i.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Ninth Cause of Action;

j.  Judgment in an amount to be determined in favor of P Patel, plus interest, costs, and attorney's fees and for time records to be provided to P Patel on the Tenth, Eleventh, Twelfth.

/s/ Kadochnikov

Dated: Kew Gardens, NY
May 23, 2023

Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorney for the P Patel*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

## VERIFICATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23.1

I, Pratik Patel declare the following to betrue and correct to the best of my knowledge and belief under penalties of perjury under 28 U.S.C. § 1746:

1. At all times relevant times stated in the above Complaint, I was a shareholder of Pan King Inc.

2. This action is not a collusive one to confer jurisdiction that this Court would otherwise lack.

3. I have read the foregoing Complaint and Exhibits attached thereto, and the same are true and correct to my knowledge, except for those matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: May 23, 2023

_____
Pratik Patel