UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PRATIK PATEL, individually and as a shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;

LALIT PATEL, individually and as a partner of PAN KING, Inc. d/b/a NY Chicken & Rice

DOCKET #
2:21-cv-00759-JS-SIL

Plaintiffs,

-against-

NODDY SINGH, ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

Defendants.
----------------------------------------------------------------X

DEFENDANTS NODDY SINGH AND ARJUN SINGH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF COMPLAINT

Dated: July 17, 2023

Respectfully submitted,

/s/ Bobby Walia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

DOCKET #
2:21-cv-00759-JS-SIL

Plaintiffs,

-against-

NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

Defendants.

------------------------------------------------------------------X

DEFENDANTS NODDY SINGH AND ARJUN SINGH'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT AGAINST PLAINTIFF COMPLAINT

Dated: July 17, 2023

Respectfully submitted,
/s/ Bobby Walia
Bobby Walia
Waliabobbyesq@hotmail.com
136-40 39th Ave #304
Flushing, New York 11354
Ph.No.:718-353-4478

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii-iv

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS ........................................................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

I. LEGAL STANDARD FOR SUMMARY JUDGMENT ....................................................... 4

II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S COMPLAINT AS A MATTER OF LAW ................................................................................ 5

 A. PLAINTIFF'S LABOR LAW CLAIMS MUST BE DISMISSED BASED ON BONA FIDE EXECUTIVE EXEMPTION ................................................................................ 6

 1. PLAINTIFF WAS SALARIED EMPLOYEE WHO EXERCISED INDEPENDENT JUDMENT OVER DAY TO DAY OPERATIONS ................................................................................................................. 6

 2. PLAINTIFF ROUTINELY EXERCISED OVERSIGHT OVER EMPLOYEES ................................................................................................................. 6

 B. THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS ........................................................ 7

CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 106 S. Ct. 2505 (1986) ........................................................................................4

Anderson v. Nat'l Grid, PLC,
93 F. Supp. 3d 120 (E.D.N.Y. 2015) .........................................................................................7

Ashby v. Baah,
2009 N.Y. Misc. LEXIS 5489 (Sup. Ct. New York Cnty. Sep't 8, 2009) ................................9

Brueckner v. You Can Beam LLC,
2021 U.S. Dist. LEXIS 100662, 2021 WL 2158733 (S.D.N.Y. May 27, 2021) .......................9

Celotex Corp. v. Catrett,
477 U.S. 317, 106 S. Ct. 2548 (1986) ........................................................................................5

Chandok v. Klessig,
632 F.3d 803 (2d Cir. 2011).......................................................................................................5

Cronin v. Aetna Life Ins. Co.,
46 F.3d 196 (2d Cir. 1995).........................................................................................................5

D'Amico v. City of New York,
132 F.3d 145 (2d Cir.), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998) ............................4

Fraser v. MTA Long Island Rail Rd.,
307 F. Supp. 3d 105 (E.D.N.Y. 2018) .......................................................................................7

Golden Pac. Bancorp v. FDIC,
375 F.3d 196 (2d Cir. 2004), cert. denied, 546 U.S. 1012, 126 S. Ct. 621
(2005) .........................................................................................................................................4

Knight v. U.S. Fire Ins. Co.,
804 F.2d 9 (2d Cir. 1986), cert. denied 480 U.S. 932, 107 S. Ct. 1570 (1987) ........................5

*LMEG Wireless, LLC v. Farro*,
190 A.D.3d 716, 140 N.Y.S.3d 593 (2d Dep't 2021) .................................................................9

*Martin v. Sprint United Mgmt. Co.*,
2017 U.S. Dist. LEXIS 180395, 2017 WL 5028621 (S.D.N.Y. Oct. 31, 2017) ......................7

*Martin v. Sprint United Mgmt. Co.*,
273 F. Supp. 3d 404 (S.D.N.Y. 2017) ......................................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348 (1986) ......................................................................................4

*Nunez v. New York State Dep't of Corrs. & Cmty. Supervision*,
2017 U.S. Dist. LEXIS 128059 (S.D.N.Y. Aug. 11, 2017), aff'd, 762 Fed.
Appx. 65 (2d Cir. 2019) ...........................................................................................................7

*Quinn v. Syracuse Model Neighborhood Corp.*,
613 F.2d 438 (2d Cir. 1980)......................................................................................................5

*Roge v. NYP Holdings, Inc.*,
257 F.3d 164 (2d Cir. 2001)......................................................................................................4

