July 18, 2023

Via ECF
Honorable Hector Gonzalez
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6A South

Re: Patel et al v. Singh et al.
Case No: 2:21-cv-00759-JS-SIL
Pre- Motion Letter for Summary Judgment

Pursuant to Your Honor's rules, please accept this letter as Defendants' submission of a pre-motion letter. This firm represents Defendants Noddy Singh and Arjun Singh ("Singhs") (collectively, "Defendants") in support of their Letter motion for an Order granting Defendants summary judgment against Plaintiff Pratik Patel ("Patel" or "Plaintiff") complaint, together with such other and further relief as the Court deems just and proper. Defendants respectfully submit that Patel's claims must be dismissed. Plaintiff's state labor law claims should be dismissed because Federal Labor Standards Act (hereinafter "FLSA") exemption applies to exempt a bona fide exempt executive from claiming loss of overtime pay and or minimum wage. Defendants should be granted summary judgment on the counter-claim due to Patel's breach of the shareholder agreement where he quit abruptly and was unable to fulfill his 48 hour per week work commitment.

Federal courts when reviewing Fair Labor Standards Act are bound to accept this exemption as part of their review. See Section 13 (a) (1) of the Act, 29 U.S.C.A. § 213 (a) (1), The FLSA requires employers to pay overtime compensation to most employees who work more than 40 hours in a week, while certain employees are "exempt" from the overtime pay

requirement. 29 U.S.C. § 206. An employee is exempt as a "bona fide executive" if the employee meets three tests: (1) the employee is paid a "predetermined and fixed salary" (salary basis test); (2) the salary exceeds a specified amount (salary level test); and (3) the employee regularly performs certain job responsibilities (duties test). See 29 U.S.C. 213(a)(1); 84 Fed. Reg. 51230. The salary basis test can be satisfied in two ways. Under 29 CFR §541.602(a) ("§602(a)"), an employee meets the salary basis test if, "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount," which does not vary based on the amount of hours worked or the quality of the work. The general rule considers employees to be executives when they are "[c]ompensated on a salary basis" (salary-basis test); "at a rate of not less than $455 per week" (salary-level test); and carry out three listed responsibilities. managing the enterprise, directing other employees, and exercising power to hire and fire (duties test). §541.100(a). Here all three criteria are met with respect to Patel. He had a preset salary which according to him was $550 exceeding the $455 per week requirement. He not only hired and fired employees, directed their duties, cashed out, set schedules, paid their salaries, maintained inventory, independently decided how to manage the day-to-day operation of Pan King, Inc. Plaintiff attempts to skirt the Federal rules by making State Labor Law claims only because these claims are exempt under Federal standards.

"In the typical case, … once all federal claims have been dismissed, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Martin v. Sprint United Mgmt. Co., 2017 U.S. Dist. LEXIS 180395, at *11, 2017 WL 5028621

(S.D.N.Y. Oct. 31, 2017) (quotation omitted) (declining to exercise supplemental jurisdiction over plaintiffs' NYLL wage-notice claims). Pursuant to 28 U.S. Code § 1367, "district courts may decline to exercise supplemental jurisdiction over a [pendant state claim] if . . . (c) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims of wage notice, breach of contract and failure to pay commissions in violation of NYLL without prejudice to Plaintiff's right to re-file these claims in state court. See e.g., Vaughn v. Phx. House N.Y., Inc., 957 F.3d 141, 146 (2d Cir. 2020) A *prima facie* case for breach of contract requires a valid agreement, performance by one party, breach by the other, and damages flowing from the breach. Brueckner v. You Can Beam LLC, 2021 U.S. Dist. LEXIS 100662, at *15, 2021 WL 2158733 (S.D.N.Y. May 27, 2021); see also LMEG Wireless, LLC v. Farro, 190 A.D.3d 716, 718, 140 N.Y.S.3d 593, 596 (2d Dep't 2021) The Plaintiff admitted he quit, he further admitted he quit without providing written notice, he admitted that he was not going to return.  He signed an Agreement agreeing to work 48 hours and breached the same without justification.  The Plaintiff has not produced a single document where it is claimed that he was not making a fair wage, he has not produced any documentation to show that he was fired, he cannot produce a single piece of documentary evidence to show that he provided written notice before breaching his contract.  This contract was bargained for and agreed upon with due consideration for the same and no justification has been provided for it's breach other than the fact that it was willfully done.

Respectfully submitted,
/s/ Bobby Walia
Bobby Walia
136-40 39th Ave #304
Flushing, New York 11354
Ph.No.:718-353-4478
Waliabobbyesq@hotmail.com