July 24, 2023

<u>Via ECF</u>
Honorable Hector Gonzalez
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6A South

        Re: Patel et al v. Singh et al.
           Case No: 2:21-cv-00759-JS-SIL
           <u>Response to Plaintiffs' Pre- Motion Conference for Summary Judgment</u>

Pursuant to Your Honor's rules, please accept this letter as Defendants' response to Plaintiff's pre-motion letter for conference. This firm represents Defendants Noddy Singh and Arjun Singh ("Singhs") (collectively, "Defendants") in response to the Letter seeking Pre-Motion conference made by Plaintiff Pratik Patel ("Patel" or "Plaintiff"), together with such other and further relief as the Court deems just and proper.

Defendants respectfully submit that Patel's letter for conference must be dismissed. Plaintiff did not submit a pre-motion letter but instead submits a letter for a conference despite this Court's Order specifically directing that a pre-motion letter be submitted by parties intending to move for summary judgment. The Plaintiff then violates the Court rules further by submitting a Rule 56.1 statement which is not double spaced nor is it supported by excerpts of the deposition transcript. Court's rules are further violated by assertions contained in the purported statement of facts which are not facts but assertions. For instance paragraph "30" of plaintiffs' statement of facts concludes company owes funds which were used for benefit of another company. Some statements are completely unsupported, paragraph "23" concludes Patel was not listed on the EIDL application with no citation or support. Paragraph "11" is also unsupported. Paragraph "19" is unsupported. As such the statement and the

letter for conference even if it was treated as a pre-motion letter should not be considered and plaintiff's motion denied. As much is set forth in the Court rules.

As part of Plaintiff's request they assert that Defendants were sole officers of the company, this is false, unsupported and contradicted by the evidence. The first shareholder meeting was held after Patel unilaterally left, specifically held to address his departure. See **Exhibit "B"** minutes from meeting. There were no directors in place while Patel was employed. Patel was running day to day operations, opening, closing the restaurant, managing employees, hiring and firing them, cashing out, getting inventory, going to the bank, setting schedules for everyone including the defendants and himself. Patel was performing managerial functions and executive function because he was the president of the company. Patel falls under the Federal exemption, he meets the three part test. Patel filed state labor law claims which have an executive exemption and administrative exemption with higher weekly salary requirements than Federal standards and require a different analysis. Patel's job was based on oversight and management, he was the executive in charge of his shift. He managed, directed the work of several employees. Even under state labor law claims the only real issue is whether the state salary component is met. Whether this component is met or not the issue at hand is that the Federal exemption clearly applies, it meets the salary test and job function test, this is undisputed by the admissions and deposition testimony of all parties. Given the conflict between Federal and State Labor law with respect to the salary requirement, this Court should refrain from ruling on the state labor law claims, and dismiss the same since after being allowed to amend their complaint plaintiffs chose to bring state claims in federal court instead of state court.

Plaintiffs seek to bring a conversion claim based upon EIDL loans and Disaster Assistance loans which were taken after Patel left. These loans were required give the dire financial condition of the company after Patel left. There can be no "unauthorized dominion or control" given Patel's unilateral

departure where he decided to stop working for Pan King Inc. on or about December 2019 to January 2020. Plaintiff makes an assertion of "unauthorized dominion and control" when Patel disappeared for his own self-serving reasons with no regard to the company or it's welfare. Plaintiff fails to posit any facts that would refute the fact that at the time the aforementioned loans were taken Patel had left and relinquished any affiliation or role with the company. In such a circumstance defendants did what was feasible and correct for the company's survival. "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54-55 (2d Cir.1993) (quoting Meese v. Miller, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 [N.Y.A.D.1981]). "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Elma RT and Nagykoros Canning Factory RT v. Landesmann Int'l Marketing Corp., 2000 WL 297197, *3 (S.D.N.Y. March 22, 2000) (citing Vigilant Ins. Co. of America v. Housing Auth. of City of El Paso, Texas, 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 [1995]); see also Baker's Aid v. Hussmann Food-service Co., 730 F. Supp. 1209, 1213 (E.D.N.Y.1990). "The test for conversion is whether a party exercises dominion or actually interferes with the property to the exclusion or in defiance of the plaintiff's rights." Id. at 500. Given Patel's departure there is a question of fact as to whether defendants exercised "unauthorized dominion and control" in getting a grant for the loans. At the time the loans were granted Patel had no possessory right in seeking the loans as the loans were sought on behalf of the company and Patel had relinquished all affiliation with the company. At the very least these are questions of fact which must be resolved. On the counter-claim the president of the company can be held responsible for willful, intentional breach which directly resulted in losses.

Respectfully submitted,
/s/ Bobby Walia
Bobby Walia
136-40 39th Ave #304
Flushing, New York 11354
Ph.No.:718-353-4478
Waliabobbyesq@hotmail.com