**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

**PRATIK PATEL, individually and as a**
**shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;**
**LALIT PATEL, individually and as a partner of**
**PAN KING, Inc. d/b/a NY Chicken & Rice**

> **DOCKET #**
> **2:21-cv-00759-JS-SIL**

**Plaintiffs,**

**-against-**

**NODDY SINGH, ARJUN SINGH, individually and as**
**shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice**

**Defendants.**

-------------------------------------------------------------------------X

**DEFENDANTS NODDY SINGH AND ARJUN SINGH'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY**
**JUDGMENT AGAINST PLAINTIFF'S COMPLAINT**

**Dated: August 25, 2023**

> **Respectfully submitted,**
> **/s/ Bobby Walia**
> **Bobby Walia**
> **Waliabobbyesq@hotmail.com**
> **136-40 39th Ave #304**
> **Flushing, New York 11354**
> **Ph.No.:718-353-4478**

11

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ii-iii

PRELIMINARY STATEMENT ............................................................................. 1

FACTS ............................................................................................................. 3

ARGUMENT ..................................................................................................... 4

I. LEGAL STANDARD FOR SUMMARY JUDGMENT ....................................... 4

II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S
COMPLAINT AS A MATTER OF LAW ................................................................ 5

 A. PLAINTIFF'S LABOR LAW CLAIMS MUST BE DISMISSED BASED ON
BONA FIDE EXECUTIVE EXEMPTION .............................................................. 6

 1. PLAINTIFF WAS SALARIED EMPLOYEE WHO EXERCISED INDEPENDENT
JUDGMENT OVER DAY-TO-DAY OPERATIONS
................................................................................................................... 6

 2. PLAINTIFF ROUTINELY EXERCISED OVERSIGHT OVER EMPLOYEES
................................................................................................................... 6

 B.THIS           COURT          SHOULD          ENFORCE          FEDERAL
STANDARDS………………………………………................................................ 7

C. STATE LAW LABOR LAW CLAIMS FAIL BECAUSE MINIMUM WAGE
STANDARDS WERE MET…………………………………………………………..8

D. SINGHS CANNOT BE HELD PERSONALLY LIABLE………………………….9

3. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF
   ON THE COUNTER-CLAIM FOR BREACH AS A MATTER OF LAW……………9

CONCLUSION ................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*

*477 U.S. 242, 106 S. Ct. 2505 (1986)* ........................................................................................*4*

*Ashby v. Baah,*

*2009 N.Y. Misc. LEXIS 5489 (Sup. Ct. New York Cnty. Sep't 8, 2009)* ...............................*9*

*Brueckner v. You Can Beam LLC,*

*2021 U.S. Dist. LEXIS 100662, 2021 WL 2158733 (S.D.N.Y. May 27, 2021)* .....................*9*

*Celotex Corp. v. Catrett,*

*477 U.S. 317, 106 S. Ct. 2548 (1986)* .......................................................................................*5*

*Chandok v. Klessig,*

*632 F.3d 803 (2d Cir. 2011)*........................................................................................................*5*

*Cronin v. Aetna Life Ins. Co.,*

*46 F.3d 196 (2d Cir. 1995)*..........................................................................................................*5*

*D'Amico v. City of New York,*

*132 F.3d 145 (2d Cir.), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998)* .........................*4*

*Erie Railroad Co. v. Tompkins,*

*304 U.S. 64 (1938)*………………………………………………………………………….*7*

*Golden Pac. Bancorp v. FDIC,*

*375 F.3d 196 (2d Cir. 2004), cert. denied, 546 U.S. 1012, 126 S. Ct. 621*

*(2005)* ..........................................................................................................................................*4*

*Hanna v. Plumer,*

*380 U.S. 460 (1965)*………………………………………………………………………...*7*

*Knight v. U.S. Fire Ins. Co.,*

*804 F.2d 9 (2d Cir. 1986), cert. denied 480 U.S. 932, 107 S. Ct. 1570 (1987)* .........................5

*LMEG Wireless, LLC v. Farro,*

*190 A.D.3d 716, 140 N.Y.S.3d 593 (2d Dep't 2021)* ..............................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*

