# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------**X**
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

<div style="border:1px solid">

**DOCKET #**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

</div>

Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

Defendants.
------------------------------------------------------------------------**X**

Pratik Patel, individually and as a shareholder of Pan King, Inc. and Lalit Patel,

individually and as a partner of Pan King, Inc. (hereinafter collectively referred to as

"Plaintiffs"), by way of this Complaint alleges the following:

**PARTIES**

1. Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or
   "corporation") is a duly organized corporation under the laws of the State of New York,
   with a principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801.

2. Pratik Patel (hereinafter "P Patel") is a shareholder of Pan King, Inc. with a 25%
   ownership in the company.  P Patel resides at 101 Western Avenue, Jersey City, NJ
   07307.

3. Lalit Patel (hereinafter "L Patel") provided P Patel with $50,000 to invest into Pan King.
   L Patel is a partner of Pan King.  L Patel resides at 101 Western Avenue, Jersey City, NJ
   07307.

4. Noddy Singh and Arjan Singh (hereinafter "Defendants") are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

## VENUE AND JURISIDCTION

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

6. Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief all defendants are residents of this District

## FACTUAL ALLEGATIONS

7. On or about November 2017, P Patel and Defendants entered into a Partnership Contract, wherein P Patel became a 25% shareholder in the company and Defendants became 37.5% shareholders in the company. (**See Exhibit A** – Partnership Contract).

8. On or about November 2017, pursuant to the contract, L Patel gave P Patel $50,000 to invest in NY Chicken & Rice for an exchange of 25% ownership in Pan King. P Patel invested the funds pursuant to the contract.

9. The expectation was that L Patel and P Patel would share in the profits of Pan King as P Patel was a 25% shareholder.

10. Pursuant to New York Partnership Law § 11 (hereinafter "PTR"), the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business. L Patel provided P Patel with $50,000 to invest in Pan King with the expectation that P Patel would become a 25% shareholder in the company and both L Patel and P Patel would share in the profits of the business thus making L Patel a partner of Pan King.

11. Thus far, Plaintiffs have received no profits from their investment into Pan King and have been denied access to all relevant books and records.

12. On October 27, 2020, despite the fact that Plaintiffs received no profits from the company, P Patel received a notice from the New York State Department of Taxation and Finance and was hit with a tax penalty of $5,723.45. (**See Exhibit B** – Letter from NY State Department of Taxation and Finance).

13. On information and belief, Defendants filed a K-1 form on behalf of P Patel to the New York Department of Finance showing that P Patel was distributed profits of at least $50,000 even though P Patel has seen no such profits thus far.

14. On December 16, 2020, P Patel sent Pan King a demand for books and records pursuant to NY Business Corporation Law § 624 (hereinafter "BCL"). (**See Exhibit C** – Demand Letter).

15. Defendants were required to respond within five days. That time has now lapsed, and no response has been received.

<div align="center">

**DEMAND FUTILITY**

</div>

16. P Patel brings this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

17. As set forth above, P Patel is a 25% shareholder in Pan King and has been a 25% shareholder during the time relevant to Defendants' wrongful course of conduct alleged herein. P Patel will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

18. Defendants' interest in Pan King constitutes 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above.  As such, any demand upon Pan King to sue Defendants for the breaches of fiduciary duty set forth herein would be futile.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Individual – by P Patel for Breach of Contract)**

19. Plaintiffs repeat and reallege paragraphs 1 through 17 as if fully set forth herein.

20. On or about November 2017, P Patel and Defendants entered into a partnership contract where P Patel was to invest $50,000 in NY Chicken & Rice in exchange for 25% ownership in Pan King.

21. P Patel fulfilled his obligations under the contract by providing the investment of $50,000.

22. Defendants breached its obligations under the contract by failing to provide P Patel with any profits from Pan King.

23. As a result of Defendant's failure to perform, P Patel has suffered damages in an amount equal to no less than 500,000.

24. **WHEREFORE,** P Patel demands judgment in an amount equal to [enter amount], plus interest, costs, and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Individual– by Plaintiffs for Unjust Enrichment)**

25. Plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

26. As stated earlier, P Patel and Defendants entered into a partnership contract where Plaintiffs invested $50,000 in exchange for 25% ownership in Pan King.

27. Plaintiffs provided such funds pursuant to the contract and Defendants refused to provide any profits to Plaintiffs at Plaintiffs' expense.

28. Further, on information and belief, despite the fact that Plaintiffs have received no profits from their investment in Pan King, Defendants filed a K-1 form with the New York Department of Finance on behalf of P Patel showing that P Patel was distributed profits of at least $50,000, which caused P Patel to receive a tax penalty of $5,723.45 from the New York State Department of Taxation and Finance.

29. Because of this, Defendants avoided a tax penalty of $5,723.45 at P Patel's expense.

30. It is against equity and good conscience to permit Defendants to retain Plaintiffs' $50,000 investment, keep all profits from Pan King even though P Patel is a 25% shareholder, and avoid the tax penalty of $5,723.45.

31. Defendants were enriched at Plaintiffs' expense, and Plaintiffs have suffered damages in an amount equal to no less than $500,000

32. **WHEREFORE,** Plaintiffs demands judgment in amount equal to [enter amount], plus interest, costs, and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Individual – by P Patel for Common Law Breach of Fiduciary Duty)**

33. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth herein.

34. Pursuant to the contract, P Patel has a 25% ownership in Pan King and Defendants each have a 37.5% ownership in Pan King, making P Patel a minority shareholder.

35. Majority shareholders owe minority shareholders a fiduciary duty and may not engage in oppressive actions toward minority shareholders.

36. P Patel invested $50,000 in Pan King with the expectation that he would become a 25% owner in Pan King and would thus, share in its profits.

37. P Patel has yet to receive any such profits from Pan King.

38. Further, on information and belief, Defendants used P Patel to avoid a tax penalty of $5,723.45.

39. On information and belief, Defendants filed a K-1 form on behalf of P Patel showing that P Patel received at least $50,000 in profits from Pan King to avoid a tax penalty, even though P Patel has received no such profits.

40. Because P Patel is a minority shareholder and both Defendants are majority shareholders of Pan King, Defendants owe P Patel a fiduciary duty of good faith and loyalty.

41. Defendants breached their duty of good faith and loyalty by refusing to share in the profits from Pan King and using P Patel to avoid a tax penalty.

