# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

**ANSWER**
DOCKET #
2:21-cv-00759-JS-SIL

                                    Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

                                    Defendants.

-------------------------------------------------------------------------X

**Noddy Singh and Arjun Singh**, (hereinafter "defendants")by and through their
attorneys, **WALIA & WALIA, PLLC**, as and for an Answer to Plaintiffs' complaint,
respectfully Answer the allegations, as follows:

1.    With respect to paragraph 1, ADMITS Pan King, Inc. d/b/a NY Chicken and
Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation
under the laws of the State of New York, with a principal place of business at 8 Jerusalem
Avenue, Hicksville, NY 11801.

2.    With respect to paragraph 2, ADMITS Pratik Patel is a shareholder of Pan King,
Inc. with a 25% ownership in the company and denies any remaining allegations in said
paragraph.

3.    Defendants deny knowledge with respect to each and every allegation
contained in paragraph 3.

4.    With respect to paragraph 4, ADMITS defendants are shareholders of Pan

King, Inc. with each having a 37.5% ownership in the company.

5. Denies allegations in paragraph 5 because the amount in controversy is below $75,000.00.

6. With respect to paragraph 6, ADMITS defendants are residents of this district but denies that venue is proper.

7. With respect to paragraph 6, Denies the allegations in paragraph 7, a valid partnership agreement was never entered into by and between any of the parties in this case.

8. Denies allegations in paragraph 8, except admits that defendant PRATIK PATEL did invest $50,000.00 in Pan King, Inc. to become a 25% shareholder of said corporation.

9. Denies the allegations in paragraph 9, except admits that defendant PRATIK PATEL is a 25% shareholder of Pan King, Inc.

10. Paragraph 10 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court; but to the extent a response is required, defendants deny that PRATIK PATEL or LALIT PATEL were partners of Pan King, Inc.

11. Deny the allegations in paragraph 11.

12. Deny the allegations in paragraph 12 except Admits PRATIK PATEL received notice of tax liability dated 10/27/20.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14, except admit a demand pursuant to NY Business Corporation Law § 624 was sent to Pan King, Inc.

15. Deny the allegations in paragraph 15.

16. Paragraph 16 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been

filed because demand futility has not been adequately plead and a disinterested majority considers this action meritless.

17. With respect to paragraph 17, Denies the allegations in paragraph 17, except admits that defendant PRATIK PATEL is a 25% shareholder of Pan King, Inc.

18. With respect to paragraph 18, Paragraph 18 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead and a disinterested majority considers this action meritless.

19. Deny the allegations in paragraph 19.
20. Deny the allegations in paragraph 20.
21. Deny the allegations in paragraph 21.
22. Deny the allegations in paragraph 22.
23. Deny the allegations in paragraph 23.
24. Deny the allegations in paragraph 24.
25. Deny the allegations in paragraph 25.
26. Deny the allegations in paragraph 26.
27. Deny the allegations in paragraph 27.
28. Deny the allegations in paragraph 28.
29. Deny the allegations in paragraph 29.
30. Deny the allegations in paragraph 30.
31. Deny the allegations in paragraph 31.
32. Deny the allegations in paragraph 32.
33. Deny the allegations in paragraph 33.
34. Deny the allegations in paragraph 34 except admit Pratik Patel  is a

shareholder of Pan King, Inc. with a 25% ownership in the company defendants are

shareholders of Pan King, Inc. with each having a 37.5% ownership in the

company.

35. With respect to paragraph 35, Paragraph 35 states a conclusion of law,

which is neither admitted nor denied, but is submitted to the Court but defendants deny

allegations of oppression or breach of fiduciary duty.

36. Deny the allegations in paragraph 36, defendants don't know what expectations Pratik Patel had or still has.

37. Deny the allegations in paragraph 37.
38. Deny the allegations in paragraph 38.
39. Deny the allegations in paragraph 39.

40. With respect to paragraph 35, Paragraph 35 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

41. Deny the allegations in paragraph 41.
42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. With respect to paragraph 45, Paragraph 45 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

46. With respect to paragraph 46, Paragraph 46 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph except admit Pratik Patel is a shareholder and director of Pan King, Inc. with a 25% ownership in the company; defendants are shareholders and directors of Pan King, Inc. with each having a 37.5% ownership in the company .

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

57.     Deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58 except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61.

62.     Deny the allegations in paragraph 62.

63.     Paragraph omitted. All other allegations are denied in said paragraph heading.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66, except admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69 except admit Pratik Patel is a

shareholder of Pan King, Inc. with a 25% ownership in the company.

70.     Deny the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     With respect to paragraph 76, Paragraph 76 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78 except admit Pratik Patel  is a shareholder of Pan King, Inc. with a 25% ownership in the company.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90, except admit Pratik Patel is entitled to inspect the corporate books and accounts.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Admit Pratik Patel is a shareholder of Pan King, Inc. with a 25% ownership in the company.

94. Admit Defendants are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company.

95. Admit Both Pratik Patel and Defendants are directors to the corporation.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. With respect to paragraph 101, Paragraph 101 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

102. Deny the allegations in paragraph 102, except admit Pratik Patel did invest $50,000.00 to acquire a 25% share ownership in Pan King, Inc.

