UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;

**DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiffs,

Case No: 2:21-cv-00759

-against-

NODDY SINGH; ARJUN SINGH, individually and as shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

Defendants.
-------------------------------------------------------------------------X

Pursuant to Local Rule 56.1 of the Federal Rules of Civil Procedure, Defendants, respectfully submit the following response to Plaintiffs' Local Rule 56.1 Statement of Material Facts in the above referenced matter.

1. Pan King Inc., d/b/a NY Chicken & Rice (hereinafter "Pan King") is a corporation duly organized under the laws of New York with its principal place of business at 8 Jerusalem Avenue, Hicksville, NY 11801. Defendant's Am. Answer at ¶ 1; Plaintiff's Am. Complaint at ¶ 1. Pan King was incorporated on or about September 19, 2019. **DENY** Pan King was incorporated September 19, 2017, See **Exhibit "1"** filing receipt.

2. Plaintiff Pratik Patel (hereinafter "Plaintiff") is an individual residing in New Jersey and a 25% shareholder of Pan King. **DENY** Plaintiff has breached shareholder agreement. See **Exhibit "2"** minutes from meeting.

1

3. Noddy Singh and Arjun Singh (hereinafter "Defendants") are shareholders of Pan King, Inc. with each having a 37.5% ownership in the company. **ADMIT**

## MATERIAL FACTS

### (New York Labor Law Claims)

4. From approximately December 2017 until approximately the end of February or early March 2021 Pan King operated and was doing business as NY Chicken & Rice. A. Singh Dep. 75: 3-8; 40: 9-13; N. Singh Dep. 39: 11-17. The primary business of Pan King was the sale of Mediterranean food and drinks for consumption on the Premises and take-out. N. Singh Dep. 23:8-11; A. Singh Dep. 12: 9-12. **ADMIT**

5. At all relevant times, Pan King was an "Employer" within the meaning of the New York Labor Law § 190, as Pan King was a corporation that employed individuals. A. Singh Dep. 20: 8-24; 21: 4-12. **ADMIT**

6. Plaintiff Pratik Patel was employed by Pan King from approximately November 2017 until approximately December 2019. (A. Singh Dep. at 75: 12-14); Ex. X (P. Patel Dep. at 53:7-10). **ADMIT**

7. Plaintiff's position was a restaurant employee throughout the time he worked at the restaurant and his responsibilities included working a minimum of 48 hours per week doing food preparation, cashing out customers, checking food quality, and other fast food responsibilities N. Singh Dep. 32:19-25; 131:5-17. **ADMIT**

8. Plaintiff Pratik Patel did not decide the amount of his own pay. Plaintiff had to discuss a salary with Defendants. His salary was discussed with and approved by Defendants Noddy Singh and Arjun Singh. 48: 13-18. P Patel Dep. 150: 4-17.**DENY** Plaintiff went to defendants asking for more money and it was collectively agreed that he should be given a weekly salary of $550. See Patel deposition pg. 54:22-25, pg.55, pg56

2

9. Plaintiff hired only one employee throughout the entirety of the time he worked at Pan King and never fired any employees. P Patel Dep No. 2. At 27:13-25, 28: 1-2. **DENY** He did fire employee. See Patel deposition pg. 92:14-22

