UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice,          Case 2:21-cv-00759-HG-LGD

Plaintiff(s),

        -against-
NODDY SINGH; ARJAN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice,

Defendants.

------------------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS</u>**

Contents

**TABLE OF AUTHORITIES** ....................................................................................................................... 3

**PRELIMINARY STATEMENT** ................................................................................................................. 4

**STANDARD GOVERNING DEFENDANT'S MOTION** ........................................................................... 5

**ARGUMENT** ......................................................................................................................................... 6

**I.    Defendants failed to prove that Patel is exempt from NYLL minimum wage an overtime requirement by virtue of him being bona fide executive who was earning more than $900 per week. Therefore, this Court must deny Defendants' motion for summary judgment.** ........................................ 6

**II.    Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's Individual and Derivative Breach of Fiduciary Duty Claims.** ...................................................... 7

**III.    Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's Conversion claim.** ............................................................................................................. 10

**IV.    Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's NYLL Recordkeeping and Wage Statement Claims.** ...................................................................... 11

**V.    Noddy Singh and Arjun Singh are personally liable for New York Labor law violations.** ................ 12

**VI.    The New York Labor Law is a body of substantive law such that federal courts must apply state law to such claims, so the fair labor standards act is wholly irrelevant.** .................................................. 13

**VII.    Defendants have failed to bring sufficient evidence showing no issues of fact that plaintiff was paid the minimum wage.** ...................................................................................................................... 14

**VIII.    Defendants have failed to bring sufficient evidence to establish that there are no material issues of fact on defendants' breach of contract counterclaim.** ............................................................. 18

**CONCLUSION** ...................................................................................................................................... 19

# TABLE OF AUTHORITIES

Cases

*Agerbrink v. Model Serv. LLC*, 196 F. Supp. 3d 412, 417 (S.D.N.Y. 2016) ................................ 20

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687- 688 (1946) ....................................... 16

*Barrett v. Freifeld,* 64 A.D.3d 736, 883 N.Y.S.2d 305, 308 (2009) ................................................ 8

*Berrios v. Nicolas Zito Racing Stable, Inc.,* 849 F.Supp. 2d 372, 380 (E.D.N.Y. 2012) ............ 16

*BL Rest. Operations, LLC v. 701 America, Inc.*, 11 Civ. 6285 (KBF), at *13 (S.D.N.Y. Feb. 14, 2012) ................................................................................................................................. 19

*Celotex Corp. v. Catrett*, 477 U.S. 317 .................................................................................. 5, 6

*Courtney v. Brooklyn Burner*, 112 Misc. 2d 89, 90 (N.Y. Civ. Ct. 1981) ................................... 14

*Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 671–72 (S.D.N.Y. 2005) ............... 8, 9, 10

*Digital Camera Intl., Ltd. v. Antebi,* 11 CV 1823 (SJ), 2017 WL 2992719, at *3 (EDNY July 14, 2017) ................................................................................................................................. 8

*Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012) ....................... 6

*Drozd v. Vlaval Constr., Inc.,* No. 09 CV 5122 SJ, at *13 (E.D.N.Y. Oct. 18, 2011) .................. 16

*Hanna v. Plumer,* 380 U.S. 460, 465–66, (1965) ....................................................... 14, 15

*Ho v. Target Constr. of NY, Corp.*, No. 08-CV-4750 (KAM)(RER), at *2-3 (E.D.N.Y. Mar. 28, 2011) ................................................................................................................................. 16

*Horan v. Vieira,* No. 18CV01286JMAST,  at *4 (E.D.N.Y. Mar. 12, 2021) ................................ 6

*Jiaxing Globallion Imp. & Exp. Co. v. Argington, Inc.,* No. 11-CV-6291, at *3 (E.D.N.Y. Apr. 15, 2014) ...................................................................................................................... 8, 9

*Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011 ....................................... 8, 19

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006) ...................................... 8, 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) ............................ 6