*Santacruz v. Blok Chocolatier LLC*,
2021 U.S. Dist. LEXIS 118414 (E.D.N.Y. June 23, 2021) ......................................................8

*SEC v. Research Automation Corp.*,
585 F.2d 31 (2d Cir. 1978)........................................................................................................5

*Vaughn v. Phx. House N.Y., Inc.*,
957 F.3d 141 (2d Cir. 2020)......................................................................................................8

*Welch-Rubin v. Sandals Corp.*,
2004 U.S. Dist. LEXIS 22112, 2004 WL 2472280 (D. Conn. Oct. 20, 2004) .........................5

**Statutes and Other Authorities**

**29 C.F.R. §541.602(a)**.................................................................................................................6

**29 U.S.C.A. § 213 (a) (1)** ...........................................................................................................6

29 U.S.C. § 206 .................................................................................................................6

28 U.S. Code § 1367 .........................................................................................................7

Fair Labor Standards Act of 1938 ....................................................................................6

Fed. R. Civ. P. 56(c) .........................................................................................................4

Fed. R. Civ. P. 56(e) .........................................................................................................4

N.Y. Labor Law § 195 (1) ..............................................................................................10

N.Y. Labor Law § 198 ....................................................................................................10

N.Y. Labor Law 651(5)(c) ..............................................................................................10

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendants Noddy Singh and Arjun Singh ("Singhs") (collectively, "Defendants") in support of their motion for an order granting Defendants summary judgment against Plaintiff Pratik Patel ("Patel" or "Plaintiff") complaint in its entirety, together with such other and further relief as the Court deems just and proper.

By way of background, Patel had numerous meeting with Singhs before entering into a shareholder agreement. A key component of the business relationship formed between defendants and Patel was the number of hours Patel would work. This part of the relationship was bargained for and a fundamental part of the agreement. It was agreed by Patel that he would work a minimum of 48 hours per week in exchange for 25% of the shares of Pan King, Inc. Patel was only contributing $50,000.00 as an investment in Pan King, Inc., this amount was far less than the amount paid for by Defendants toward the initial endeavor and subsequent expansion of Pan King, Inc. It is undisputed that the concept, branding, marketing, lease negotiations, location, recipe, were the work product of the defendants, which Patel was buying into in exchange for $50,000 and working 48 hours.

It is undisputed that Patel breached the shareholder agreement by leaving without notice in January of 2020. There was no written notice provided and he refused to come back when asked because he wasn't making enough money and had moved out of the state. Defendants have established prima facie that Patel breached the shareholder agreement by leaving without providing notice. The evidence comes directly from Patel who admitted as much as part of his deposition, and through text messages which were sent. Patel initially filed suit based on diversity jurisdiction for numerous claims based upon

1

several years after the fact amended his complaint to add NY labor law claims alleging that he did not make minimum wage and was not given overtime.

Patel was a bona fide exempt executive holding twenty five (25%) of the shares, as per Federal Labor Standards Act the exemption pertaining to bona fide exempt executives is applicable on this matter to prevent Patel from claiming minimum wage or overtime deficiencies. The proof comes from the pleadings, and deposition of all parties. Defendants have established prima facie that Patel is a bone fide exempt executive being that he holds twenty five (25%) of the shares and meets the three part test for determining applicability of said exemption. However to avoid this clear Federal exemption Patel did not bring any Federal Labor law claims.

Plaintiff's breach of contract and unpaid commissions claims are based on pure speculation and have no factual support in the record. Additionally, if Plaintiff's overtime wages claims are dismissed, there is no basis for this Court to retain jurisdiction over the remaining NYLL and breach of contract claims, which are state law claims that require a different analysis than Plaintiff's federal overtime wages claim and, thus, should be dismissed without prejudice to Plaintiff's right to re-file these claims in state court. In sum, Defendants are entitled to summary judgment dismissing Plaintiff's complaint in its entirety as a matter of law.

Patel filed state labor law claims which have an executive exemption and administrative exemption with higher weekly salary requirements than Federal standards and require a different analysis.

Patel's job was based on oversight and management, he was the only executive in charge of his shift. He managed, directed the work of several employees. He hired Mr. Rehman, told several other employees how to perform their job function. He also fired an employee. He made work schedules routinely, was responsible was cashing out his

2

Patel's job was based on oversight and management, he was the only executive in charge of his shift. He managed, directed the work of several employees. He hired Mr. Rehman, told several other employees how to perform their job function. He also fired an employee. He made work schedules routinely, was responsible was cashing out his register. He told employees including Singhs when they should or should not come into work. He kept track of inventory. His salary met minimum wage standards at the time he was employed.