*475 U.S. 574, 106 S. Ct. 1348 (1986)* .........................................................................................4

*Quinn v. Syracuse Model Neighborhood Corp.,*

*613 F.2d 438 (2d Cir. 1980)*........................................................................................................5

*Roge v. NYP Holdings, Inc.,*

257 F.3d 164 (2d Cir. 2001)........................................................................................................4

*SEC v. Research Automation Corp.,*

585 F.2d 31 (2d Cir. 1978)..........................................................................................................5

*Welch-Rubin v. Sandals Corp.,*

2004 U.S. Dist. LEXIS 22112, 2004 WL 2472280 (D. Conn. Oct. 20, 2004) .......................5

Statutes and Other Authorities

29 C.F.R. §541.602(a)...................................................................................................................6

29 U.S.C.A. § 213 (a) (1) .............................................................................................................6

29 U.S.C. § 206.............................................................................................................................6

Fair Labor Standards Act of 1938 ...............................................................................................6

Fed. R. Civ. P. 56(c) ....................................................................................................................4

Fed. R. Civ. P. 56(e) ....................................................................................................................4

Rules Enabling Act 28 U.S.C. § 2072 (2018)…………………………………………………7

N.Y. Bus. Corp. Law §624…………………………………………………………………….2,9

N.Y. Labor Law § 195 (1) ..........................................................................................................10

N.Y. Labor Law § 198 ................................................................................................................10

N.Y. Labor Law 651(5)(c) ............................................................................................................1

# PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendants Noddy Singh and Arjun Singh ("Singhs") (collectively, "Defendants") in support of their motion for an order granting Defendants summary judgment against Plaintiff Pratik Patel ("Patel" or "Plaintiff") complaint in its entirety, together with such other and further relief as the Court deems just and proper.

By way of background, Patel had numerous meetings with Singhs before entering into a shareholder agreement.  A key component of the business relationship formed between Singhs and Patel was the number of hours Patel would work.  This part of the relationship was bargained for and a fundamental part of the agreement.  It was agreed by Patel that he would work a minimum of 48 hours per week in exchange for 25% of the shares of Pan King, Inc.  Patel was only contributing $50,000.00 as an investment in Pan King, Inc., this amount was far less than the amount paid for by Defendants toward the initial endeavor and subsequent expansion of Pan King, Inc.  It is undisputed that the concept, branding, marketing, lease negotiations, location, recipe, were the work product of the defendants, which Patel was buying into in exchange for $50,000 and working 48 hours.

It is undisputed that Patel breached the shareholder agreement by leaving without notice in January of 2020.  There was no written notice provided and he refused to come back when asked because he wasn't making enough money and had moved out of the state.  Defendants have established *prima facie* that Patel breached the shareholder agreement by leaving without providing notice.  The evidence comes directly from Patel who admitted as much as part of his deposition, and through text messages which were sent.  Patel initially filed suit based on diversity jurisdiction for numerous claims based upon

1

fraud and misappropriation of company assets.  However, Patel as part of his deposition on numerous occasions admitted that he did not see defendants commit any fraud or convert company assets.  The filing was a retaliatory measure taken because the company did not make any profit and instead struggled to stay financially viable.  Patel then several years after the fact amended his complaint to add NY labor law claims alleging that he did not make minimum wage and was not given overtime.

Patel was a bona fide exempt executive holding twenty-five (25%) of the shares, as per Federal Labor Standards Act the exemption pertaining to bona fide exempt executives is applicable on this matter to prevent Patel from claiming minimum wage or overtime deficiencies.   The proof comes from the pleadings, and deposition of all parties. Defendants have established *prima facie* that Patel is a bone fide exempt executive being that he holds twenty-five (25%) of the shares and meets the three-part test for determining applicability of said exemption.  However, to avoid this clear Federal exemption Patel did not bring any Federal Labor law claims.  Instead, plaintiff wants this court to rule on New York Labor Law claims while actively disregarding knowledge that Federal Law exempts plaintiff's labor law claims.  Plaintiff wants to nullify application of the Federal Rules of Civil Procedure based upon his diversity jurisdiction case.