42. Because of Defendants' breach, P Patel has suffered damages in an amount equal to no less than $1,000,000.

43. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Derivative – by P Patel for Breach of Fiduciary Duty)**

44. Plaintiffs repeat and reallege paragraphs 1 through 42 as if fully set forth herein.

45. Under New York BCL § 717, a director shall perform his duties as a director, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.

46. P Patel is a 25% shareholder and Defendants are each 37.5% shareholders in Pan King. This makes all parties directors of the corporation.

47. P Patel invested $50,000 in Pan King with the expectation that he would receive profits from this investment.

48. To date, P Patel has not received any profits related to Pan King from Defendants.

49. Defendants are retaining all profits from P Patel, even though P Patel is entitled to those funds pursuant to the contract that currently exists between the parties.

50. Defendants have failed to act in good faith by refusing to share in the profits from Pan King in violation of BCL § 717.

51. By reason of the foregoing, Defendants have breached the fiduciary duty they owe to Pan King.

52. Defendants have profited individually at the expense of Pan King.

53. Because of Defendants' breach, Pan King has sustained and continues to sustain damages in an amount equal to no less than $1,000,000.

54. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Individual – by Plaintiffs for Conversion)**

55. Plaintiffs repeat and reallege paragraphs 1 through 53 as if fully set forth herein.

56. Plaintiffs invested $50,000 in Pan King, with an expectation that P Patel would become a 25% owner in the company and share in its profits.

57. Plaintiffs have requested access to all company books and records to determine what their profits are, and Defendants have failed to comply with any such request.

58. Plaintiffs have a legal ownership and immediate right of possession to the company's profits as well as its books and records since P Patel is a 25% shareholder in the company and L Patel is a partner to the company.

59. Defendants have exercised an unauthorized dominion over the profits from Pan King to the exclusion of Plaintiffs' rights to those profits.

60. On information and belief, Defendants have misappropriated P Patel's distributions to enrich themselves.

61. Because of Defendants' refusal to provide P Patel with any profits from Pan King, Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

62. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### 63. <u>AS AND FOR A SIXTH CAUSE OF ACTION</u>

### **(Individual – by Plaintiffs for Fraud)**

64. Plaintiffs repeat and reallege paragraphs 1 through 61 as if fully set forth herein.

65. P Patel and Defendants entered into a partnership contract where P Patel would become a 25% shareholder in the corporation and Defendants would each be 37.5% shareholders in the corporation.

66. Defendants convinced P Patel to invest $50,000 in Pan King by informing P Patel that if he were to make this initial investment, P Patel would become a 25% shareholder and share in all company profits.

67. P Patel received $50,000 from L Patel to invest in Pan King and invested such funds pursuant to the contract.

68. On information and belief, Defendants intent for making this statement was to induce P Patel to invest in Pan King, with no intention of ever making P Patel a 25% shareholder or sharing in the company's profits.

69. Plaintiffs justifiably relied on Defendants' promises and invested the $50,000 with the expectation that P Patel would share in the profits and become a 25% shareholder in the company.

70. Thus far, Defendants have failed to distribute any profits to Plaintiffs.

71. Defendants have also failed to give Plaintiffs access to any relevant books and records that would help substantiate Plaintiffs claims that they are entitled to those profits.

72. Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

73. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Individual – by P Patel for Gross Negligent Misrepresentation)

74. Plaintiffs repeat and reallege paragraphs 1 through 74 as if fully set forth herein.

75. P Patel and Defendants entered into a partnership agreement where P Patel would become a 25% shareholder in Pan King and Defendants would each be 37.5% shareholders in the company.

76. A relationship of trust and confidence exists between the parties because of this contract.

77. To the extent the material misrepresentations and omissions made by Defendants are not found to be fraudulent, they are at the very least the product of gross negligence on the part of Defendants.

78. As stated earlier, P Patel was led to invest $50,000 in Pan King with the expectation that he would become a 25% shareholder in the company and share in its profits.

79. P Patel fulfilled his obligations by making the $50,000 investment.

80. P Patel has not been distributed any profits from the company even though he is now a 25% shareholder in the company and is entitled to its profits.

81. The information given to P Patel that he would become a 25% shareholder and receive profits if he made the investment was incorrect and P Patel reasonably relied on this information when he made the investment.

82. Further, Defendants have refused to give P Patel access to any relevant books and records to see what profits, if any, P Patel would be entitled to for his investment.

83. Because of this, on information and belief, Defendants were aware that the information given to P Patel was incorrect and their sole intention for relaying this information to P Patel was to make him invest.

84. P Patel's reliance on Defendants was at all times reasonable and necessary since Defendants hold the controlling shares of the corporation with each having a 37.5% stake in the company.

85. Defendants have committed multiple acts of grossly negligent misrepresentations and omissions in dealing with P Patel, who has been significantly harmed as a result.

86. P Patel has suffered damages in an amount equal to no less than $1,000,000.

87. **WHEREFORE,** P Patel demands judgment in an amount equal no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Individual – by P Patel for an Accounting)

88. Plaintiffs repeat and reallege paragraphs 1 through 87 as if fully set forth herein.

89. Defendants' breach of fiduciary duty and contractual obligations owed to P Patel set forth above have damaged P Patel significantly.

90. P Patel is entitled to a full forensic accounting of Pan King's finances, including full disclosure of company books and records, a money judgment in favor of P Patel and against Defendant for any profits that have not been properly distributed to P Patel and for any funds that have been improperly misused, diverted, or taken in an amount equal to [enter amount].

91. **WHEREFORE,** P Patel demands that an accounting take place and a judgment be made in favor of P Patel in an amount equal to no less than $1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Individual – by P Patel for Violation of N.Y. BCL § 720)

92. Plaintiffs repeat and reallege paragraphs 1 through 92 as if fully set forth herein.

93. At all relevant times, P Patel is a 25% shareholder in the company.

94. Defendants constitute the majority shares of the company with each holding a 37.5% stake in the company.

95. Both P Patel and Defendants are directors to the corporation.

96. Defendants neglected, failed to perform, and violated their duties in the management of Pan King by failing to distribute P Patel with his share of the profits even though he is a 25% shareholder in the company.

97. Further, Defendants have refused to give P Patel access to any relevant corporate books and records despite P Patel's numerous requests and attempts to gain access.

98. Accordingly, Defendants have mismanaged Pan King by refusing to give P Patel the profits he is entitled to and by refusing to give P Patel access to company books and records.

99. **WHEREFORE,** P Patel demands judgment in an amount equal to $1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Individual – by L Patel for Violation of PTR § 42)

100.     Plaintiffs repeat and reallege paragraphs 1 through 97 as if fully set forth herein.

101.     Pursuant to PTR § 42, partners have a duty to render on demand true and full information of all things affecting the partnership to any partner.