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.

105. With respect to paragraph 105, Paragraph 105 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny all other allegations contained in said paragraph.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in 109.

110. Deny the allegations contained in 110.

111. Deny the allegations contained in 111.

112. Deny the allegations contained in 112.

113. Deny the allegations contained in 113.

114. Deny the allegations contained in 114.

115. Deny the allegations contained in 115.

116. Any allegations not specifically responded to are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "116" with the same force and effect as if more fully set forth at length herein.

118. The Plaintiffs First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action in the Complaint do not contain sufficient information to properly answer and defend said actions and are devoid of the requisite information required by law to set forth an action upon which relief can be granted against defendants.

119. The aforesaid Plaintiffs First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action are therefore jurisdictionally defective and fail to state a Cause of action upon which relief can be granted. Based upon the foregoing the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eight causes of action, must be dismissed, as to

defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

120. Defendants repeat, reiterate and reallege each and every admission, denial

and allegation contained in aforementioned paragraphs numbered "1" through "119" with

the same force and effect as if more fully set forth at length herein.

121. Plaintiffs have failed to obtain personal jurisdiction over defendants as per CPLR.

122. Service of process was defective.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123. Defendants repeat, reiterate and reallege each and every admission, denial

and allegation contained in aforementioned paragraphs numbered "1" through "122" with

the same force and effect as if more fully set forth at length herein.

124. This court lacks subject matter jurisdiction.  Plaintiffs' claims of diversity to file in the

District Court are manufactured, contrived and made under false pretenses.  Defendants

claim of damages in excess of seventy five thousand ($75,000.00) dollars is falsely

manufactured.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

125. Defendants repeat, reiterate and reallege each and every admission, denial

and allegation contained in aforementioned paragraphs numbered "1" through "124" with

the same force and effect as if more fully set forth at length herein.

126. Failure to plead required elements of demand futility.

127. Disinterested majority considers this claim meritless.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

128. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "127" with the same force and effect as if more fully set forth at length herein.

129. Improper Venue.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

130. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "129" with the same force and effect as if more fully set forth at length herein.

131. The defendants cannot be sued in their personal capacity being that they are shareholders of PAN KING Inc. which is a domestic business corporation established under New York Business Corporation Law § 628 (a) which provides: A holder of or subscriber for shares of a corporation shall be under no obligation to the corporation for payment for such shares other than the obligation to pay the unpaid portion of his subscription which in no event shall be less than the amount of the consideration for which such shares could be issued lawfully.

132. Corporate Immunity as to defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

133.    Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "132" with the same force and effect as if more fully set forth at length herein.

134. Plaintiffs lack of standing to bring this suit.

135. There have been no dealings by and between defendants and LALIT PATEL. Furthermore, plaintiffs cannot sue the corporation and or defendants who are members and shareholders of the same corporation.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

136. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "135" with the same force and effect as if more fully set forth at length herein.

137. Plaintiff PRATIK PATEL had access to the company funds and profits.

138. Plaintiff PRATIK PATEL took company funds for his own benefit for which there is no accounting.

139.  Plaintiff PRATIK PATEL cannot file a derivative claim on behalf of the corporation against defendants having unclean hands after looting corporate assets.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## AND FIRST COUNTER-CLAIM

140.    Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "139" with the same force and effect as if more fully set forth at length herein.

141.    The plaintiff in it's complaint has made numerous frivolous allegations, specifically alleging that defendants engaged in deceit, fraud, and misrepresentation which resulted in damages in several causes of action of amounting $1,000,000.00.

142.    The corporate filing was done by PRATIK PATEL, his name is on the corporate filing receipt and he is the incorporator of the business, See **Exhibit "A,"** corporate receipt and Articles of Incorporation for Pan King Inc.  Upon information and belief PRATIK PATEL had complete and unfettered access to the corporate accounts and books being that he was in charge of day to day operation until his sudden departure in February of 2019.

143. By reason of the foregoing, the defendants demand that said action be dismissed and/or stricken and that sanctions be imposed on the plaintiffs. Defendants demand sanctions of  ($25,000.00) dollars against the plaintiffs for each frivolous cause of action which has been filed under 26 U.S.C. § 6673(a)(1).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## AND SECOND COUNTER- CLAIM

144. Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "143" with the same force and effect as if more fully set forth at length herein.

145. Based on plaintiff's frivolous allegations, and claims made in bad faith, defendants have had to incur attorneys fees to defend plaintiffs' alleged claim for damages.

146. Defendants demand judgment against plaintiffs for reimbursement of all Attorneys' fees which were incurred as a result of plaintiffs' action should it be deemed frivolous under 15 U.S.C. § 1692k(a)(3) Blumenfield v. Advanced Call Ctr. Techs., LLC, No. 15-CV-4578, 2015 WL 6442621, at *3 (E.D.N.Y Oct. 23, 2015). Sanctions should also be awarded under Rule 11 (b) (3) which "requires an attorney to continuously make sure that his allegations have evidentiary support. After investigation and discovery, continued prosecution of a case where it would appear to a reasonable attorney that the factual allegations cannot be supported can subject an attorney to sanctions." Sanctions under Rule 11 (b) (3) should be awarded at the appropriate time.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
## AND THIRD COUNTER- CLAIM

147. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "146" with the same force and effect as if more fully set forth at length herein.