10. Noddy Singh and Arjun Singh were responsible for the setup of the restaurant and dealt with nearly all of the business responsibilities of Pan King, whereas Pratik Patel was responsible for working a minimum of 48 hours per week. N. Singh Dep. 32: 19-25. **DENY** Plaintiff told employee Mr. Hossain, what hours to work, and directed his work. (See Patel deposition pg.41:17-24) Patel cashed out from the register at the end of his shift (See Patel deposition pg. 41:6-10).Patel hired Rehman Mohammed to work for Pan King, Inc. (See Patel deposition pg.94 :11-20). Patel directed Singhs to bring inventory to Pan King, Inc. (See Patel deposition pg. 76:13-18, pg.89: 12-16, pg.95: 21-23, pg.96 : 16-18, pg.97 :17-19). Patel brought inventory himself at least once a month by using the company debit card. (See Patel deposition I pg.43:5-25). Patel had access to the company credit card for which he knew the pin number. (See Patel deposition I pg.44:3-10).Patel signed checks for Pan King, Inc. he had access to the bank accounts. (See Patel deposition I pg.45:5-25). Patel took days off without consulting with anybody. (See Patel deposition pg98:17-25, pg.99:1-2). Patel kept payroll and attendance records for all employees who were working for Pan King Inc. (See Patel deposition pg. 106:11-25, pg.107:1-9).

11. While Pratik Patel generally created the schedule weekly, Defendants Noddy Singh and Arjun Singh provided the final decision over what days and hours employees worked. **DENY** Patel took days off without consulting with anybody. (See Patel deposition pg98:17-25, pg.99:1-2). Patel kept payroll and attendance records for all employees who were working for Pan King Inc. (See Patel deposition pg. 106:11-25, pg.107:1-9). Patel made

3

schedules for Singhs and told them when they should or should not come into work. (See Patel deposition pg. 75: 7-13, pg.93: 17-25, pg.95, pg.96, pg.97, pg.98, pg. 99, pg.100).

12. Plaintiff had the authority to sign checks only up to $2,000. Plaintiff needed the approval of one of the Defendants to sign checks over $2,000. Patel Dep. 84: 3-9. **DENY** Patel had access to the company credit card for which he knew the pin number. (See Patel deposition I pg.44:3-10).

13. Defendant Noddy Singh worked at Pan King approximately 30 hours per week. N. Singh Dep. at 134: 9-15.**DENY** Patel made schedules for Singhs and told them when they should or should not come into work. (See Patel deposition pg. 75: 7-13, pg.93: 17-25, pg.95, pg.96, pg.97, pg.98, pg. 99, pg.100).

14. No records kept in the ordinary course of business concerning the total weekly hours, schedule, earnings, overtime earnings, or weekly spread of hours earnings of Plaintiff were ever provided to Plaintiff or Plaintiff's attorneys, despite Plaintiff's calls for production. N. Singh Dep. 40: 4-18. **DENY** Patel kept payroll and attendance records for all employees who were working for Pan King Inc. (See Patel deposition pg. 106:11-25, pg.107:1-9)

15. Arjun Singh and Noddy Singh were responsible for paying Plaintiff his salary. Patel Dep. at ¶ 151:2-25. **DENY** Patel received cash and check as compensation. (See Patel depositionpg.27:1-5, pg.46:6-18, pg.47:3-13).

16. For the first three to four months of working at Pan King, Plaintiff did not receive any salary. Patel Dep. at 149:18-25. **DENY** Patel received cash and check as compensation. (See Patel depositionpg.27:1-5, pg.46:6-18, pg.47:3-13).

17. Plaintiff regularly worked more than forty (40) hours per week throughout the time he worked at Pan King. On average, Plaintiff worked forty-eight (48) hours per week. N. Singh Dep. 44:10-12. A. Singh Dep. 49:11-25; 50:1-10. **ADMIT**

18. Plaintiff was getting paid between $550 and $600 per week, plus tips. Plaintiff's salary did not increase from this amount throughout the entirety of the time Plaintiff worked at Pan King. N. Singh Dep. 44:13-20; A. Singh Dep. 48:17-25. **ADMIT**

19. By his own admission, Arjun Singh stated that between January 2018, to December 2019, Pratik Patel was paid a total of $13,795 for regularly working at least 48 hours per week. **DENY** Patel received cash and check as compensation. (See Patel deposition pg.27:1-5, pg.46:6-18, pg.47:3-13).