*Moon v. Kwon*, 248 F.Supp. 2d 201, 219 (S.D.N.Y. 2002) ......................................................... 16

*Of A Feather, LLC v. Allegro Credit Servs.*, 19cv9351 (DLC), at *20 (S.D.N.Y. Mar. 18, 2021 19

*Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 616 [2008] ................................................. 7

*Ribbler v. Chicksation Inc.*, 2018 N.Y. Slip Op. 31814, 4 (N.Y. Sup. Ct. 2018) .......................... 7

*Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 ................................ 15

*Strass v. Costco Wholesale Corp.*, No. 14CV06924PKCVMS,  at *2 (E.D.N.Y. June 17, 2016) . 6

*Tolan v. Cotton,* 572 U.S. 650, 660 (2014) ................................................................................. 7

*United St. Fid. Guar. v. Braspetro Oil Serv.*, 369 F.3d 34 (2d Cir. 2004 ................................... 19

*United States v Siegel,* 717 F2d 9, 14 (2d Cir 1983) ............................................................. 8, 10

*Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000 ....................................................... 6

*Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 F. App'x 274, 276 (2d Cir. 2018) .. 19

Statutes

(Labor Law § 190 ................................................................................................................... 7

Labor Law § 190 ..................................................................................................................... 7

N.Y. Lab. Law § 195(4) ................................................................................................. 12, 13

N.Y. Lab. Law § 652 ............................................................................................... 15, 16, 18

N.Y.C.R.R. § 146-2.1 (2011) ................................................................................................ 12

# PRELIMINARY STATEMENT

Defendants seek summary on the following of Plaintiff's claims:

(1) Defendants seek dismissal of Plaintiff's New York Labor Law claims because allegedly Plaintiff was a bona fide executive exception.
(2) Defendants seek application of FLSA standard even though Plaintiff's complaint does not contain any FLSA claims.
(3) Defendants seek summary judgment on Plaintiff's New York Labor Law claims because allegedly they paid required minimum wage.
(4) Defendants seek dismissal of Plaintiff's claims asserted against them personally.
(5) Defendants seek summary judgment against Plaintiff on their breach of contract counterclaim.

Defendants have failed to bring sufficient evidence showing a lack of material issues of fact on Plaintiff's claims. Plaintiff brought claims for (1) individual breach of contract; (2) individual breach of fiduciary duty; (3) derivative breach of fiduciary duty; (4) derivative conversion; (5) accounting; (6) New York Labor Law (hereinafter "NYLL") minimum wage violations; (7) NYLL overtime violations; (8) NYLL time recordkeeping violations; and (9) NYLL wage statement violations. Defendants do not even list the elements of any of the above claims, let alone discuss how the facts of this case show there are no issues of material fact as to each material element of each claim. Accordingly, since Defendants fail to make a showing sufficient to establish the existence of the elements essential to their case, that Defendants would bear the burden of proof at trial, summary judgment in favor of Plaintiff's favor is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317 at 317. The few arguments that are discussed in the memo of law ask this Court to take counsel's word as the truth, as Defendants failed to cite to any evidence in the record whatsoever. Defendants also completely misconstrue the Erie Doctrine to muddy the issues and persuade this Court to apply the Fair Labor Standards Act to claims that are brought under a completely separate body of state law.

4

## STANDARD GOVERNING DEFENDANT'S MOTION

On a motion for summary judgment, "[t]he moving party bears the initial burden of establishing that there are no genuine issues of material fact . . . once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.' " *Horan v. Vieira,* No. 18CV01286JMAST, at *4 (E.D.N.Y. Mar. 12, 2021), report and recommendation adopted, No. 18CV1286JMAST, 2021 WL 1193146 (E.D.N.Y. Mar. 30, 2021) (citing *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (internal citations omitted). "Summary judgment is appropriate where a reasonable juror could not find for the non-moving party considering 'the record taken as a whole." *Strass v. Costco Wholesale Corp.*, No. 14CV06924PKCVMS, at *2 (E.D.N.Y. June 17, 2016) (citing *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

"The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317, 106 S. Ct. 2548, 2550, 91 L. Ed. 2d 265 (1986) "In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* It is a "fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of

the nonmoving party." *Tolan v. Cotton,* 572 U.S. 650, 660, 134 S. Ct. 1861, 1868, 188 L. Ed. 2d 895 (2014).