Even under NYLL Patel cannot make out a cognizable claim. The entire complaint is based upon speculation and conjecture which is insufficient for this Court to rule on based upon the clear Federal exemption.

Patel was a bona fide exempt executive holding twenty five (25%) of the shares, as per Federal Labor Standards Act the exemption pertaining to bona fide exempt executives is applicable on this matter. Furthermore, Patel has breached the shareholder agreement by quitting abruptly and should be held accountable for the same.

## FACTS

For a recitation of the salient facts surrounding, the Court is respectfully referred to Defendants' Statement of Undisputed Facts ("Undisputed Facts") and the Declaration of Noddy Singh,("Noddy Dec.").

3

# ARGUMENT

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Roge v. NYP Holdings, Inc., 257 F.3d 164, 167 (2d Cir. 2001). To avoid summary judgment, the non-moving party must show more than "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Instead, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Here we have noting but mere speculation and conjecture as to profits when none existed. Defendants admitted that the company was taking a loss but are upset about not making a profit.Fed. R. Civ. P. 56(e); see also, Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004), cert. denied, 546 U.S. 1012, 126 S. Ct. 621 (2005) ("[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its

version of the events is not wholly fanciful.") (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998)).

Notably, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Here there are several undisputed facts which point to why summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986). While this Court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, a party may not "rely on mere speculation or conjecture as to

4

the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied 480 U.S. 932, 107 S. Ct. 1570 (1987). The non-moving party may only defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011). Finally, "'mere conclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)). Indeed, "[a]t the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." Welch-Rubin v. Sandals Corp., 2004 U.S. Dist. LEXIS 22112, *4, 2004 WL 2472280 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted). Summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995).

**II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S COMPLAINT AS A MATTER OF LAW**
**A. PLAINTIFF'S LABOR LAW CLAIMS MUST BE DISMISSED BASED ON PATEL BEING A BONA FIDE EXEMPT EXECUTIVE**

5

Under the FLSA a bona fide exempt executive is one who holds more than twenty (20%)percent of the shares, here, Patel owns twenty five (25%)percent of the shares. This fact is undisputed, uncontested and admitted by Patel. Federal courts when reviewing Fair Labor Standards Act are bound to accept this exemption as part of their review. *See* Section 13 (a) (1) of the Act, 29 U.S.C.A. § 213 (a) (1), The FLSA requires employers to pay overtime compensation to most employees who work more than 40 hours in a week, while certain employees are "exempt" from the overtime pay requirement. 29 U.S.C. § 206. An employee is exempt as a "bona fide executive" if the employee meets three tests: (1) the employee is paid a "predetermined and fixed salary" (salary basis test); (2) the salary exceeds a specified amount (salary level test); and (3) the employee regularly performs certain job responsibilities (duties test). See 29 U.S.C. 213(a)(1); 84 Fed. Reg. 51230. The salary basis test can be satisfied in two ways. Under 29 CFR §541.602(a) ("§602(a)"), an employee meets the salary basis test if, "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount," which does not vary based on the amount of hours worked or the quality of the work. For example, an employee whose pay is computed on a weekly salary basis "must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." The general rule considers employees to be executives when they are "[c]ompensated on a salary basis" (salary-basis test); "at a rate of not less than $455 per week" (salary-level test); and carry out three listed responsibilities. managing the enterprise, directing other employees, and exercising power to hire and fire (duties test). §541.100(a). Here all three criteria are met with respect to Patel. He had a preset salary which according to him was $550 exceeding the $455 per week requirement. He not only hired and fired employees, directed their duties, cashed out,

6

set schedules, paid their salaries, maintained inventory, independently decided how to manage the day to day operation of Pan King, Inc. Plaintiff attempts to skirt the Federal rules by making State Labor Law claims only because these claims are exempt under Federal standards.

## THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"In the typical case, … once all federal claims have been dismissed, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Martin v. Sprint United Mgmt. Co., 2017 U.S. Dist. LEXIS 180395, at *11, 2017 WL 5028621 (S.D.N.Y. Oct. 31, 2017) (quotation omitted) (declining to exercise supplemental jurisdiction over plaintiffs' NYLL wage-notice claims). Pursuant to 28 U.S. Code § 1367, "district courts may decline to exercise supplemental jurisdiction over a [pendant state claim] if . . . (c) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Fraser v. MTA Long Island Rail Rd., 307 F. Supp. 3d 105, 120 (E.D.N.Y. 2018) ("the Second Circuit has stated that if a plaintiff's federal claims are dismissed before trial, pendant state and city claims should be dismissed as well."); Anderson v. Nat'l Grid, PLC, 93 F. Supp. 3d 120, 147 (E.D.N.Y. 2015)("Having determined that the federal claims against defendants do not survive summary judgment, the Court concludes that retaining jurisdiction over any state law claims is unwarranted"). Here the federal claim if made would not have survived. Courts typically only diverge from this general rule when the pendent claims at issue require the same legal analysis as the federal claim previously addressed by the presiding court. Here a different analysis is required for state labor law claims. See, e.g., Nunez v. New York State Dep't of Corrs. & Cmty. Supervision, 2017 U.S. Dist.

7

LEXIS 128059, at *12-14 (S.D.N.Y. Aug. 11, 2017), aff'd, 762 Fed. Appx. 65 (2d Cir. 2019) (exercising supplemental jurisdiction over a NYSHRL retaliation claim because it required the same analysis as already employed by the court in connection with the federal claim but declining to exercise supplemental jurisdiction over a NYCHRL claim, which would have required a different analysis). In this case, since Patel is a bone fide executive a different analysis would be required under State labor law claims.

Thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims of wage notice, breach of contract and failure to pay commissions in violation of NYLL without prejudice to Plaintiff's right to re-file these claims in state court. See e.g., Vaughn v. Phx. House N.Y., Inc., 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly dismissed Vaughn's FLSA claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his NYLL claims."); Santacruz v. Blok Chocolatier LLC, 2021 U.S. Dist. LEXIS 118414, at *16 (E.D.N.Y. June 23, 2021) ("Because of [Plaintiff] failure to establish Defendants' liability under FLSA, this Court recommends that supplemental jurisdiction should be declined over the NYLL claims."

### III. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF ON THE COUNTER-CLAIM FOR BREACH AS A MATTER OF LAW

The Plaintiff admitted he quit, he further admitted he quit without providing written notice, he admitted that he was not going to return. He signed an Agreement agreeing to work 48 hours and breached the same without justification. The Plaintiff has not produced a single document where it is claimed that he was not making a fair wage, he has not produced any documentation to show that he was fired, he cannot produce a single piece of documentary evidence to show that he provided written notice before

8

breaching his contract. This contract was bargained for and agreed upon with due consideration for the same and no justification has been provided for it's breach other than the fact that it was willfully done. As such, Singhs are entitled to summary judgment on the breach of contract claim with damages to be presented at the time of trial. A prima facie case for breach of contract requires a valid agreement, performance by one party, breach by the other, and damages flowing from the breach. Brueckner v. You Can Beam LLC, 2021 U.S. Dist. LEXIS 100662, at *15, 2021 WL 2158733 (S.D.N.Y. May 27, 2021); see also LMEG Wireless, LLC v. Farro, 190 A.D.3d 716, 718, 140 N.Y.S.3d 593, 596 (2d Dep't 2021) ("The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach."); Ashby v. Baah, 2009 N.Y. Misc. LEXIS 5489 (Sup. Ct. New York Cnty. Sep't 8, 2009) ("To prevail on a breach of contract action, plaintiff must establish an agreement, the performance by that party, breach by the other party, and resulting damages.") The damages which resulted are shown by the text which states. With respect to damages Noddy Singh stated in a text and part of his declaration:

I have to invest another 40K. You left us backed up with everything. PSEG, 8K; National Grid, 6K; rent, 6K, payroll four weeks, inventory for store, lease termination, 6 Jerusalem Avenue, and construction cost.

Damages are defined and delineated as a direct consequence of Patel quitting employment with Pan King, Inc. A *prima facie* showing for breach by Patel has been made.

## Conclusion

For the reasons stated above Defendants' motion for summary judgment should be

9

granted . Plaintiff's claim under the NYLL§ §195 (1), 198, 652 be dismissed, due to no claim being made under the Fair Labor Standards Act because such claims if made, as demonstrated, would be dismissed and Court should not exercise supplemental jurisdiction over state-law claims. The claim for summary judgment on the breach of contract claim should be granted because the prima facie showing is undisputed and admitted by plaintiffs.

10