Plaintiff's breach of contract and unpaid commissions claims are based upon pure speculation and have no factual support on the record. Under NY CLS Bus Corp § 630 plaintiff cannot hold Singhs personally liable, as the notice was untimely. In any event, Patel was paid minimum wages under as per New York State minimum wage standards. In sum, Defendants are entitled to summary judgment dismissing Plaintiff's complaint in its entirety as a matter of law.

 Patel filed state labor law claims which have an executive exemption and administrative exemption with higher weekly salary requirements than Federal standards but even

under State law analysis the claims fail.

Patel's job was based on oversight and management, he was the only executive in charge of his shift. He managed, directed the work of several employees. He hired Mr. Rehman, told several other employees how to perform their job function. He also fired an employee, Varun. He made work schedules routinely, was responsible was cashing out his register. He told employees including Singhs when they should or should not come into work. He kept track of inventory. His salary met minimum wage standards at the time he was employed.

Even under NYLL Patel cannot make out a cognizable claim. The entire complaint is based upon speculation and conjecture which is insufficient for this Court to rule on based upon the clear Federal exemption and fulfillment of state minimum wage requirements.

Patel was a bona fide exempt executive holding twenty-five (25%) of the shares, as per Federal Labor Standards Act the exemption pertaining to bona fide exempt executives is applicable on this matter. Patel was a food service worker who was given the tip credit of up to $3.50, with $7.50 per hour in house pay as of December 31, 2017, state minimum wage standards were met. Singhs cannot be individually liable for corporate acts as per NY CLS Bus Corp § 630. Patel needs to answer for his unilateral breach which caused the Singhs to sustain damages which remain due.

## FACTS

For a recitation of the salient facts surrounding, the Court is respectfully referred to Defendants' Statement of Undisputed Facts ("Undisputed Facts") and the Declaration of Noddy Singh,("Noddy Dec.").

## ARGUMENT

### I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Roge v. NYP Holdings, Inc., 257 F.3d 164, 167 (2d Cir. 2001). To avoid summary judgment, the non-moving party must show more than "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Instead, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Here we have noting but mere speculation and conjecture as to profits when none existed.  Defendants admitted that the company was taking a loss but are upset about not making a profit. Fed. R. Civ. P. 56(e); see also, Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004), cert. denied, 546 U.S. 1012, 126 S. Ct. 621 (2005) ("[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its

version of the events is not wholly fanciful.") (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998)).

Notably, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Here there are several undisputed facts which point to why summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986). While this Court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, a party may not "rely on mere speculation or conjecture as to

4

the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied 480 U.S. 932, 107 S. Ct. 1570 (1987). The non-moving party may only defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011). Finally, "'mere conclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)). Indeed, "[a]t the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." Welch-Rubin v. Sandals Corp., 2004 U.S. Dist. LEXIS 22112, *4, 2004 WL 2472280 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted). Summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995).

## II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S COMPLAINT AS A MATTER OF LAW
### A. PLAINTIFF'S LABOR LAW CLAIMS MUST BE DISMISSED BASED ON PATEL BEING A BONA FIDE EXEMPT EXECUTIVE, FULFILLMENT OF NYLL STANDARDS, AND DEFENDANTS BAR FROM PERSONAL LIABILITY