102.     Plaintiffs invested $50,000 into Pan King with the expectation that they would share in its profits.

103.     Plaintiffs received no profits thus far.

104.     Plaintiffs requested that Defendants provide Plaintiffs with all relevant company books and records to determine what their profits are, and Defendants refused.

105.     Defendants are in clear violation of PTR § 42 because they have an obligation to L Patel to render all true and full information affecting the partnership.

106.     **WHEREFORE,** L Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of costs, compensatory and punitive damages, and attorneys fees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Individual – by L Patel for Breach of Fiduciary Duty)

107.     Plaintiffs repeat and reallege paragraphs 1 through 104 as if fully set forth herein.

108.     Upon information and belief, Defendants have systematically stolen and/or misappropriated funds of the partnership and funds of L Patel.  The continued theft and misappropriation of corporate funds of the partnership and funds of Plaintiff constitutes a breach of the partnership and the covenant of good faith and fair dealing.

109.     Defendants have refused to provide Plaintiffs with any profits from Pan King.

110.     Defendants have also failed to provide Plaintiffs with access to any relevant books and records to substantiate Plaintiffs claims that they have not received any profits.

111.     Defendants have failed to pay distributions to Plaintiffs from any profits of Pan King and have caused L Patel damages in an amount equal to [enter amount].

112.     **WHEREFORE,** L Patel demands judgment in an amount in an amount equal to no less than $1,000,000 inclusive of costs, compensatory and punitive damages, and attorneys fees.**<u>AS AND FOR A TWELFTH CAUSE OF ACTION</u>**

### **(Individual – by L Patel for an Accounting)**

113.     Plaintiffs repeat and reallege paragraphs 1 through 110 as if fully set forth herein.

114.     L Patel is a partner of the partnership and brings this action individually, representatively and derivatively on L Patel's behalf.

115.     By virtue of the foregoing, L Patel is entitled to a judgment compelling Defendants and their agents to provide Plaintiff with timely, unfettered, and complete access to all financial records of the partnership from [enter year] to the present time, and that Defendants provide L Patel a full and complete, itemized corporate financial accounting for all moneys received and retained by the partnership, and for all monies removed from the partnership.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendants as follows:

a.  In the amount of $50,000 in favor of P Patel, plus interest, costs and attorney's fees on the First Cause of Action;

b.  In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Second Cause of Action;

c.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Third Cause of Action;

d.  In the amount of $1,000,000 in favor of Pan King plus interest, costs and attorney's fees on the Fourth Cause of Action;

e.  In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Fifth Cause of Action;

f.  In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Sixth Cause of Action;

g.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Seventh Cause of Action;

h.  For an accounting to take place in favor of P Patel, plus interest, costs and attorney's fees on the Eighth Cause of Action;

i.  In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Ninth Cause of Action;

j.  In the amount of $1,000,000 in favor of L Patel, plus interest, costs and attorney's fees on the Tenth Cause of Action;

k.  In the amount of $1,000,000 in favor of L Patel, plus interest, costs and attorney's fees on the Eleventh Cause of Action; and

l.  For an accounting to take place in favor of L Patel, plus interest, costs and attorney's fees on the Twelfth Cause of Action.

/s/ Kadochnikov

Dated: Kew Gardens, NY
February 11, 2021

_____
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorney for the P Patel*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

# PARTNERSHIP CONTRACT

This Contract is being made in presence of all the members.

Members :

Pratik Kantilal Patel  SS: ███████████

Noddy Singh SS: ███████

Arjun Singh SS: ███████

All other information regarding residence and personal information is kept confidential.


Pratik Patel Shareholder 25%

Noddy Singh Shareholder  37.5%

Arjun Singh Shareholder 37.5%

Pratik Patel Agrees to put down an retainer of $ 25000. (twenty five thousand) toward the location in Hicksville for the Franchise of NY Chicken & Rice as a partnership of 25%. Total inventment from Pratik is $50000 leaving a balance of $25000 within 30 days.

Responsibilities:

Pratik will be working minimum of 48 Hours per week.

Stealing of theft will void or default this partnership and Pratik will lose his investment if found guilty by the law official.

Pratik will have bank access as well as authority to sign checks under $2000 ( Two

Thousand) at any time. Any amount over will need another partners authority.

Pratik agrees not to open a similar concept of operation any where in the U.S.A. without permission of the other partners

( Arjun & Noddy) for the next 5 years.

If defaulted Pratik or his future partner will pay a fine of $250000 (Two Hundred Fifty Thousand).

Pratik has the right to open and take over more stores with investment and Arjun and Noddy Agree to grant him a 60 days period to refuse the offer as a fair deal.

Signature (Pratik)----

Signature (Arjun)----

Signature (Noddy)--

**New York State Department of**
# Taxation and Finance

Civil Enforcement-District Office
W A Harriman Campus
Albany NY 12227-0001

DATE: 10/27/20

## NOTICE OF DETERMINATION

ASSESSMENT ID: ▮▮▮▮▮▮▮

| TOTAL AMOUNT DUE: $5,723.45 |
| PAYMENT DUE DATE: 11/17/20 |

PATEL-PRATIK K
26 QUEENS LN
NEW HYDE PARK, NY    11040-1214

TAX TYPE: Sales and Use

### TAXPAYER'S COMPLETE LEGAL NAME

PATEL-PRATIK K

### EXPLANATION AND INSTRUCTIONS

This notice is issued because you are liable as an Officer/Responsible Person for taxes determined to be due in accordance with sections 1138(a), 1131(1), and 1133 of the New York State Tax Law.

Our records indicate that you are/were an Officer/Responsible Person of:
PAN KING INC.

Please refer to the COMPUTATION SECTION AND COMPUTATION SUMMARY SECTION for the tax period(s) affected, the reason(s) for the additional amount due and a computation of the balance due.

The total amount due reflects any payments applied to the business liability on which this assessment is based.

Please refer to the enclosed Payment Document for payment information, whether you AGREE or DISAGREE with this NOTICE OF DETERMINATION.

IF YOU AGREE that you are responsible for the total amount due, sign the Consent To Findings Section and complete the Payment Application Section. If you cannot send the total amount due, a partial payment will reduce the basis on which additional penalty and/or interest is computed. You will receive a bill for the remaining balance due.

IF YOU AGREE that you are responsible for part of the total amount due, a partial payment will reduce the basis on which additional penalty and/or interest is computed. To make a partial payment: go online at www.tax.ny.gov, or call (518) 457-5434, or mail us your payment with the enclosed Payment Document. Refer to the Notice of Taxpayer Rights to determine your options.