148.    Pan King Inc. has suffered losses since PRATIK PATEL's departure for which

PRATIK PATEL has not taken responsibility being that he is a 25% shareholder in the

company.

149.    Defendants demand judgment against plaintiffs for reimbursement equitable share

of losses incurred by defendants as shareholders of Pan King Inc. from PRATIK PATEL to

be determined after full accounting of corporate expenses is performed.

Yours, etc.

WALIA & WALIA, PLLC
Attorneys for Defendants
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Ph.No.:718-353-4478

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

PRATIK PATEL, individually and as a

shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                               **ANSWER**

              Plaintiffs        Index No.:
                              2:21-cv-00759-JS-SIL

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

              Defendants.

-------------------------------------------------------------------------X

---

**WALIA & WALIA, PLLC**
Attorneys for the Plaintiffs
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, NY 11354
Ph.No.: 718-353-4478

---

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

# EXHIBIT A

# STATE OF NEW YORK

# DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on September 19, 2017.

Brendan W. Fitzgerald
Executive Deputy Secretary of State

Rev. 06/07

# CERTIFICATE OF INCORPORATION
## OF
## PAN KING INC

Under Section 402 of the Business Corporation Law

I, the undersigned, a natural person of at least 18 years of age, for the purpose of forming a corporation under Section 402 of the Business Corporation Law of the State of New York hereby certify:

**FIRST:**  The name of the corporation is:

**PAN KING INC**

**SECOND:**  This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**THIRD:**  The county, within this state, in which the office of the corporation is to be located is NASSAU.

**FOURTH:**  The total number and value of shares of common stock which the corporation shall have authority to issue is: 200 SHARES WITH NO PAR VALUE.

**FIFTH:**  The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the corporation served upon him or her is:

PRATIK K PATEL
8 JERUSALEM AVENUE
HICKSVILLE, NY 11801

**SIXTH:**  The existence of the corporation shall begin  upon filing of these Certificate of Incorporation with the Department of State.

**SEVENTH:** The corporation shall have a perpetual existence.

I certify that I have read the above statements, I am authorized to sign this Certificate of Incorporation, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

PRATIK K PATEL  (signature)
_____

PRATIK K  PATEL, INCORPORATOR
26 QUEENS LN
NEW HYDE PARK, NY 11040



**Filed by:**
HARVINDER DHODY
254 S Broadway
Hicksville, NY 11801

**FILED WITH THE NYS DEPARTMENT OF STATE ON: 09/19/2017
FILE NUMBER: 170919010470; DOS ID: 5204632**

N.Y.S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS AND STATE RECORDS          ALBANY, NY 12231-0001

ONLINE FILING RECEIPT
==============================================================================

ENTITY NAME: PAN KING INC

DOCUMENT TYPE: INCORPORATION (DOM. BUSINESS)                COUNTY: NASS
==============================================================================

FILED:09/19/2017 DURATION:PERPETUAL CASH#:170919010470 FILE#:170919010470
                        DOS ID:5204632

    FILER:                                         EXIST DATE
    ------                                         ----------
    HARVINDER DHODY                                09/19/2017
    254 S BROADWAY
    HICKSVILLE, NY 11801

    ADDRESS FOR PROCESS:
    --------------------
    PRATIK K PATEL
    8 JERUSALEM AVENUE
    HICKSVILLE, NY 11801

    REGISTERED AGENT:
    -----------------


    STOCK: 200 NPV



The corporation is required to file a Biennial Statement with the Department of
State every two years pursuant to Business Corporation Law Section 408.
Notification that the Biennial Statement is due will only be made via email. Please
go to www.email.ebiennial.dos.ny.gov to  provide an email address to receive an
email notification when the Biennial Statement is due.
==============================================================================
SERVICE COMPANY: ** NO SERVICE COMPANY **
SERVICE CODE: 00

FEE:              135.00                      PAYMENTS       135.00
                  ----------                                 --------
FILING:           125.00                      CHARGE         135.00
TAX:                0.00                       DRAWDOWN        0.00
PLAIN COPY:         0.00
CERT COPY:         10.00
CERT OF EXIST:      0.00
==============================================================================
                                              DOS-1025 (04/2007)

Authentication Number: 1709190475  To verify the authenticity of this document you
may access the Division of Corporation's Document Authentication Website at
http://ecorp.dos.ny.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                                           Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

                                           Defendants.
------------------------------------------------------------------------X

**AMENDED ANSWER**
DOCKET #
2:21-cv-00759-JS-SIL

**Noddy Singh and Arjun Singh**, (hereinafter "defendants")by and through their attorneys, **WALIA & WALIA, PLLC**, as and for an Amended Answer to Plaintiffs' complaint, respectfully Answer the allegations, as follows:

1. With respect to paragraph 1, ADMITS Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or "corporation") is a duly organized corporation under the laws of the State of New York.