**(Fraud/Breach of Fiduciary Duty/Conversion Claims)**

20. Pan King had 5 accounts opened with Bank of America. Pratik Patel only had access to one of them:

| Date Opened | Account # | Signatories | Exhibit# |
|---|---|---|---|
| 11/20/2017 | 6126 | Arjun/Noddy Singh; Pratik Patel | 3 |
| 01/27/2022 | 3015 | Arjun/Noddy Singh | 4 |
| 10/22/2019 | 4207 | Arjun Singh | 5 |
| 07/07/2021 | 8828 | Arjun Singh/Noddy Singh | 6 |
| 07/09/2021 | 8860 | Arjun Singh/Noddy Singh | 7 |

**DENY** Patel signed checks for Pan King, Inc. he had access to the bank accounts. (See Patel deposition I pg.45:5-25).

21. Pan King closed for business around March 2021. A. Singh Dep. 78:17. **DENY** See **Exhibit "2"** minutes from meeting

22. Prior to Pan King closing, Arjun Singh applied for and was approved for the Economic Injury Disaster Loan (EIDL). **DENY** See **Exhibit "2"** minutes from meeting, yes an EIDL loan was received.

23. Pratik Patel was not listed as an owner or shareholder of Pan King on EIDL application. **DENY** Pratik Patel had violated the shareholder agreement and voluntarily stepped down from the corporation.

24. On June 9, 2020, Arjun Singh signed a Loan & Security Agreement with the Small Business Administration and the Small Business Administration funded Disaster Assistance Loan to Pan King, loan number 9775407809 for $120,000. **ADMIT**

25. On June 11, 2020, SBA deposited the loan proceeds in the amount of $119,900 into Pan King Bank of America checking account ending in 4207. **ADMIT**

26. On August 7, 2020, $8,000 was transferred from Account 4207 to Account 6126.
    **ADMIT**

27. On August 10, 2020, $100,000 was transferred from Account 4207 to Account 6126.
    **ADMIT**

28. On August 10, 2020, a check for $100,000, check number 1675 was written from account 6126 to Arjun Singh personally, for "loan return." The memo on the check stated "loan return" and was deposited into Arjun Singh's personal Bethpage Federal Credit Union checking account. **ADMIT**

29. Arjun Singh used the proceeds of the EIDL loan to open a new restaurant -- Bros Chicken & Rice, of which Pratik Patel is not a shareholder. A. Singh Dep. 111:8-25; 112:1-15. **DENY**. Arjun Singh and Noddy are individually responsible for repayment of the loan. A. Singh pg.113,114,115.

30. Pan King Inc. is currently not operating as a restaurant, but the company has not been dissolved specifically because the company owes funds to the Small Business Administration, which were used for the benefit of another company. A. Singh Dep. at 112:21-25; 113:1-5. **DENY** See **Exhibit "2,"** the company operates as a ghost kitchen.

31. On July 29, 2021, Noddy Singh and Arjun Singh requested to modify Pan King's Disaster Assistance Loan, loan number 9775407809, from $120,000 to the maximum amount of $287,400. **ADMIT**

32. On March 8, 2022, the Small Business Administration funded a modification to Disaster Assistance Loan to Pan King, loan number 9775407809 from $120,000 to $287,400. ("EIDL Modification") **ADMIT**

33. The proceeds of EIDL Modification were used to fund Arjun and Noddy Singh's new venture – Bros Chicken and Rice. **DENY** Arjun Singh and Noddy are individually responsible for repayment of the loan. A. Singh pg.113,114,115.

34. Between March 8, 2022 and October 2022, Arjun Singh and Noddy Singh withdrew over $67,000 from Pan King's account into their personal accounts. **DENY** Arjun Singh and Noddy are individually responsible for repayment of the loan. A. Singh pg.113,114,115.

Respectfully submitted,
/s/ Bobby Walia
Bobby Walia
136-40 39th Ave #304
Flushing, New York 11354
Ph.No.:718-353-4478
Waliabobbyesq@hotmail.com