## ARGUMENT

**I.    Defendants failed to prove that Patel is exempt from NYLL minimum wage an overtime requirement by virtue of him being bona fide executive who was earning more than $900 per week. Therefore, this Court must deny Defendants' motion for summary judgment.**

It is undisputed that Plaintiff was an employee of Pan King inc.

> Labor Law § 190 delineates four categories of covered "employees." "Clerical or other worker" includes all employees not included in subdivisions four (manual workers), five (railroad workers) and six (commission salesmen), except any person employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of . . . nine hundred dollars a week" (Labor Law § 190). Thus, "clerical and other worker" under NYLL Article 6 category **includes individuals employed in a bona fide executive, administrative or professional capacity whose earnings are less than nine hundred dollars per week** (*Pachter v Bernard Hodes Group*, *Inc.*, 10 NY3d 609, 616 [2008]).

> [emphasis added]

*Ribbler v. Chicksation Inc.*, 2018 N.Y. Slip Op. 31814, 4 (N.Y. Sup. Ct. 2018) citing *Pachter v. Bernard Hodes*, 10 N.Y.3d 609, 616 (N.Y. 2008)

Even if the Court takes defendants at their word and determines that Plaintiff was a bona fide executive who earned a "preset salary [of] $550…" (See Def's Mem. of Law. P 6, **ECF # 54**), Patel is still not an exempt employee.

Accordingly, Defendants attempt to classify Plaintiff as an exempt employee should be denied.

6

## II.   Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's Individual and Derivative Breach of Fiduciary Duty Claims.

The elements of breach of fiduciary duty are "(1) the existence of a fiduciary relationship; (2) the breach of a duty imposed by that relationship; and (3) harm." *Digital Camera Intl., Ltd. v. Antebi,* 11 CV 1823 (SJ), 2017 WL 2992719, at *3 (EDNY July 14, 2017); *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (citing *Barrett v. Freifeld,* 64 A.D.3d 736, 883 N.Y.S.2d 305, 308 (2009)).

Derivative breaches of fiduciary duty include the corporate opportunity doctrine, commingling of corporate and personal funds, and resulting undercapitalization of the corporation. *Lerner v. Fleet Bank, N.A*., 459 F.3d 273, 294 (2d Cir. 2006); *Jiaxing Globallion Imp. & Exp. Co. v. Argington, Inc*., No. 11-CV-6291, at *3 (E.D.N.Y. Apr. 15, 2014) (internal citations omitted). "Under the doctrine of corporate opportunity, 'corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation.'" *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 671–72 (S.D.N.Y. 2005), aff'd sub nom. As for individual breach of fiduciary duty, In *United States v. Siegel,* the Second Circuit found that officers of the corporation owed non-participating shareholders an individual fiduciary duty to disclose material information. *United States v Siegel,* 717 F2d 9, 14 (2d Cir 1983).