Under the Fair Labor Standards Act ("FLSA") a bona fide exempt executive is one who holds more than twenty (20%) percent of the shares, here, Patel owns twenty-five (25%) percent of the shares. This fact is undisputed, uncontested, and admitted by Patel. Federal courts when reviewing Fair Labor Standards Act are bound to accept this exemption as part of their review. *See* Section 13 (a) (1) of the Act, 29 U.S.C.A. § 213 (a) (1), The FLSA requires employers to pay overtime compensation to most employees who work more than 40 hours in a week, while certain employees are "exempt" from the overtime pay requirement. 29 U.S.C. § 206. An employee is exempt as a "bona fide executive" if the employee meets three tests: (1) the employee is paid a "predetermined and fixed salary" (salary basis test); (2) the salary exceeds a specified amount (salary level test); and (3) the employee regularly performs certain job responsibilities (duties test). See 29 U.S.C. 213(a)(1); 84 Fed. Reg. 51230. The salary basis test can be satisfied in two ways. Under 29 CFR §541.602(a) ("§602(a)"), an employee meets the salary basis test if, "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount," which does not vary based on the amount of hours worked or the quality of the work. For example, an employee whose pay is computed on a weekly salary basis "must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." The general rule considers employees to be executives when they are "[c]ompensated on a salary basis" (salary-basis test); "at a rate of not less than $455 per week" (salary-level test); and carry out three listed responsibilities. managing the enterprise, directing other employees, and exercising power to hire and fire (duties test). §541.100(a). Here all three criteria are met with respect to Patel. He had a preset salary which according to him was $550 exceeding the $455 per week requirement. He not only hired and fired employees, directed their duties, cashed out, set schedules, paid their salaries, maintained inventory,

independently decided how to manage the day-to-day operation of Pan King, Inc. Plaintiff attempts to skirt the Federal rules by making State Labor Law claims only because these claims are exempt under Federal standards.

## THIS COURT SHOULD ENFORCE FEDERAL STANDARDS

This Court is duty bound to accept the Federal exemption as part of it's review, even if the case is brought under diversity jurisdiction. Under *Hanna v. Plumer* and its progeny, given the procedural nature of the labor law claims, federal law and federal rules of civil procedure should prevail in federal court.  The Plaintiff could have brought his NYLL claim in state court but instead chose to bring it in Federal Court, as such he is bound by federal law given the conflict between federal and state laws on this issue. This Court is exercising jurisdiction solely because of the parties' diverse citizenship, based upon the original filing which did not contain any labor law claims and the amended filing which incorporated NYLL claims. In *Hanna* rather than applying the prior outcome-determinative test as in *Erie Railroad Co. v. Tompkins* situation, the court found federal rules that are directly on point are controlling for any actions brought in a federal court. On this labor law issue the federal law is directly on point.  The clear analysis as supported by the undisputed facts and clearly delineated federal law conclusively demonstrate the applicability of the federal exemption to this diversity case.

Rules Enabling Act authorizes the Supreme Court to prescribe general rules of practice and procedure and rules of evidence for the federal courts and the Constitution, it is to be applied regardless of state law to the contrary. The rules that govern the process of adjudication in our federal courts are prescribed by the U.S. Supreme Court pursuant to a grant of authority contained in the Rules Enabling Act (REA), which empowers the Court to craft "rules of practice and procedure," so long as those rules do not "abridge,

7

enlarge or modify any substantive right." Fair Labor Standards Act is a procedural act which directly applies to the labor law claims filed by the plaintiffs to exempt them under the "bona fide executive" standard. Fair Labor Standards Act is a set of rules and procedures which are used to determine who is an employee and who is not, to establish minimum wage standards. These rules take precedent in federal court over state rules because as much is mandated by the Rules Enabling Act and *Hanna*. The importance of uniformity of laws cannot be understated and that is precisely what the procedure set forth in the Fair Labor Standards Act and 29 U.S.C. § 206 sets to accomplish.

## STATE LAW LABOR LAW CLAIMS FAIL BECAUSE MINIMUM WAGE STANDARDS WERE MET

Patel was a front-end food services employee who was paid in cash and check. He had little oversight when he took the cash. He took cash as compensation for tips that he received. Under prevailing New York state labor laws at the time of his employment on December 31, 2017, the tipped minimum wage was $7.50 per hour in house pay and a tip credit of $3.50 for companies with fewer than ten (10) employees based in Long Island. Patel testified he received $550 in compensation plus cash. Noddy Singh affirms Patel was paid $650 per week plus cash. Even if we were to take the lower $550 figure to give Patel the maximum benefit possible, that he worked a maximum of 60 hours per week. Even tough, he admittedly didn't work 60 hours every week, as there were days he took off, or went home early, or went on vacation. Despite the aforementioned, if he is given credit for 60 hours, which he admittedly worked a lot less, then the wages work out to $7.50 x40= $300 plus overtime of 20 hours ((1 1/2x) which amounts to $11.25x20=$225, for a total of $525. Given this calculation, plaintiffs have filed an entirely frivolous claim and defendants should be awarded summary judgment on the merits as to all labor law claims.