IF YOU DISAGREE that you are personally liable for any of the total amount due, please refer to the Notice of Taxpayer Rights to determine your protest options. However, note that you are deemed to have automatically protested this Notice of Determination if the business to which this Notice relates timely files, on its own behalf, either a Request for a Conciliation Conference or a Petition for a Division of Tax Appeals Hearing in response to the business' own separate Notice. If you are deemed to have automatically protested this Notice, the department will contact you concerning your options.

DTF-963 (1/02)    TCP0000741 2941700                    **Keep this notice for your records.**

**Attachment to: NOTICE OF DETERMINATION**

**DATE:** 10/27/20

**ASSESSMENT ID:** L-████████

## COMPUTATION SECTION

TAX PERIOD ENDED DATE: 02/29/20
    TAX YEAR: 2020    RETURN FILED: ST-100    FILE DUE DATE: 03/20/20
DATE RECEIVED: 03/20/20

| | |
|---|---:|
| Tax Per Taxpayer: | 4,536.15 |
| Tax Per Dept of Tax & Finance: | 4,536.15 |
| Timely Payments/Credits: | 0.00 |
| Late Payments: | 0.00 |
| Amount Previously Assessed/Refunded: | 0.00 |
| BALANCE: | 4,536.15 |
| | |
| Tax Amount Assessed: | 4,536.15 |
| Interest Amount Assessed: | 416.17 |
| Penalty Amount Assessed: | 771.13 |
| Assessment Payments/Credits: | 0.00 |
| Current Balance Due: | 5,723.45 |

## COMPUTATION SUMMARY SECTION

| Tax Period Ended | Tax Amount Assessed | (+) Interest Amount Assessed | (+) Penalty Amount Assessed | (−) Assessment Payments/ Credits | (=) Current Balance Due |
|---|---|---|---|---|---|
| 02-29-20 | 4,536.15 | 416.17 | 771.13 | 0.00 | 5,723.45 |
| TOTALS | 4,536.15 | 416.17 | 771.13 | 0.00 | 5,723.45 |

NOTE: To view the current balance of any unpaid tax bills, access our web site at www.tax.ny.gov/online.

DTF-963C (1/02)    TCP0000742 2941700

**Keep this notice for your records.**



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3261 ■ Fax: (718)744-2455

December 16, 2020

Via First Class Mail Return Receipt Requested
Pan King Inc.
8 Jerusalem Ave,
Hicksville, NY 11801

> Re: **Demand Pursuant to N.Y. Bus. Corp. Law § 624 and Common Law
> Response Within Five Business Days is Required.**

Dear Sir or Madame,

This firm represents Pratik Patel ("Shareholder") – a shareholder of the above-referenced corporation.

This letter constitutes a demand pursuant to Section 624 of the N.Y. Business Corporation Law ("Section 624") and New York Common Law to inspect and copy certain books and records of the Pan King Inc. ("Corporation"), as specified below for the purposes set forth below (the "Demand")

Pursuant to Section 624, and Common Law, Shareholder hereby demands the Corporation to make available the following books and records[1] available for inspection and copying within five (5) business days of your receipt of this Demand, The demanded inspection is for all books and records within the Corporation's possession, custody, and control for the period of January 1, 2017 through the present (the "Relevant Period"), unless otherwise indicated.
1. All bank statements.
2. All leases.
3. All books and records dated or created during the Relevant Period.

---

[1] For purposes of the Demand, books and records as used herein is construed as broadly as possible under the Uniform Rules for New York State Trial Courts, Section 624 and New York common law and includes, without limitation, any and all correspondence concerning the demanded categories, whether sent via mail: facsimile, electronic communication, or otherwise. In addition, books and records is construed to include "Board Materials", which as used herein means all documents concerning, relating to, provided at, discussed at, prepared or disseminated in connection with any meeting of the Company's Board of Directors (the "Board,,) or any regular or specially created committee thereof: including all presentations, board packages, recordings, agendas, summaries, memoranda, transcripts, notes, minutes of meetings, drafts of minutes of meetings, documents such as exhibits or presentations distributed at meetings, summaries of meetings. or resolutions.

The purposes for the Demand is to investigate potential wrongdoing, mismanagement and breaches of fiduciary duty by the members of Corporation in connection with the events, circumstances, and transactions described above.

Please contact me to make arrangements for the review of the demanded books and records: Alexander Kadochnikov, Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP., 80-02 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415, telephone 718-577-3261, email at akadochnikov@sbagk.com.

In the event that the Corporation does not respond to this letter or fails to permit inspection and copying of the demanded documents within five business days from the receipt of the demand, we will seek appropriate relief to the fullest extent permitted under the law.


Respectfully yours,

Alexander Kadochnikov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                  Plaintiffs

-against-

NODDY SINGH; ARJAN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                  Defendants.

-----------------------------------------------------------------------X

| |
|---|
| **DOCKET #** |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** |

      Pratik Patel, individually and as a shareholder of Pan King, Inc. and Lalit Patel,

individually and as a partner of Pan King, Inc. (hereinafter collectively referred to as

"Plaintiffs"), by way of this Complaint alleges the following:

## PARTIES

1.  Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or

"corporation") is a duly organized corporation under the laws of the State of New York,

with a principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801.

2.  Pratik Patel (hereinafter "P Patel") is a shareholder of Pan King, Inc. with a 25%

ownership in the company.  P Patel resides at 101 Western Avenue, Jersey City, NJ

07307.

3.  Lalit Patel (hereinafter "L Patel") provided P Patel with $50,000 to invest into Pan King.

L Patel is a partner of Pan King.  L Patel resides at 101 Western Avenue, Jersey City, NJ

07307.

4. Noddy Singh and Arjan Singh (hereinafter "Defendants") are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

## VENUE AND JURISIDCTION

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

6. P Patel is domiciled in New Jersey. P Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

7. L Patel is domiciled in New Jersey. L Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

8. Defendants are domiciled in New York as Defendants reside in New York with intent to stay.

9. Pan King is controlled and managed by Defendants, as Defendants each hold a 37.5% interest in the company, together owning 75% of the shares of Pan King.

10. Plaintiffs have a real collision of interests with company Pan King: Plaintiffs and Defendants are in clear disagreement as to how to manage and control Pan King, with Defendants making such management decisions to the exclusion of Plaintiff, and Plaintiffs own 25% of the company while Defendants own 75% As such, Pan King is hostile to any corporate action sought by Plaintiff, such as a demand for books and records or payment of profits to Plaintiffs.