2. With respect to paragraph 2, ADMITS Pratik Patel was at one point a shareholder of Pan King, Inc. with a 25% ownership in the company and denies any remaining allegations in said paragraph.

3. Defendants deny knowledge with respect to each and every allegation contained in paragraph 3.

4. With respect to paragraph 4, ADMITS defendants are shareholders of Pan

King, Inc. with each having a 37.5% ownership in the company.

5. Denies allegations in paragraph 5 because the amount in controversy is below $75,000.00.

6. With respect to paragraph 6, DENIES knowledge sufficient to form a belief whether P Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

7. With respect to paragraph 7, DENIES knowledge sufficient to form a belief whether L Patel resides at 101 Western Avenue, Jersey City, NJ 07307 with intent to stay.

8. ADMITS Defendants are domiciled in New York with intent to stay.

9. DENIES Pan King, Inc. is controlled and managed by Defendants only but ADMITS Defendants are shareholders of Pan King, Inc. with controlling majority of shares.

10. ADMITS P Patel at one point owned shares of Pan King, Inc. DENIES any collision in interest. Denies any remaining allegations in said paragraph.

11. Denies allegations in paragraph 11, venue is improper as the corporate defendant, Pan King, Inc. should be aligned as a Plaintiff.

12. Denies the allegations in paragraph 12, except admits that defendant PRATIK PATEL was a 25% shareholder of Pan King, Inc. All conclusions of law are submitted to the Court. Defendants deny that PRATIK PATEL or LALIT PATEL were partners of Pan King, Inc.

13. Deny knowledge sufficient to form a belief in paragraph 13.

14. Deny knowledge sufficient to form a belief in paragraph 14.

15. Deny the allegations in paragraph 15. All conclusions of law are submitted to the Court.

16. Deny the allegation in paragraph 16.

17. Deny the allegation in paragraph 17.

18. ADMIT that in the past P Patel was an employee and a shareholder of Pan King, Inc.

19. ADMIT P Patel left his position unilaterally approximately in December of 2019 when he "stepped down from the corporation."

20. Deny the allegation in paragraph 20. He did relinquish his shares and disavowed any connection with Pan King, Inc.

21. Deny the allegation in paragraph 21.

22. Admit Pan King, Inc. applied for and received Economic Injury Disaster loan. Denies any remaining allegations in said paragraph.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24. The check was reimbursement for money spent on behalf of Pan King, Inc.

25. Deny the allegations in paragraph 25.
26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27, except admit a demand pursuant to NY Business Corporation Law § 624 was sent to Pan King, Inc.

28. Deny the allegations in paragraph 28. Discovery demands have been responded to.

29. Paragraph 29 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead, Pratik Patel is no longer a shareholder, and a disinterested majority considers this action meritless.

30. With respect to paragraph 30, Denies the allegations in paragraph 30, except admits that defendant PRATIK PATEL was a 25% shareholder of Pan King, Inc.

31. With respect to paragraph 31, Paragraph 31 states a conclusion of law, which

is neither admitted nor denied, but is submitted to the Court but defendants deny a valid derivative action has been filed because demand futility has not been adequately plead, plaintiffs are no longer shareholders, and a disinterested majority considers this action meritless.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34. He breached his obligations and responsibilities by refusing to work after December 2019.

35. Deny the allegations in paragraph 35.Pratik Patel took his share of profits by way of salary.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.Defendants are personally responsible for EIDL loans which Pratik Patel wanted no part of after he unilaterally stepped down in December of 2019.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50. States conclusions of law, which is neither admitted nor denied, but is submitted to the Court.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54. There are no profits to be had.

55. Deny the allegations in paragraph 55. Checks were for losses previously paid by Noddy Singh and Arjun Singh.

56. Deny the allegations in paragraph 56.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59 except admit Pan King, Inc. did receive an EIDL loan.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62. P Patel is not responsible for repayment of the loan as such there is no distribution to speak of.

63. Deny the allegations in paragraph 63. There are no profits to be had.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67.

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71. He took monies for which there is no accounting.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74.

75. Deny the allegations in paragraph 75.

76. Deny the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78.

79. Deny the allegations in paragraph 79.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Deny validity of all causes of action. Any paragraphs not specifically responded to are deemed denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "85" with the same force and effect as if more fully set forth at length herein.

87. The Amended Complaint is not verified. All derivative claims contained in the Amended complaint must be dismissed pursuant to Fed. R. Civ. P. 23.1.

88. Fed. R. Civ. P. 23.1 controls derivative suits in federal court and states unequivocally that the complaint based on a derivative complaint must be verified.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "88" with the same force and effect as if more fully set forth at length herein.

90. Pratik Patel signed a shareholder agreement which clearly laid out his duties and responsibilities as a shareholder.

91. Pratik Patel agreed to work for a minimum of forty eight (48) hours per week.

92. Pratik Patel reneged on his responsibilities as a shareholder, as such, any shares held by him were deemed null and void at a duly convened shareholder/Board of Directors meeting where 75% of the majority voted in favor of voiding Pratik Patel's shares:

Q. Is the reason you stopped working for Pan King Inc. in December of 2019 because you wanted to move out of New York?
A. Not that was the only reason.