Here, Defendants have failed to bring evidence establishing their entitlement to summary judgment on Plaintiff's derivative and individual breach of fiduciary duty claims. The Partnership Contract between the parties establishes that Plaintiff held 25% of shares in Pan King, Inc. and Defendants each held 37.5% of shares. (**ECF # 57, #1, Exhibit A –** Partnership Contract.) It is well established that shareholders owe the corporation fiduciary duties of care and

loyalty and owe a duty to disclose material information to fellow shareholders. *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 671–72 (S.D.N.Y. 2005); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006); *Jiaxing Globallion Imp. & Exp. Co. v. Argington, Inc.*, No. 11-CV-6291, 2014 WL 1478864, at *3 (E.D.N.Y. Apr. 15, 2014) (internal citations omitted). Defendants applied for an EIDL loan on behalf of Pan King, Inc. (**ECF # 66, # 6, Exhibit 5** – EIDL Application.) Shortly after the proceeds of the loan were dispersed, a check for $100,000 labeled "loan return" was written from Pan King's bank account to Arjun Singh personally. (**ECF # 66, # 9, Exhibit 8** – Check Labeled "Loan Return.")  Additionally, Defendants admitted in depositions that the $100,000 check was used for the benefit of another business that Defendants owned, that Plaintiff had no interest in, Bros Chicken & Rice. (**ECF # 66, # 15 Exhibit 14** – A. Singh Dep. at 111:1-25; 112:1-22; 115:4-18)

Moreover, Noddy Singh and Arjun Singh requested to modify Pan King's EIDL loan from $120,000 to the maximum amount of $287,400; this application was also made on behalf of Pan King, Inc. (**ECF # 66, # 8, Exhibit 7** –EIDL Amended Loan Modification & Agreement.) Presumably, the proceeds of this loan increase were released around March 8, 2022, the effective date of the Amended Loan Modification. *Id.* Thereafter, in April of 2022, a check for $20,000 labeled "loan" was written from Pan King's bank account to "TD Ameritrade FBO Noddy Singh." (**ECF # 66, # 11, Exhibit 10** –Check to TD Ameritrade.) Another check for $1,000 was written to Arjun Singh personally, and another for $9,500 was written to Noddy Singh personally. (**ECF # 66, # 12, Exhibit 11** - April 2022 Checks.) In May of 2022, a check for $2,900 labeled "salary" was written from Pan King's bank account to Noddy Singh and deposited into Noddy Singh's personal bank account. (**ECF # 66, # 13, Exhibit 12** - May 2022 Check.) Also in May of 2022, a check for $19,500 labeled "loan" was written from Pan King's

8

bank account to Noddy Singh personally. (**ECF # 66, # 14, Exhibit 13** - May 2022 Check "Loan.") These actions by Defendants constitute violations of the corporate opportunity doctrine because Defendants took assets belonging to the corporation, the loan proceeds, and diverted the assets for their own benefit by writing checks to themselves. *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 671–72 (S.D.N.Y. 2005).

As for individual breach of fiduciary duty, though Plaintiff owned of 25% of shares, Noddy Singh and Arjun Singh were fraudulently listed as each owning 50% of shares on the EIDL Application.  (**ECF # 66, # 6, Exhibit 5** – EIDL Loan Application.). This conduct is a violation of the duty to disclose material information to a fellow shareholder, as applying for a government loan and deciding what to do with the proceeds would have an impact on the wellbeing and survival of Pan King, Inc. *United States v Siegel,* 717 F2d 9, 14 (2d Cir 1983).

Despite these allegations, Defendants have not brought any evidence showing that there was not a fiduciary relationship. Defendants have brought no evidence offering a valid business explanation as to why they wrote themselves checks for EIDL loan proceeds belonging to Pan King. The best that Defendants can offer is that "Patel as part of his deposition on numerous occasions admitted that he did not see defendants commit any fraud or convert company assets." Defendants argue this without so much as attaching Plaintiff's deposition or referencing to which page of the deposition Defendants are referring. Even if Plaintiff did not see defendants convert corporate assets for their own benefit with his own two eyes, this is not affirmative proof that Defendants did not divert corporate assets; the evidence speaks for itself. Defendants also do not bring evidence showing there was no harm caused to the corporation as a result of diverting these assets. Accordingly, Defendants have not met their burden and summary judgment on Plaintiff's derivative breach of fiduciary duty claim.