SINGHS CANNOT BE HELD PERSONALLY LIABLE

Singhs were shareholders and cannot be held personally liable for any labor law claims made against the company.  Summary judgment should be granted as to Singhs because plaintiffs served N.Y. Bus. Corp. Law §624 demand on December 16, 2020 more than 180 days after Patel left his employment on or about December of 2019.  It is irrefutable that the §624 demand was served almost a year after Patel left, as such, under N.Y. Bus. Corp. Law §624 all labor law claims made against Singhs in their individual capacity must be dismissed.  The plaintiffs failed to serve the §624 demand 180 days after Patel left, pointing to the fact that this was an after-thought, much like the amended complaint.

## III. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF ON THE COUNTER-CLAIM FOR BREACH AS A MATTER OF LAW

The Plaintiff admitted he quit, he further admitted he quit without providing written notice, he admitted that he was not going to return.  He signed an Agreement in his individual capacity agreeing to work 48 hours and breached the same without justification.  The Plaintiff has not produced a single document where it is claimed that he was not making a fair wage, he has not produced any documentation to show that he was fired, he cannot produce a single piece of documentary evidence to show that he provided written notice before breaching his contract.  This contract was bargained for and agreed upon with due consideration for the same and no justification has been provided for it's breach other than the fact that it was willfully done.  As such, Singhs are entitled to summary judgment on the breach of contract claim with damages to be presented at the time of trial. A *prima facie* case for breach of contract requires a valid agreement, performance by one party, breach by the other, and damages flowing from the breach. Brueckner v. You Can Beam LLC, 2021 U.S. Dist. LEXIS 100662, at *15, 2021

WL 2158733 (S.D.N.Y. May 27, 2021); see also LMEG Wireless, LLC v. Farro, 190 A.D.3d 716, 718, 140 N.Y.S.3d 593, 596 (2d Dep't 2021) ("The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach."); Ashby v. Baah, 2009 N.Y. Misc. LEXIS 5489 (Sup. Ct. New York Cnty. Sep't 8, 2009) ("To prevail on a breach of contract action, plaintiff must establish an agreement, the performance by that party, breach by the other party, and resulting damages.")  The damages which resulted are shown by the text which states. With respect to damages Noddy Singh stated in a text and part of his declaration: I have to invest another 40K. You left us backed up with everything. PSEG, 8K; National Grid, 6K; rent, 6K, payroll four weeks, inventory for store, lease termination, 6 Jerusalem Avenue, and construction cost.

Damages are defined and delineated as a direct consequence of Patel quitting employment with Pan King, Inc.  A *prima facie* showing for breach by Patel has been made. Patel who was an employee entering into a bargained for agreement in his individual capacity before the company was formed is personally responsible for damages sustained by the Singhs as a result of his breach.  The company was formed September 19, 2017, the Agreement was entered into prior to the formation of the company.  Patel signed the Agreement in his individual capacity. Working a minimum of 48 hours per week is what was bargained for and agreed upon with anticipated damages for the breach in the amount of $250,000 clearly laid out.  Despite the clear language in the Agreement, Patel left unilaterally, refused to return and as much is supported by the admissions of Patel for which summary judgment should be granted.

## Conclusion

For the reasons stated above Defendants' motion for summary judgment should be granted. Plaintiff's claim under the NYLL§ §195 (1), 198, 652 be dismissed, due to no claim being made under the Fair Labor Standards Act because such claims if made, as demonstrated, would be dismissed. The Court should enforce federal rules and procedures over state-law claims. Singhs are not personally liable for labor law claims brought against the company for failure to follow procedures outlined in N.Y. Bus. Corp. Law §624. There is no claim under NYLL because minimum wage requirements were met. The claim for summary judgment on the breach of contract claim should be granted because the *prima facie* showing is undisputed and admitted by plaintiffs, working 48 hours per week is not servitude, he agreed to the same in his individual capacity.

11