11. Venue is proper in this District under 28 U.S.C. § 1391 because, all defendants are domiciliaries of this District.

**FACTUAL ALLEGATIONS**

12. On or about November 2017, P Patel and Defendants entered into a Partnership Contract, wherein P Patel became a 25% shareholder in the company and Defendants became 37.5% shareholders in the company.  (**See Exhibit A** – Partnership Contract).

13. On or about November 2017, pursuant to the contract, L Patel gave P Patel $50,000 to invest in NY Chicken & Rice for an exchange of 25% ownership in Pan King.  P Patel invested the funds pursuant to the contract.

14. The expectation was that L Patel and P Patel would share in the profits of Pan King as P Patel was a 25% shareholder.

15. Pursuant to New York Partnership Law § 11 (hereinafter "PTR"), the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business.  L Patel provided P Patel with $50,000 to invest in Pan King with the expectation that P Patel would become a 25% shareholder in the company and both L Patel and P Patel would share in the profits of the business thus making L Patel a partner of Pan King.

16. Thus far, Plaintiffs have received no profits from their investment into Pan King and have been denied access to all relevant books and records.

17. On October 27, 2020, despite the fact that Plaintiffs received no profits from the company, P Patel received a notice from the New York State Department of Taxation and Finance and was hit with a tax penalty of $5,723.45.  (**See Exhibit B** – Letter from NY State Department of Taxation and Finance).

18. P Patel was both an employee and a shareholder of Pan King.

19. P Patel left his position as an employee of the Pan King approximately in December 2019.

20. P Patel never gave up his ownership of the shares of Pan King

21. Defendant Arjun Singh testified at his deposition that Pan King essentially ceased operating as restaurant and as a business entity around March 2021.

```
        Q.      Now, Mr. Singh, when did Pan
King, Inc. close its doors?
        A.      I think, March of -- end of
February or March, the first week of 2021.
        Q.      2021?
        A.      Yes.
        Q.      And when did Pratik Patel
depart the business?
        A.      He was gone somewhere in 2019.
        Q.      Pratik Patel left in 2019?
        A.      I believe it was 2019 that he
left, yeah.
```

22. Some time in 2020, Defendants Arjun and Noddy Singh applied for and were granted, on behalf of Pan King, an Economic Injury Disaster loan in the amount of $120,000.

23. At his deposition, Mr Singh seemed really confused about whether he caused Pan King to apply for a loan at all:

MR. WALIA: I want to be sure
you're speaking about Pan King, Inc.
with respect to the SBA loan.

Page 77

A. SINGH

THE WITNESS: Okay.

A.      We're only going to talk about Pan King now? We were talking about three or four corporations.

MR. WALIA: He said, Pan King, Inc.

Q.      Right now I'm talking about Pan King, Inc.

A.      Are there any other corporations you want to ask about?

Because I'm kind of getting a little mixed up now.

Q.      No, I'm talking about Pan King, Inc. right now.

A.      All right. So we are still waiting for final answer, Alex.

Q.      Were you approved for an SBA loan?

A.      We are approved. We are waiting for a final answer, Mr. Alex.

Q.      What is the amount of the loan that you are approved for?

A.      We are not approved yet.

Q.    Did Pan King, Inc. apply for

212-267-6868                    Veritext Legal Solutions                    516-608-240
www.veritext.com

Page 76

                    A. SINGH

any SBA loans, such as the EIDL loan?

    A.    Hello?

    Q.    Did you hear the question?

    A.    Can you say it again.

    Q.    Did Pan King, Inc. apply for
any SBA loans; such as an SBA, EIDL loan?

    A.    Yes, we did.

    Q.    Was Pan King, Inc. approved for
that loan?

    A.    We are still awaiting response
for one of them.

    Q.    For one of them?

    A.    Yes.

    Q.    Was there any SBA loans that
Pan King, Inc. was approved for?

    A.    Yeah, it's approved, but we are
waiting, still waiting, on the final
answer.

        MR. WALIA:  You're talking
    about Pan King, Inc., right?

        MR. KADOCHNIKOV:  Yes.

MR. WALIA:  I want to be sure you're speaking about Pan King, Inc. with respect to the SBA loan.

Veritext Legal Solutions

12-267-6868     www.veritext.com     516-608-2400

Page 77

A. SINGH

THE WITNESS:  Okay.

A.    We're only going to talk about Pan King now?  We were talking about three or four corporations.

MR. WALIA:  He said, Pan King, Inc.

Q.    Right now I'm talking about Pan King, Inc.

A.    Are there any other corporations you want to ask about?

Because I'm kind of getting a little mixed up now.

Q.    No, I'm talking about Pan King, Inc. right now.

A.    All right.  So we are still waiting for final answer, Alex.

Q.    Were you approved for an SBA loan?

A.    We are approved.  We are waiting for a final answer, Mr. Alex.

Q.    What is the amount of the loan that you are approved for?

A.    We are not approved yet.

24. On August 10, 2020, Defendant Arjun Singh wrote a check to himself from Pan King in the amount of $100,000.

25. Defendant Arjun Singh did not have a valid business explanation of why he decided to write a $100,000 check to himself.

Q.      All right.  Now, Mr. Singh, is it your testimony that you are unaware that any EIDL loan was approved yet, or not?

A.      No, I said there is one in review.

Q.      Sorry?

A.      There is one in review.

There is -- we did get an EIDL loan, sir, yes, we did; but there is one in review.

Q.      What is the amount of the EIDL loan that you received?

A.      It was 120.

Q.      And when was that loan received?

A.      I think it's right around the

A. SINGH

time that -- right before -- or around the time we closed doors for Pan King.

Q.    120; is that 120,000?

A.    120,000, yes.

Q.    And what were the proceeds of the loan used for?

A.    Back taxes, gas bills, electric, pay employees; any of the bills, any miscellaneous, anything that was left over.

Q.    Was there any checks written to any partners from the proceeds of the EIDL loan?

A.    As in -- a lump sum amount?

Q.    Any amount.

A.    I mean -- we used some money, left over money, to -- you know, open the restaurant; that's about it?

Q.    Sorry, what was the answer?

A.    I -- I didn't really -- I think there was a few hundred dollars that we took as a -- on salary from that amount.

Q.    Were there any checks from the proceeds of the EIDL loan written to

Case 2:21-cv-00759-HCG-GDD Document 534 Filed 04/27/23 Page 34 of 54 Page ID #
1230

shareholders?