Q. Was that part of the reason why?

A. Because I wasn't making a profit out of it...

Pratik Patel deposition pg. 177 lines 9-16, annexed as Exhibit "A."

Pratik Patel "stepped down from the corporation" in December of 2019.

Q. What kind of verbal notice did you give them?

A. Me and my brother went to them. They were at the restaurant, Arjun Singh and Noddy Singh, we spoke to them "We are moving out, and we want to step down from the corporation."

Pratik Patel deposition Pg. 202, lines 5-12

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93. Defendants repeats, reiterates and realleges each and every admission,

denial and allegation contained in the aforementioned paragraphs numbered "1"

through "92" with the same force and effect as if more fully set forth at length herein.

94. Plaintiffs admitted that they never paid any part of the alleged $5,723.45 tax lien, instead

the tax levy was removed:

Q. I am a little confused by your answer.

A. No that happened, like I kept getting notices from the taxation department, so I called them and I talked to an agent and she said I am the liable person, so you have to make the payment. And I talked to them, our court case is going on, and they said they don't have anything to do with this civil case, so I have to make a payment. I couldn't make a $5,000 payment. She helped me out to make a payment plan. She made the document, forwarded it to me, and when was the due date to make a payment, she said, "It's your lucky day, It's been paid."

Q. You never paid a single payment in the document marked as Defendants' Exhibit L?

A. Yes.

Q. Yes, that's correct?

A. Yes, that's correct.

See Deposition of Pratik Patel pgs. 182-183, pg. 182 lines 15-25, pg.183 lines 1-15

95. Plaintiffs make false, unsubstantiated claims of having paid a $5,723.45 tax lien on

behalf of Pan King, Inc., any such claims should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96. Defendants repeats, reiterates and realleges each and every admission, denial and allegation contained in the aforementioned paragraphs numbered "1" through "95" with the same force and effect as if more fully set forth at length herein.

97. This court lacks subject matter jurisdiction. Plaintiffs' claims of diversity to file in the District Court are manufactured, contrived and made under false pretenses. Defendants claim of damages in excess of seventy five thousand ($75,000.00) dollars is falsely manufactured.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.     Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "97" with the same force and effect as if more fully set forth at length herein.

99.     Failure to plead required elements of demand futility.

100.    Disinterested majority considers this claim meritless.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "100" with the same force and effect as if more fully set forth at length herein.

102. The defendants cannot be sued in their personal capacity being that they are

shareholders of PAN KING Inc. which is a domestic business corporation established under New York Business Corporation Law § 628 (a) which provides: A holder of or subscriber for shares of a corporation shall be under no obligation to the corporation for payment for such shares other than the obligation to pay the unpaid portion of his subscription which in no event shall be less than the amount of the consideration for which such shares could be issued lawfully.

103.    Corporate Immunity as to defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "103" with the same force and effect as if more fully set forth at length herein.

105. Plaintiffs lack of standing to bring this suit.

106. Plaintiffs are not and never were directors to the corporation.

107. There have been no dealings by and between defendants and LALIT PATEL.

108. Furthermore, plaintiffs cannot sue the corporation and or defendants who are members and shareholders of the same corporation.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

109.    Defendants repeat, reiterate and reallege each and every admission, denial

and allegation contained in aforementioned paragraphs numbered "1" through

"108" with the same force and effect as if more fully set forth at length herein.

110. Plaintiff PRATIK PATEL had access to the company funds and profits.

111. Plaintiff PRATIK PATEL took company funds for his own benefit for which there is no accounting.

112. Plaintiff PRATIK PATEL cannot file a derivative claim on behalf of the corporation against defendants having unclean hands after looting corporate assets.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

113. Defendants repeat, reiterate and reallege each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "112" with the same force and effect as if more fully set forth at length herein.

114. The statute of limitations has expired.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND FIRST COUNTER-CLAIM

115. Defendant repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "114" with the same force and effect as if more fully set forth at length herein.

116. Defendants Noddy Singh and Arjun Singh bring this action derivatively in the right and for the benefit of Pan King, Inc. to redress injuries they suffered, and that they continue

to suffer, as a direct result of breaches of fiduciary duties owed by Plaintiffs.

117.  A Pre-litigation demand was served on the corporation, Pan King, Inc. demanding the right to commence a lawsuit against Pratik Patel and Lalit Patel.  Annexed hereto as **Exhibit "A."** Demand with minutes of Board Meetings.

118. On March 14, 2023 at a lawfully noticed shareholder/Board of Directors meeting it was resolved and agreed to by a majority of the shareholders/Board of Directors that Noddy Singh and Arjun Singh were authorized to bring a derivative action in the right and benefit of Pan King, inc. to redress injuries they suffered and continue to suffer.

119. As set forth above, Defendants are shareholders in Pan King, Inc.  and have each been 37.5% shareholders for a total ownership amounting to 75% for both Noddy and Arjun Singh during the time relevant to this matter.

120. Defendants will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

121. Defendants do have an interest in Pan King, Inc. constituting 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above.  As such, the pre-litigation demand upon Pan King, Inc. to sue Plaintiffs for the breaches of fiduciary duty set forth herein was validly ratified.