9

Similarly, Defendants do not bring evidence showing that there was no fiduciary relationship between themselves and Plaintiff as fellow shareholders of Pan King, Inc., such as a signed renunciation of Plaintiff's shares, or evidence showing a dissolution of the partnership. Defendant brought no evidence showing that they informed Plaintiff that Pan King would be applying for an EIDL Loan, or that they informed Plaintiff what the loan proceeds were used for. As such, Defendants have not met their burden establishing their entitlement to summary judgment on Plaintiff's individual breach of fiduciary duty claim and summary judgment should be denied.

## III. Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's Conversion claim.

The elements of conversion are that "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Benex LC v First Data Merchant Services Corp.*, 14-CV-6393 (JS) (AKT), 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016).

Here, the property subject to conversion is specific and identifiable: the EIDL Loan and EIDL Modification, and PPP Loan proceeds. Pan King had ownership and control of the EIDL Loan proceeds before the conversion, as the applications for all loans were made in the name of Pan King, the SBA agreed to release those funds to Pan King, and the SBA deposited the EIDL funds directly into Pan King's bank account. (**ECF # 66, # 17, Exhibit 16** – Loan Deposit to Pan King; **ECF # 66, # 6, Exhibit 5 – EIDL** Application; **ECF # 66, # 8, Exhibit 7** – EIDL Amended Loan Modification; **ECF # 66, # 7, Exhibit 6 –** PPP Loan Application.)

10

Defendants exercised unauthorized dominion over the loan proceeds when they wrote checks to themselves from Pan King's bank account, thereby excluding Pan King from using those much-needed funds. (**ECF # 66, # 9, Exhibit 8** – Check Labeled "Loan Return;" **ECF # 66, # 9**, **Exhibit 10 –** Check to TD Ameritrade; **ECF # 66, # 14, Exhibit 13 –** May 2022 Check Labeled "Loan.")

Defendants have not brought evidence to show the loan proceeds did not belong to Pan King. Defendants did not bring evidence to show the proceeds were not in Pan King's control before the conversion, and did not show how their improper dominion over the proceeds was authorized by any proper business purpose. Accordingly, Defendants did not bring evidence sufficient to warrant summary judgment in their favor on Plaintiff's conversion claim and Defendants' motion should be denied.

## IV.    Defendants have not brought evidence sufficient to show no material issues of fact exist as to Plaintiff's NYLL Recordkeeping and Wage Statement Claims.

The New York Labor Law ("NYLL") imposes strict recordkeeping requirements on employers to ensure compliance with the minimum wage and overtime laws: "Every employer shall: . . . provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof . . . " *See* N.Y. Lab. Law § 195(4); 12 N.Y.C.R.R. § 146-2.1 (2011). The NYLL also requires that employers "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

11

shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ." N.Y. Lab. Law § 195(3) (McKinney).

Here, Defendants have not met their burden of bringing sufficient evidence to show a lack of material issue of fact on Plaintiff's wage statement and recordkeeping claims. Defendants have not produced evidence that a notice containing Plaintiff's rate of pay that was issued to Plaintiff or any other employee at the time they were hired. Similarly, Defendants have failed to produce wage statements or any evidence showing that Plaintiff was provided a wage statement with every payment of wages. Defendants have not met their burden and accordingly, the burden does not shift to Plaintiff to set forth sufficient facts showing there is an issue for trial. Nevertheless, Plaintiff can proffer evidence to show that he was not provided with wage statements or a notice: the best and only evidence Defendants have provided of the wages Plaintiff received for an entire two-year period is a handwritten ledger containing an overall amount and a check number, which was compiled by Defendants in preparation of this lawsuit, well after Plaintiff's employment had ended.(**Exhibit 18,** A. Singh Dep: 102:3-25; 103: 1-9; **Exhibit 19**—Wage Ledger attached as Exhibit 25 to A. Singh Dep). This evidence indicates that Plaintiff was not provided with the notice and wage statements required by the NYLL. Plaintiff thus respectfully asks that Defendants motion for summary judgment on the notice and recordkeeping claims be denied.