    A.    Not that I remember, sir?

    Q.    Okay.

    A.    Not that I recall.

    Q.    Were there any checks written to you?

    A.    I'm not sure about this answer. I [SIC] got to look into it?

    Q.    Sitting here right now, were there any checks written to you?

    A.    No, not from -- not from Pan King, no.

    Q.    Were there any checks written to Noddy, Noddy Singh?

    A.    I don't know, sir.

    Q.    Let me share a different document with you.

    MR. KADOCHNIKOV:  Let's mark this as Exhibit 27.

    (Whereupon, the aforementioned bank statement was marked as Plaintiffs' Exhibit 27 for identification as of this date by the Reporter.)

A. SINGH

Q.      I'll share.

        (Counsel Complies.)

        Can you see my screen?

A.      No.

Q.      Sorry about that.

        Can you see my screen now?

A.      Yes.

Q.      Okay.  Now, do you recognize the document marked today as Plaintiffs' Exhibit 27?

A.      (No response.)

Q.      I'll represent to you it's a bank statement from Bank of America for Pan King, Inc.

A.      Okay.

Q.      Would you agree with that?

A.      Yeah.

Q.      All right.  So it appears -- give me one second -- do you see where I'm highlighting on-line bank transfer in SAV 4207 in the amount of 100,000?

A.      Okay.

Q.      What does SAV 4207 stand for?

A.      (Indicating.)

Q.      If you know.

A.      The screen is moving up and down?  Are you moving it?

Q.      Yes, I am.  I'm moving it.

Okay, I'll stop.

So SAV 4207?

A.      I think this is one of the businesses that we opened for the restaurant here; if I'm not mistaken.

Q.      And there's a transfer of $100,000 into the checking account, correct?

A.      Yes.

Q.      All right.  Would it be fair to say that a portion of that transfer, constitutes the proceeds from the EIDL loan?

A.      Yes.

Q.      Let me show you a copy of the check, I'll increase the screen, that has been written out, on August 10, 2020.

(Counsel Complies.)

Now, do you see a copy of that check?

A.      (Indicating.)

A. SINGH

Q.    Yes?

A.    Yes.

Q.    Who is that check written out to?

A.    It says -- I went to the bank -- to the bank account.

Q.    Which check did that check go to?

A.    The one that we just opened, the restaurant.

Q.    The one that you just opened, the restaurant?

A.    Yes, that's right, yes.

Q.    Which restaurant did you open?

A.    The Chicken & Rice NY.

Q.    Do you see the date of this check?

A.    Yes.

Q.    What is the date of that check?

A.    8/10/2020.

Q.    It appears that this is a check written from Pan King, Inc., correct?

A.    Yes.

Q.    Who is the check written to?

A.    Arjun Singh.

Q.    What is the amount of the check?

A.    100,000.

26. From Defendant Arjun Singh's deposition testimony it appears that this is not the only loan Defendants applied for and received on behalf of Pan King.

27. On December 16, 2020, P Patel sent Pan King a demand for books and records pursuant to NY Business Corporation Law § 624 (hereinafter "BCL"). (**See Exhibit C** – Demand Letter).

28. Defendants were required to respond within five days. That time has now lapsed, and no response has been received.

### DEMAND FUTILITY

29. P Patel brings this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

30. As set forth above, P Patel is a 25% shareholder in Pan King and has been a 25% shareholder during the time relevant to Defendants' wrongful course of conduct alleged herein. P Patel will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

31. Defendants' interest in Pan King constitutes 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above. As such, any demand upon Pan King to sue Defendants for the breaches of fiduciary duty set forth herein would be futile.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Individual – by P Patel for Breach of Contract)**

32. Plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

33. On or about November 2017, P Patel and Defendants entered into a partnership contract where P Patel was to invest $50,000 in NY Chicken & Rice in exchange for 25% ownership in Pan King.

34. P Patel fulfilled his obligations under the contract by providing the investment of $50,000.

35. Defendants breached its obligations under the contract by failing to provide P Patel with any profits from Pan King.

36. As a result of Defendant's failure to perform, P Patel has suffered damages in an amount equal to no less than 1,000,000.

37. **WHEREFORE,** P Patel demands judgment in an amount equal to 1,000,000, plus interest, costs, and attorney's fees.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
**(Individual – by P Patel for Common Law Breach of Fiduciary Duty)**

38. Plaintiffs repeat and reallege paragraphs 1 through 37 as if fully set forth herein.

39. Pursuant to the contract, P Patel has a 25% ownership in Pan King and Defendants each have a 37.5% ownership in Pan King, making P Patel a minority shareholder.

40. Majority shareholders owe minority shareholders a fiduciary duty and may not engage in oppressive actions toward minority shareholders.

41. P Patel invested $50,000 in Pan King with the expectation that he would become a 25% owner in Pan King and would thus, share in its profits.

42. P Patel has yet to receive any such profits from Pan King.

43. Because P Patel is a minority shareholder and both Defendants are majority shareholders of Pan King, Defendants owe P Patel a fiduciary duty of good faith and loyalty.

44. Defendants breached their duty of good faith and loyalty by refusing to share in the profits from Pan King and using P Patel to avoid a tax penalty.

45. Moreover, Defendants excluded P Patel from the decision for applying for the EIDL loan.

46. Additionally, on information and belief, the Defendants used the proceeds of the loan intended for Pan King to open a competing venture.

47. Because of Defendants' breach, P Patel has suffered damages in an amount equal to no less than $1,000,000.

48. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Derivative – by P Patel for Breach of Fiduciary Duty)

49. Plaintiffs repeat and reallege paragraphs 1 through 48 as if fully set forth herein.

50. Under New York BCL § 717, a director shall perform his duties as a director, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.

51. P Patel is a 25% shareholder and Defendants are each 37.5% shareholders in Pan King. This makes all parties directors of the corporation.

52. P Patel invested $50,000 in Pan King with the expectation that he would receive profits from this investment.

53. To date, P Patel has not received any profits related to Pan King from Defendants.

54. Defendants have profited individually at the expense of Pan King.

55. Defendants wrote themselves several checks from the proceeds of the EIDL loan intended for Pan King, thus breaching their fiduciary duty to Pan King

56. Because of Defendants' breach, Pan King has sustained and continues to sustain damages in an amount equal to no less than $1,000,000.