122.    Pan King Inc. has suffered losses since PRATIK PATEL's departure for which PRATIK PATEL has not taken responsibility being that he was a 25% shareholder in the company.

123.    PRATIK PATEL as shareholder was responsible for losses sustained by the

Corporation, Pan King, Inc.

124. PRATIK PATEL unilaterally and voluntarily left in December of 2019 to avoid paying for the losses sustained by the corporation.

125. Defendants demand judgment against plaintiffs for reimbursement of the equitable share of losses incurred by defendants as shareholders of Pan King Inc. from PRATIK PATEL based upon the agreement signed off by all parties in the amount of two hundred fifty thousand ($250,000.00) dollars on behalf of Pan King, Inc.

Yours, etc.

_____

**BOBBY WALIA**

**WALIA & WALIA, PLLC**
Attorneys for Defendants
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Ph.No.:718-353-4478

TO:
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

## VERIFICATION

```
                )
                :ss
                )
```

**NODDY SINGH** being duly sworn, deposes and says, that deponent is the Defendant, that deponent has read the foregoing **AMENDED VERIFIED ANSWER** and knows the contents hereof; that the same is true to deponent's own knowledge, and that as to those matters deponent believes them to be true.  Deponent agrees with the contents of the **AMENDED VERIFIED ANSWER.**

### AMENDED VERIFIED ANSWER

DATED:     Flushing, New York
           March 14, 2023

_____

**NODDY SINGH**

_Noddy Singh_  3/15/23

SWORN TO BEFORE ME
THIS 15 DAY OF MARCH 2023

ANDREW BOVA
Notary Public, State of New York
No. 01BO6116456
Qualified in Nassau County
Commission Expires October 4, 2024

## VERIFICATION

)
:ss
)

**ARJUN SINGH** being duly sworn, deposes and says, that deponent is the Defendant, that deponent has read the foregoing **AMENDED VERIFIED ANSWER** and knows the contents hereof; that the same is true to deponent's own knowledge, and that as to those matters deponent believes them to be true. Deponent agrees with the contents of the **AMENDED VERIFIED ANSWER**.

### AMENDED VERIFIED ANSWER

DATED: Flushing, New York
   March 14, 2023

_____
**ARJUN SINGH**

March 15 2023

SWORN TO BEFORE ME
THIS 15 DAY OF MARCH 2023

ANDREW BOVA
Notary Public, State of New York
No. 01BO6116456
Qualified in Nassau County
Commission Expires October 4, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                            Plaintiffs

-against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice

                          Defendants.

-----------------------------------------------------------------------X

**AMENDED ANSWER**
Index No.:
2:21-cv-00759-JS-SIL

---

**WALIA & WALIA, PLLC**
Attorneys for the Defendants
**Noddy Singh and Arjun Singh**
136-40 39th Avenue, Suite #304
Flushing, NY 11354
Ph.No.: 718-353-4478

---

TO:

Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for the P Patel
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
akadochnikov@sbagk.com

# WALIA & WALIA, PLLC

**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

March 14, 2023

<u>Via E-mail</u>
Thehalalcompanyny@gmail.com

> Re: Patel Et Al. v. Singh Et Al.
> Demand letter for Board of Pan King, Inc. to sue Pratik Patel and Lalit Patel

Dear Sirs,

Please note this firm represents Noddy Singh and Arjun Singh ("Shareholders") –a shareholder of the above-referenced corporation, Pan King, Inc.

We demand the Board at it's meeting today grant Noddy Singh and Arjun Singh the right to bring causes of action derivatively in the right and for the benefit of Pan King, Inc. to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Pratik Patel.

Noddy Singh and Arjun Singh have current undisputed shares of Pan King, Inc. amounting to 37.5% each for a total of 75%.

This office has been informed, at a previously held shareholder meeting on April ~~X~~ 2021, with respect to violations of the shareholder agreement by Pratik Patel, the majority voted to dissolve, renounce, and or void any shares held by Pratik Patel on behalf of Pan King, Inc.

Pratik Patel did have an interest in Pan King constituting 25% of the shares of the company, and he had certain duties and obligations has a shareholder which he breached.

As such, demand is made for Pan King, Inc. to sue Pratik Patel and Lalit Patel for breaches of said fiduciary duty for among other things violating the shareholder agreement, fraud and conversion.

Noddy Singh and Arjun Singh will in the right and for the benefit of Pan King, Inc. bring suit to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Pratik Patel.

Noddy Singh and Arjun Singh are shareholders of Pan King, Inc. and will adequately and fairly

# WALIA & WALIA, PLLC

**Attorneys at Law**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578

represent the interests of Pan King, Inc. in enforcing and prosecuting their rights.