## V. Noddy Singh and Arjun Singh are personally liable for New York Labor law violations.

Defendants are arguing that all labor law claims against them individually should be dismissed. This is contrary to existing laws on New York Labor Law Violations in New York.

> Under New York law, a plaintiff seeking payment of wages or benefits owed by a corporation may elect one or both of two remedies directly against the corporation's shareholders or officers. He or she may proceed against corporate shareholders pursuant to section 630 of the Business Corporation Law, or against corporate officers pursuant to sections 198-a Lab. and 198-c Lab. of the Labor Law. Plaintiff here has elected to proceed under the provisions of the Labor Law.

*Courtney v. Brooklyn Burner*, 112 Misc. 2d 89, 90 (N.Y. Civ. Ct. 1981)

Accordingly, Defendants' motion for summary judgment on this issue should be denied.

## VI.   The New York Labor Law is a body of substantive law such that federal courts must apply state law to such claims, so the fair labor standards act is wholly irrelevant.

Whether Plaintiff would be considered a bona-fide executive, exempt under the Fair Labor Standards Act (hereinafter "FLSA") is completely irrelevant here because Plaintiff did not bring any claims arising under the FLSA. Defendants' reliance on the Erie Doctrine is misplaced: The NYLL cannot reasonably be classified as procedural because the NYLL does not govern the process by which certain rights are enforced, but rather creates substantive rights to be paid a certain wage, to be paid overtime, and to receive certain employment records. These rights created by the NYLL exist separate and apart from the rights created by the FLSA.

"[The Erie Doctrine] held that federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes. The broad command of Erie was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer,* 380 U.S. 460, 465–66, (1965). *Hanna* held that if the result of the litigation would be significantly affected by the federal court disregarding state law that would be controlling in state court, then the law is substantive. *Id.* "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering

13

remedy and redress for disregard or infraction of them." *Hanna*, 380 U.S. 460 at 464 (1965)

(citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479.)

In *Eng v. City of New York,* the court analyzed a Plaintiff's New York City Human Rights

Law (hereinafter "NYCHRL") workplace discrimination claims under a federal *pleading*

*standard*, as the pleading standard is procedural under the Erie Doctrine – the pleading standard

governed the judicial process of enforcing the rights.  715 F. App'x 49, 52–53 (2d Cir. 2017).

Notably, the court in *Eng* <u>did not</u> analyze Plaintiff's claims according to Title VII, the federal

employment discrimination statute, but applied the New York City Human Rights Law: "even if

the challenged conduct is not actionable under federal and state law, federal courts must consider

separately whether it is actionable under the broader New York City standards." *Id* (citing

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)).

In the case at bar, it is undisputed that Plaintiffs did not bring claims based on FLSA (*See*

ECF # 57) Accordingly, Defendant's application to apply FLSA should be denied.

## VII.   Defendants have failed to bring sufficient evidence showing no issues of fact that plaintiff was paid the minimum wage.

As for Plaintiff's minimum wage and overtime claims, Defendants have failed to bring

evidence warranting summary judgment in Defendants' favor on Plaintiff's minimum wage and

overtime claims. "[T]he wage for an employee who is a food service worker receiving tips shall

be a cash wage of at least two-thirds of the minimum wage rates set forth in subdivision one of

this section, rounded to the nearest five cents or seven dollars and fifty cents, whichever is

higher*, provided that the tips of such an employee, when added to such cash wage, are equal to*

*or exceed the minimum wage in effect pursuant to subdivisions one, one-a, and one-b of this*

*section."*  N.Y. Lab. Law § 652 (McKinney). Section 1(B) of § 652 provides "[e]very employer

14

shall pay to each of its employees for each hour worked in the counties of Nassau, Suffolk and Westchester a wage not less than: $11.00 per hour on and after December 31, 2017, $12.00 per hour on and after December 31, 2018." N.Y. Lab. Law § 652 (McKinney). These sections of the NYLL, taken together,  mean that an employee may only be paid the two-thirds tipped wage if the total amount the employee receives (tipped wage plus tips) is equal to or exceeds $11 per hour (2018) or $12 per hour (2019).  N.Y. Lab. Law § 652 (McKinney).