57. **WHEREFORE,** P Patel demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Derivative – by Plaintiffs for Conversion)**

58. Plaintiffs repeat and reallege paragraphs 1 through 59 as if fully set forth herein.

59. Pan King received an EIDL loan intended for Pan King's benefit.

60. By writing personal checks to themselves, Defendants converted funds that belong to Pan King.

61. Defendants have exercised an unauthorized dominion over the EIDL loan intended for Pan King to the exclusion of Pan King's rights to use the benefit of the loan.

62. On information and belief, Defendants have misappropriated P Patel's distributions to enrich themselves.

63. Because of Defendants' refusal to provide P Patel with any profits from Pan King, Plaintiffs have suffered damages in an amount equal to no less than $1,000,000

64. **WHEREFORE,** Plaintiffs demand judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

**(Individual – by P Patel for an Accounting)**

65. Plaintiffs repeat and reallege paragraphs 1 through 65 as if fully set forth herein.

66. Defendants' breach of fiduciary duty and contractual obligations owed to P Patel set forth above have damaged P Patel significantly.

67. P Patel is entitled to a full forensic accounting of Pan King's finances, including full disclosure of company books and records, a money judgment in favor of P Patel and against Defendant for any profits that have not been properly distributed to P Patel and for any funds that have been improperly misused, diverted, or taken in an amount equal to [enter amount].

68. **WHEREFORE,** P Patel demands that an accounting take place and a judgment be made in favor of P Patel in an amount equal to no less than $1,000,000, plus interest, costs, and attorney's fees.

## AS AND FOR A NINTH CAUSE OF ACTION

### (Individual – by P Patel for Violation of Minimum Wage under the New York Labor Law)

69. Plaintiffs repeat and reallege paragraphs 1 throuugh 120 as if fully set forth herein.

70. At all relevant times, P Patel was an employee of Defendants and Pan King within the meaning of New York Labor Law §2 and §651, as Plaintiff was required to report to work 48 hours per week for Defendants, worked on a fixed schedule, was not free to seek other employment, and had no meaningful management or control over Pan King.

71. Defendants failed to pay Plaintiff the minimum wage which Plaintiff was entitled under New York Labor Law §652 in violation of 12 N.Y.C.R.R. 137-1.3, paying him merely $550-600 weekly for at least forty eight hours of work per week.

72. Due to this New York Labor Law Violation, Plaintiff entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A TENTH CAUSE OF ACTION
**(Individual – by P Patel for Overtime Violations under the New York Labor Law)**

73. Plaintiff repeats and re-alleges paragraphs 1-124 as if fully set forth herein.

74. At all relevant times, Plaintiff was an employee of Defendants and Pan King within the meaning of New York Labor Law §2 and §651, as Plaintiff was required to report to work 48 hours per week for Defendants, worked on a fixed schedule, was not free to seek other employment, and had no meaningful management or control over Pan King.

75. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

76. Plaintiff was paid less than the minimum wage during all weeks he worked for Defendants.

77. Plaintiff was paid in cash and was not furnished with employment records during all weeks Plaintiff worked for Defendants.

78. Due to this New York Labor Law Violation, Plaintiff entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A ELLEVENTH CAUSE OF ACTION

**(Individual – by P Patel for Failure to Keep Adequate Time Records under the New York Labor Law)**

79. Plaintiff repeats and realleges the allegations contained in paragraphs 1-128 as if fully set forth herein

80. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

81. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorney's fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION
**(Individual – by P Patel for Violation of the Wage Statement Requirements of the New York Labor Law)**

82. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-131 as if fully set forth herein.

83. Defendants failed to provide Plaintiff with written notice of his rate of pay, regular pay day, and other payment-related information as required by NYLL §195(1).

84. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendants as follows:

a. In the amount of $50,000 in favor of P Patel, plus interest, costs and attorney's fees on the First Cause of Action;

b. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Second Cause of Action;

Case 2:21-cv-00759-HG-GDD Document 65-4 Filed 04/27/23 Page 46 of 54 PageID #: 200 1242

c. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Third Cause of Action;

d. In the amount of $1,000,000 in favor of Pan King plus interest, costs and attorney's fees on the Fourth Cause of Action;

e. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Fifth Cause of Action;

f. In the amount of $1,000,000 in favor of Plaintiffs, plus interest, costs and attorney's fees on the Sixth Cause of Action;

g. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Seventh Cause of Action;

h. For an accounting to take place in favor of P Patel, plus interest, costs and attorney's fees on the Eighth Cause of Action;

i. In the amount of $1,000,000 in favor of P Patel, plus interest, costs and attorney's fees on the Ninth Cause of Action;

j. Judgment in an amount to be determined in favor of P Patel, plus interest, costs, and attorney's fees and for time records to be provided to P Patel on the Tenth, Eleventh , Twelfth, andThirteenth Cause of Action.

/s/ Kadochnikov

Dated: Kew Gardens, NY
April 27, 2022

_____

Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorney for the P Patel*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

Case 2:21-cv-00759-HCN-DBP Document 63-4 Filed 08/25/23 PageID.201 Page 44 of 54 PageID #: 1243

Case 2:21-cv-00759-HCN-DBP Document 63-4 Filed 08/25/23 PageID.201 Page 44 of 54 PageID #: 1243

# PARTNERSHIP CONTRACT

This Contract is being made in presence of all the members.

Members :

Pratik Kantilal Patel  SS: ████████████

Noddy Singh SS: ████████

Arjun Singh SS: ████████

All other information regarding residence and personal information is kept confidential.


Pratik Patel Shareholder 25%

Noddy Singh Shareholder  37.5%

Arjun Singh Shareholder 37.5%

Pratik Patel Agrees to put down an retainer of $ 25000. (twenty five thousand) toward the location in Hicksville for the Franchise of NY Chicken & Rice as a partnership of 25%. Total inventment from Pratik is $50000 leaving a balance of $25000 within 30 days.

Responsibilities:

Pratik will be working minimum of 48 Hours per week.

Stealing of theft will void or default this partnership and Pratik will lose his investment if found guilty by the law official.

Pratik will have bank access as well as authority to sign checks under $2000 ( Two

Thousand) at any time. Any amount over will need another partners authority.

Pratik agrees not to open a similar concept of operation any where in the U.S.A. without permission of the other partners

( Arjun & Noddy) for the next 5 years.

If defaulted Pratik or his future partner will pay a fine of $250000 (Two Hundred Fifty Thousand).

Pratik has the right to open and take over more stores with investment and Arjun and Noddy Agree to grant him a 60 days period to refuse the offer as a fair deal.