<u>Demand Pursuant to N.Y. Bus. Corp. Law § 624 and Common Law Response Within Five Business
Days is Required.</u>

Furthermore This letter constitutes a demand pursuant to Section 624 of the N.Y. Business
Corporation Law ("Section 624") and New York Common Law to inspect and copy certain books
and records of the Pan King Inc.("Corporation"), as specified below for the purposes set forth below
(the "Demand")Pursuant to Section 624, and Common Law. Shareholder hereby demands the
Corporation to make available the following books and records1 available for inspection and copying
within five (5) business days of your receipt of this Demand. The demanded inspection is for all books
and records within the Corporation's possession, custody, and control for the period of January 1,
2017 through the present (the "Relevant Period"), unless otherwise indicated.
All bank statements.2.All leases.3.All books and records dated or created during the Relevant Period.
Please note, for purposes of the Demand, books and records as used herein is construed as broadly as
possible under the Uniform Rules for New York State Trial Courts. Section 624 and New York
common law and includes, without limitation, any and all correspondence concerning the demanded
categories, whether sent via mail: facsimile, electronic communication, or otherwise. In addition,
books and records is construed to include "Board Materials", which as used herein means all
documents concerning, relating to, provided at, discussed at, prepared or disseminated in connection
with any meeting of the Company's Board of Directors (the "Board,.) or any regular or specially
created committee thereof: including all presentations. board packages, recordings. agendas.
summaries. memoranda, transcripts. notes. minutes of meetings. drafts of minutes of meetings,
documents such as exhibits or presentations distributed at meetings, summaries of meetings. Or
resolutions.

The purpose for the Demand is to investigate potential wrongdoing, mismanagement and breaches of
fiduciary duty by the members of Corporation, specifically Pratik Patel, in connection with the events,
circumstances, and transactions described above. Please contact me to make arrangements for the
review of the demanded books and records: Walia & Walia, PLLC 136-40 39th Avenuesuite#304,
Flushing, New York 11354. Ph#718-353-4478. Email at <u>Waliabobbyesq@hotmail.com</u> .In the event
that the Corporation does not respond to this letter or fails to permit inspection and copying of the
demanded documents within five business days from the receipt of the demand, we will seek
appropriate relief to the fullest extent permitted under the law

2

# WALIA & WALIA, PLLC

Attorneys at Law
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Phone 718-353-4478
Fax 718-353-4578



Sincerely,

BOBBY WALIA

**WALIA & WALIA, PLLC**
Attorneys for the Defendants
Noddy Singh & Arjun Singh

# MINUTES OF THE
# SPECIAL MEETING
# DIRECTORS
# OF
# PANKING INC

Pursuant to notice (a copy of which is attached), a special meeting of the Directors of the above corporation was held on March 14, 2023 at 3:00 PM at the corporation's place of business.

The purpose of the meeting: Discuss past dues, losses, Void shareholder Pratik Patel's 25% shares due to breach of contract, Counter claims against defaulted shareholder Pratik Patel, Add few other online platform.

**I. QUORUM.** A quorum was declared present based on the presence of the following Directors:

- Director: Arjun Singh

- Director: Noddy Singh

**II. GUESTS.** The following guests were present at the meeting:

Gaganroop Kaur
Secretary

The following corporate actions were taken by appropriate motions duly made, seconded, and adopted by the majority vote of the Directors and Shareholders entitled to vote (unless a higher voting approval is stated).

**III. REVISE/APPROVE PREVIOUS MINUTES.** The minutes of the April 05, 2021 meeting were approved.

**IV. ELECTION OF CHAIRPERSON AND SECRETARY.** Noddy Singh was appointed chairperson of the meeting, and Gaganroop Kaur was appointed as secretary to prepare a record of the proceedings.

**V. ELECTION OF OFFICERS.** The following Officers were elected:

| | |
|---|---|
| Name: | Noddy Singh |
| Office: | President |
| Address: | 5 Mineola Ave |
| | Hicksville, New York 11801 |

| | |
|---|---|
| Name: | Arjun Singh |
| Office: | Treasurer |
| Address: | 48 Genesee St |
| | Hicksville, New York 11801 |

**VI. REPORTS.**

- Report by Noddy Singh:
Shareholder agreement, Past due and losses and SBA loan responsibility.

**VII. ADOPTION OF DOCUMENTS/PLANS.**

The attached New Virtual kitchens were introduced Mr.Gyro, Falafel Factory and Hippo Burger to PANKING's online platform to increase revenue and be able to pay SBA loan which Arjun Singh and Noddy Singh are personally liable for. adopted by a majority vote of the Directors and Shareholders.

**VIII. APPROVAL OF ACTIONS SECTION.** The actions and undertakings of the Directors, Officers, Employees, and Agents of the corporation were approved with respect to:

- All actions subsequent to the last meeting of the Shareholders.

- Compensation paid to the Officers during the past year.

- Transactions between the corporation and related entities, including the following:

   Pratik Patel breached an agreement whereby he said he would work for the company but suddenly stopped working. As a result of this breach the board has decided unanimously to void his 25% shares in the company. It is also agreed due to Pratik Patel's sudden departure the company incurred losses. On June 9 2020 the company had to take out a loan to cover the losses.

- Transactions between the corporation and its Shareholders and/or Officers.

- New online platforms were added to revive PANKING.