Where an employer fails to meet its most basic recordkeeping requirements, in the absence of a rebuttal, the workers' recollection regarding their hours worked and wages owed must be presumed to be correct and damages based on those recollections should be awarded. *Drozd v. Vlaval Constr., Inc.,* No. 09 CV 5122 SJ, at *13 (E.D.N.Y. Oct. 18, 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687- 688 (1946); *Moon v. Kwon*, 248 F.Supp. 2d 201, 219 (S.D.N.Y. 2002)); *see  Berrios v. Nicolas Zito Racing Stable, Inc.,* 849 F.Supp. 2d 372, 380 (E.D.N.Y. 2012) ; *Ho v. Target Constr. of NY, Corp*., No. 08-CV-4750 (KAM)(RER), at *2-3 (E.D.N.Y. Mar. 28, 2011).

Here, Defendant Noddy Singh declared Plaintiff was paid $650 per week, a number with absolutely no support in the record. In fact, this sworn testimony directly contradicts Noddy Singh's Deposition wherein he testified that Plaintiff was paid $550 per week at first and then later received $600 per week. (ECF # 66, # 18, **Exhibit 17**— N. Singh Dep at 39:1-10). Defendant Arjun Singh also testified that Plaintiff was paid between $550 and $600 per week. (ECF # 66, # 15 **Exhibit 14**—A. Singh Dep. at  48:17-25). Additionally, the handwritten ledger of wages paid to Plaintiff does not show any payments in excess of $550 and actually shows that most payments made to Plaintiff were far less. **Exhibit 18** – Wage Ledger. Defendants also calculate their minimum wage based on Plaintiff working sixty (60) hours per week without

15

citing any basis in the record for this estimate of Plaintiff's hours. Plaintiff testified that for the first five months, or twenty weeks of Plaintiff's employment, he worked approximately twelve (12) hours per day, six days per week, and after the first twenty weeks, he eight to nine (8-9) hours per day, six days per week. (**Exhibit 18** – P. Patel Dep. at 14:12-18, 51: 15-19).

Thus, for the first twenty weeks, Plaintiff worked a total of seventy-two (72) hours per week. The minimum wage for a non-tipped employee for the first twenty weeks of Plaintiff's employment, which began after December 2017, was $11.00 per hour. Eleven dollars ($11) per hour multiplied by seventy-two (72) hours per week is $792. In order for Defendants to legally pay Plaintiff the tipped wage of two-thirds of $11, Plaintiff's pay, plus tips would need to meet or exceed the $792, the amount Plaintiff would be owed if paid the minimum wage of an employee that did not receive tips. Defendants have not brought sufficient evidence showing Plaintiff was paid a total amount with wages plus tips of at least $792.  In fact, the handwritten ledger, the only proof of the wages paid provided by Defendants indicates Plaintiff was paid much less. **Exhibit 19**– Wage Ledger. Thus, Defendants' reliance on the two-thirds tipped wage ($7.50 per hour) is misplaced because Defendants have not shown that there are no issues of fact regarding the amount Plaintiff was paid.