Signature (Pratik)----

Signature (Arjun)----

Signature (Noddy)--

**New York State Department of**
**Taxation and Finance**

Civil Enforcement-District Office
W A Harriman Campus
Albany NY 12227-0001

DATE: 10/27/20

## NOTICE OF DETERMINATION

ASSESSMENT ID: ▮▮▮▮▮▮

| TOTAL AMOUNT DUE: $5,723.45 |
| PAYMENT DUE DATE: 11/17/20 |

PATEL-PRATIK K
26 QUEENS LN
NEW HYDE PARK, NY    11040-1214

TAX TYPE: Sales and Use

### TAXPAYER'S COMPLETE LEGAL NAME

PATEL-PRATIK K

### EXPLANATION AND INSTRUCTIONS

This notice is issued because you are liable as an Officer/Responsible Person for taxes determined to be due in accordance with sections 1138(a), 1131(1), and 1133 of the New York State Tax Law.

Our records indicate that you are/were an Officer/Responsible Person of:
PAN KING INC.

Please refer to the COMPUTATION SECTION AND COMPUTATION SUMMARY SECTION for the tax period(s) affected, the reason(s) for the additional amount due and a computation of the balance due.

The total amount due reflects any payments applied to the business liability on which this assessment is based.

Please refer to the enclosed Payment Document for payment information, whether you AGREE or DISAGREE with this NOTICE OF DETERMINATION.

IF YOU AGREE that you are responsible for the total amount due, sign the Consent To Findings Section and complete the Payment Application Section. If you cannot send the total amount due, a partial payment will reduce the basis on which additional penalty and/or interest is computed. You will receive a bill for the remaining balance due.

IF YOU AGREE that you are responsible for part of the total amount due, a partial payment will reduce the basis on which additional penalty and/or interest is computed. To make a partial payment: go online at www.tax.ny.gov, or call (518) 457-5434, or mail us your payment with the enclosed Payment Document. Refer to the Notice of Taxpayer Rights to determine your options.

IF YOU DISAGREE that you are personally liable for any of the total amount due, please refer to the Notice of Taxpayer Rights to determine your protest options. However, note that you are deemed to have automatically protested this Notice of Determination if the business to which this Notice relates timely files, on its own behalf, either a Request for a Conciliation Conference or a Petition for a Division of Tax Appeals Hearing in response to the business' own separate Notice. If you are deemed to have automatically protested this Notice, the department will contact you concerning your options.

DTF-963 (1/02)      TCP0000741 2941700

**Keep this notice for your records.**

| Attachment to: | NOTICE OF DETERMINATION | DATE: 10/27/20 |
|---|---|---|

ASSESSMENT ID: L- █████████

## COMPUTATION SECTION

TAX PERIOD ENDED DATE: 02/29/20
    TAX YEAR: 2020    RETURN FILED: ST-100    FILE DUE DATE: 03/20/20
DATE RECEIVED: 03/20/20

| | |
|---|---:|
| Tax Per Taxpayer: | 4,536.15 |
| Tax Per Dept of Tax & Finance: | 4,536.15 |
| Timely Payments/Credits: | 0.00 |
| Late Payments: | 0.00 |
| Amount Previously Assessed/Refunded: | 0.00 |
| BALANCE: | 4,536.15 |
| | |
| Tax Amount Assessed: | 4,536.15 |
| Interest Amount Assessed: | 416.17 |
| Penalty Amount Assessed: | 771.13 |
| Assessment Payments/Credits: | 0.00 |
| Current Balance Due: | 5,723.45 |

## COMPUTATION SUMMARY SECTION

| Tax Period Ended | Tax Amount Assessed | (+) Interest Amount Assessed | (+) Penalty Amount Assessed | (−) Assessment Payments/ Credits | (=) Current Balance Due |
|---|---|---|---|---|---|
| 02-29-20 | 4,536.15 | 416.17 | 771.13 | 0.00 | 5,723.45 |
| TOTALS | 4,536.15 | 416.17 | 771.13 | 0.00 | 5,723.45 |

NOTE: To view the current balance of any unpaid tax bills, access our web site at www.tax.ny.gov/online.

DTF-963C (1/02)    TCP0000742 2941700        **Keep this notice for your records.**



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3261 ■ Fax: (718)744-2455

December 16, 2020

<u>Via First Class Mail Return Receipt Requested</u>
Pan King Inc.
8 Jerusalem Ave,
Hicksville, NY 11801

>       Re:     **Demand Pursuant to N.Y. Bus. Corp. Law § 624 and Common Law**
>               <u>**Response Within Five Business Days is Required.**</u>

Dear Sir or Madame,

This firm represents Pratik Patel ("Shareholder") – a shareholder of the above-referenced corporation.

This letter constitutes a demand pursuant to Section 624 of the N.Y. Business Corporation Law ("Section 624") and New York Common Law to inspect and copy certain books and records of the Pan King Inc. ("Corporation"), as specified below for the purposes set forth below (the "Demand")

Pursuant to Section 624, and Common Law, Shareholder hereby demands the Corporation to make available the following books and records[1] available for inspection and copying within five (5) business days of your receipt of this Demand, The demanded inspection is for all books and records within the Corporation's possession, custody, and control for the period of January 1, 2017 through the present (the "Relevant Period"), unless otherwise indicated.

1. All bank statements.
2. All leases.
3. All books and records dated or created during the Relevant Period.

---

[1] For purposes of the Demand, books and records as used herein is construed as broadly as possible under the Uniform Rules for New York State Trial Courts, Section 624 and New York common law and includes, without limitation, any and all correspondence concerning the demanded categories, whether sent via mail: facsimile, electronic communication, or otherwise. In addition, books and records is construed to include "Board Materials", which as used herein means all documents concerning, relating to, provided at, discussed at, prepared or disseminated in connection with any meeting of the Company's Board of Directors (the "Board,,) or any regular or specially created committee thereof: including all presentations, board packages, recordings, agendas, summaries, memoranda, transcripts, notes, minutes of meetings, drafts of minutes of meetings, documents such as exhibits or presentations distributed at meetings, summaries of meetings. or resolutions.

The purposes for the Demand is to investigate potential wrongdoing, mismanagement and breaches of fiduciary duty by the members of Corporation in connection with the events, circumstances, and transactions described above.

Please contact me to make arrangements for the review of the demanded books and records: Alexander Kadochnikov, Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP., 80-02 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415, telephone 718-577-3261, email at akadochnikov@sbagk.com.

In the event that the Corporation does not respond to this letter or fails to permit inspection and copying of the demanded documents within five business days from the receipt of the demand, we will seek appropriate relief to the fullest extent permitted under the law.

Respectfully yours,

Alexander Kadochnikov