- Defaulted shareholder Pratik Patel's share were voided and he is no longer a share holder in PANKING INC

**IX. SALARIES.** Salaries for Officers and other employees were established as follows:

Name: Arjun Singh
Title: Director and Shareholder
Amount: $1,000.00 per week

Name: Noddy Singh
Title: Director and Shareholder
Amount: $1,000.00 per _____

**X. AUTHORIZATION OF CORPORATE ACTION.** The Officers and Directors were authorized to take all actions and to sign all documents reasonably needed to:

**XI. NEXT MEETING.** The next meeting of the Board of Directors will be held on March 05, 2024, at 3:00 PM, at 495 S Broadway Hicksville NY 11801 suite #6.

There being no further business, the meeting was duly adjourned.

These Minutes are certified by PANKING INC's Director and Shareholder.

**XIII. AUTHORIZATION OF CORPORATE ACTION.** The Officers and Directors were authorized to take all actions and to sign all documents reasonably needed to:

- Enter into arrangements for the lease of Ghost kitchen rental agreement A copy of the lease is attached.

- Purchase Ghost kitchen rental agreement..

**XIV. NEXT MEETING.** The next meeting of the Board of Directors and Shareholders will be held on March 05, 2024, at 3:00 PM, at 495 S Broadway Hicksville NY 11801 Suite # 6.

There being no further business, the meeting was duly adjourned.

These Minutes are certified by PANKING INC's Director and Shareholder.

By: _____        Date: _3/14/23_____

Noddy Singh & Arjun Singh
Director and Shareholder

# MINUTES OF THE
## ANNUAL MEETING
### SHAREHOLDERS
### OF
### PANKING INC

Pursuant to notice (a copy of which is attached), an annual meeting of the Shareholders of the above corporation was held on April 05, 2021 at 3:30 PM at 1610 Old Country Rd Westbury, New York.

The purpose of the meeting: Discuss past dues, commitment towards PANKING INC, share value and ELECT BOARD OF DIRECTORS

**I. QUORUM.** A quorum was declared present based on the following Shareholders who were present or represented by proxy as follows:

> - Shareholder: Arjun Singh
> Number of Shares: 37.5
> The Shareholder was represented in person.
>
> - Shareholder: Noddy Singh
> Number of Shares: 37.5
> The Shareholder was represented in person.

**II. GUESTS.** The following guests were present at the meeting:

> Gaganroop Kaur

_____

The following corporate actions were taken by appropriate motions duly made, seconded, and adopted by the majority vote of the Shareholders entitled to vote (unless a higher voting approval is stated).

**III. REVISE/APPROVE PREVIOUS MINUTES.** The minutes of the _____ meeting were approved.

**IV. ELECTION OF CHAIRPERSON AND SECRETARY.** Noddy Singh was appointed chairperson of the meeting, and Gaganroop Kaur was appointed as secretary to prepare a record of the proceedings.

**V. ELECTION OF DIRECTORS.** The following persons were elected as Directors for the terms provided in the bylaws:

Name:       Arjun Singh
Term:       5 Years
Address:    48 Genesee st
            Hicksville, New York 11801

Name:       Noddy Singh
Term:       5 years
Address:    5 Mineola Ave
            Hicksville, New York 11801

## VI. REPORTS.

- Report by Noddy Singh:
Past Dues, Sba loan and Shareholders agreement.

## VII. ADOPTION OF DOCUMENTS/PLANS.

The attached Ghost kitchen rental agreement investment towards online platform business utilizing SBA loan which is personally liable by Arjun Singh and Noddy Singh as shareholders of PANKING INC. adopted by a majority vote of the Shareholders.

## VIII. APPROVAL OF ACTIONS SECTION. The actions and undertakings of the Directors, Officers, Employees, and Agents of the corporation were approved with respect to:

- Compensation paid to the Officers during the past year.

- Transactions between the corporation and related entities, including the following:

    Ghost kitchen rental agreement operating as The halal chicken & rice company previous DBA of PANKING INC from past 4 years and Wing King to rent and operate an online delivery business

- Transactions between the corporation and its Shareholders and/or Officers.

- The purchase of To invest in Ghost kitchen platform and be able to sell on online platform.

- Due to Pratik Patel's Voluntary departure from PANKING INC and default on his contract Panking has incurred losses and has decided to void Pratik Patel's 25% shares by a vote of majority share holders Arjun Singh and Noddy Singh (75%). PANKING INC majority share holders Arjun Singh ahave also decided to file for counter claims and losses from Pratik Patel due to breach of contract.

## IX. SALARIES. Salaries for Officers and other employees were established as follows:

| Name: | Arjun Singh |
|---|---|
| Title: | Director and Shareholder |
| Amount: | $1,000.00 per week |

| Name: | Noddy Singh |
|---|---|
| Title: | Director and Shareholder |
| Amount: | $1,000.00 per week |

## X. CONTRIBUTION TO PROFIT SHARING PLAN. A contribution to the corporation's profit sharing plan was approved in an amount equal to _____.

## XI. BORROWING RESOLUTION. The corporation was authorized to borrow such amounts as the Officers deem advisable from SBA.

## XII. ESTABLISH BANKING RELATIONSHIP. The Officers are authorized to open accounts with Bank of America.

By: _Arjun Singh_____
Noddy Singh and Arjun Singh
Director and Shareholder

Date: _03/14/23_____

Graganroop Kaur

03/14/23