After the first twenty weeks of 2018, during the remaining weeks of 2018, Plaintiff worked between forty-eight (48) and fifty-six (56) hours per week. **Exhibit 20** – P. Patel Dep. at 14:12-18, 51: 15-19. The minimum wage for a non-tipped employee would be eleven dollars ($11) per hour multiplied by between forty-eight (48) and fifty-six (56) hours per week for a total of between $528 and $616 per week. Defendants have not brought sufficient evidence showing Plaintiff was paid a total amount with wages plus tips of at least between $528 and $616 per week. In fact, the handwritten ledger provided by Defendants indicates Plaintiff was paid much

16

less most weeks. **Exhibit 19** – Wage Ledger. Thus, Defendants' reliance on the two-thirds tipped wage ($7.50 per hour) is misplaced because Defendants have not shown that there are no issues of fact regarding the amount Plaintiff was paid.

During 2019, Plaintiff worked the same fixed schedule, worked between forty-eight (48) and fifty-six (56) hours per week. **Exhibit 20** – P. Patel Dep. at 14:12-18, 51: 15-19. The minimum wage for a non-tipped employee in 2019 was $12 per hour. N.Y. Lab. Law § 652 (McKinney). Twelve dollars ($12) per hour multiplied by between forty-eight (48) and fifty-six (56) hours per week for a total of between $576 and $672 per week. Defendants have not brought sufficient evidence showing Plaintiff was paid a total amount with wages plus tips of at least between $576 and $672 per week. In fact, the handwritten ledger provided by Defendants indicates Plaintiff was paid much less most weeks. **Exhibit 19** – Wage Ledger. Thus, Defendants' reliance on the two-thirds tipped wage ($7.50 per hour) is misplaced because Defendants have not shown that there are no issues of fact regarding the amount Plaintiff was paid.

In sum, Defendants have not proven there are no issues of fact regarding whether Plaintiff was paid the minimum wage. On the contrary, the evidence establishes that Plaintiff was not paid the minimum wage during his employment at Pan King. Given these facts, summary judgment should not be granted in Defendant's favor on Plaintiff's minimum wage and overtime claims. Defendants have not shown by admissible evidence that Plaintiff was paid minimum wage and overtime required by the New York Labor Law. N.Y. Lab. Law § 652 (McKinney).

17

## VIII. Defendants have failed to bring sufficient evidence to establish that there are no material issues of fact on defendants' breach of contract counterclaim.

Defendants have failed to establish their entitlement to summary judgment on their breach of contract counterclaim because there are issues of fact as to what terms were agreed to, and whether Plaintiff's 25% shareholder status was conditional on his working forty-eight (48) hours per week as Defendants argue.

"[T]he elements of a breach of contract claim are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach." *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 F. App'x 274, 276 (2d Cir. 2018) (citing *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

"[T]he mere act of termination cannot be a breach of the employment agreement" *BL Rest. Operations, LLC v. 701 America, Inc.*, 11 Civ. 6285 (KBF), at *13 (S.D.N.Y. Feb. 14, 2012)

While it is true that Plaintiff left his employment with Pan King, that alone cannot serve as a determination of a breach.

Neither can Defendants show that they sustained damages in the amount of $250,000. "New York law provides that a liquidated damages clause is enforceable when "the specified amount is a reasonable measure of the anticipated harm."" *Of A Feather, LLC v. Allegro Credit Servs.*, 19cv9351 (DLC), at *20 (S.D.N.Y. Mar. 18, 2021) quoting *United St. Fid. Guar. v. Braspetro Oil Serv.*, 369 F.3d 34 (2d Cir. 2004)

"A provision that does not serve the purpose of reasonably measuring the anticipated harm, but is instead punitive in nature, serving as a mere "added spur to performance," will not be enforced" *Agerbrink v. Model Serv. LLC*, 196 F. Supp. 3d 412, 417 (S.D.N.Y. 2016).

Here, even the contract itself states that a $250,000 payment is a fine. (See **ECF # 57**, **Exhibit A**)

Accordingly, summary judgment on Defendants counterclaim for breach of contract should be denied.

## CONCLUSION

Because of all the arguments mentioned above, Defendants motion for summary judgment should be denied.

/S/ Kadochnikov

_____