UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                                          Plaintiffs

-against-

NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                                          Defendants.
-----------------------------------------------------------------------X

DOCKET #
2:21-cv-00759-JS-SIL

**Response to Defendants'
56.1 Statement**

## DEFENDANTS NODDY SINGH, AND, ARJUN SINGH'S STATEMENT OF UNDISPUTED  MATERIAL FACTS

Pursuant to Local Rule 56.1 Plaintiff Pratik Patel submits the following responses to

Defendant's Statement of Undisputed Material Facts:

1.  Patel signed a shareholder agreement. (*See* Patel deposition pg. 7 :14-16).

**Response:** Undisputed


2.  Patel met Singhs three or more times before signing the shareholder agreement. (*See* Patel

deposition I pg.21:1-7).

**Response:** Undisputed


3.   As per agreement the shareholders of PAN KING, INC.  are Singhs, and Patel. (*See* Patel

deposition pg. 7 :17-25, pg.8: 1-4).

**Response:** Undisputed

11

4.  As per agreement Patel is a shareholder of PAN KING, INC. with a 25% shareholder in the company and Singhs each have 37.5% share in the company. (*See* Patel deposition pg. 7 :17-25, pg.8: 1-4).

**Response:** Undisputed

5. As per agreement Patel was required to work 48 hours per week. (*See* Patel deposition pg.8: 10-12).

**Response:**     Disputed to the extent that Plaintiff agreed to work 48 hours per week, with no qualifications or limitations whatsoever.

6. Patel was paid minimum wage for the hours that he worked. (*See* Patel deposition pg.56: 9-25, pg.57:1-25).

**Response: 6.**   Disputed to the extent that Pratik Patel was paid $0 for at least forty-eight hours of work for the first three months of his employment from December 2017 through February 2018 $400 for at least forty-eight hours of work, when the minimum wage at that time was $13 per hour (December 2017) or $15 per hour (January and February 2018).  P Patel Dep at 14:1-5, 47:23-25, 48:1-5, 56:1-8. Disputed to the extent that Plaintiff was paid $400 per week for at least forty-eight hours of work, which amounts to at most $8.33 per hour, for a period of time beginning March 2018, when the minimum wage was $15 per hour.  Id. Disputed to the extent that Plaintiff was paid $550 per week for at least forty-eight hours of work, which amounts to at most $11.46 per hour, for a period of time beginning around June or July 2018, when the minimum wage was $15 per hour. P Patel Dep. at 61:18-23.

7. Patel didn't keep track of the number of hours he worked, although he did for other employees. (*See* Patel deposition pg.57:1-25).

**Response**: Disputed. Patel does not remember if he tracked his own hours. P Patel Dep. 57:9-26

8.Patel left for India between July 19 to July 29 for seven or nine days to get married. (*See* Patel deposition pg.87: 13-15, pg.88 :5-8, pg.89: 7-17).

**Response**: Undisputed

9. During the time Patel took his trip to India he was not able to work the required minimum 48 hours. (*See* Patel deposition pg.89: 7-17).

**Response**: Undisputed

10. Patel worked for Pan King Inc., from December 16, 2017 until there came a point in time when he decided to leave in January 2020. (*See* Patel deposition pg.11: 22-25, pg.12 :1-25, pg.13 :1-7 pg.101: 1-3).

**Response**: Undisputed

11.At one point there was a significant drop in sales for Pan King, Inc. (*See* Patel deposition pg.81: 8-19).

**Response**: Undisputed

12. On or about December 2019 to January 2020 Patel stopped working for Pan King Inc. (*See* Patel deposition pg.101: 1-3).

**Response**: Undisputed

13.  Patel stopped working for Pan King Inc. because he was not making a profit, his salary was not enough and he decided to move to New Jersey. (*See* Patel deposition pg.101: 4-7, pg.102, pg.103).

11

**Response: 13.** Disputed to the extent that, in addition, Plaintiff did not receive his investment back.

14. Patel did not provide any written notice before leaving Pan King, Inc. (*See* Patel I deposition pg.201: 22-25).

**Response:** Undisputed

15. Patel was married in India on February 9, 2020. (*See* Patel deposition I pg.176: 13-22).

**Response:** Undisputed

16. Patel moved to New Jersey in March of 2020. (*See* Patel deposition I pg.174:19-25).

**Response:** Undisputed

17. Patel wanted to "move out" from the business after he came back from his trip to India. (*See* Patel deposition I pg.202:5-12).

**Response:** Undisputed

18. Patel was an executive in the company who owned more than twenty (20%) percent of the shares. (*See* Patel deposition pg.7: 22-24, pg.60 :6-9).

**Response**: Disputed to the extent that Plaintiff did not have the authority of an executive in the company and his business responsibilities were that of restaurant staff. P Patel Dep. at 61:1-17

19. Patel was the individual who signed the certificate of incorporation for Pan King, Inc. (*See* Patel deposition I pg.111: 3-19).

**Response:** Undisputed

20. In 2017 Pan King, Inc. had seven employees (*See* Patel deposition pg.14: 1-8).

11

**Response:** Undisputed

21. Patel told an employee Mr. Hossain, what hours to work, and directed his work. (*See* Patel deposition pg.41:17-24).

**Response: 21.** Disputed to the extent that the final schedule was subject to the approval of Arjun Singh and Noddy Singh.

22. Patel retrieved cash to pay the salary of employees with no one else present. (*See* Patel deposition pg.36:15-25).

**Response: 22.** Disputed to the extent that Plaintiff, at Arjun Singh's direction and during the one or two times Arjun Singh was not present, was permitted to retrieve cash for an employee's salary.

23. Patel received cash and check as compensation, including compensation for tips. (*See* Patel depositionpg.27:1-5, pg.46:6-18, pg.47:3-13).

**Response**: Undisputed

24. Patel was given a predetermined fixed salary which was $550 every week for the work he did before he left.  (*See* Patel deposition pg. 54:22-25, pg.55, pg56).

**Response: 24.** Disputed to the extent that Plaintiff was paid $0 per week during his first three months of employment, $400 per week from approximately March 2018 through May of 2018, and $550 per week for the remaining weeks of Plaintiff's employment.

25.Patel cashed out from the register at the end of his shift (*See* Patel deposition pg. 41:6-10).

**Response**: Undisputed

26. Patel took cash from the basement safe with no oversight (*See* Patel deposition pg. 37:11-14).

**Response:** Undisputed

27. Patel knew other employees were making minimum wage (*See* Patel deposition pg. 53:8-20).

**Response:** Disputed. Patel did not know what the minimum wage was. P Patel Dep 112:2-23

28. Patel was given a decent salary (*See* Patel deposition pg. 55:5-14).

**Response:** Disputed. Statement taken out of context of a deposition.

29. Patel was paid minimum wage (*See* Patel deposition pg.56:14-20).

**Response:** Disputed. Patel did not know what the minimum wage was. P Patel Dep 112:2-23

30. Patel worked a maximum of 60 hours per week (*See* Patel deposition pg.56:21-24).

**Response:** Disputed

31.  Patel hired Rehman Mohammed to work for Pan King, Inc. (*See* Patel deposition pg.94 :11-20).

**Response:** Undisputed

32. Patel directed Singhs to bring inventory to Pan King, Inc. (*See* Patel deposition pg. 76:13-18, pg.89: 12-16, pg.95: 21-23, pg.96 : 16-18, pg.97 :17-19).

**Response:** Disputed. He suggested to Singhs what to purchase

33. Patel brought inventory himself at least once a month by using the company debit card. (*See* Patel deposition I pg.43:5-25).

**Response:** Undisputed

34. Patel had access to the company credit card for which he knew the pin number.  (*See* Patel deposition I pg.44:3-10).

**Response:** Disputed

35. Patel signed checks for Pan King, Inc. he had access to the bank accounts. (*See* Patel deposition I pg.45:5-25).

**Response**: Disputed

36. Patel took days off without consulting with anybody. (*See* Patel deposition pg98:17-25, pg.99:1-2).

**Response**: Disputed

37. Patel kept payroll and attendance records for all employees who were working for Pan King Inc. (*See* Patel deposition pg. 106:11-25, pg.107:1-9).

**Response**: Disputed

38. Patel told several employees, including but not limited to Mr. Rehman, Carlos, Raj, Ashish,

11

Veronica, how much to cook and what to do. (*See* Patel deposition pg. 107:10-25, pg.108, 109).

**Response**: Disputed

39. Patel made schedules for employees of Pan King, Inc. on multiple occasions. (*See* Patel deposition pg.93: 17-25, pg.95, pg.96, pg.97, pg.98, pg. 99, pg.100).

**Response:** Undisputed

40. Patel fired employee Varun and recorded his identification (See Patel deposition pg.93: 1-5).

**Response:** Disputed

41. Patel took days off on his own accord (See Patel deposition pg.98:17-20).

**Response:** Disputed

42. Patel made schedules for Singhs and told them when they should or should not come into work. (*See* Patel deposition pg. 75: 7-13,  pg.93: 17-25, pg.95, pg.96, pg.97, pg.98, pg. 99, pg.100).

**Response:** Disputed

43. Singhs were compensated the same amount as Patel. (*See* Patel deposition pg. 77:5-11).

**Response:** Disputed

44. After the expansion of Pan King, Inc. it started to take losses and the business had difficulty making rent. (*See* Patel deposition I pg.200:8-24, pg. 201:1-4).

**Response:** Undisputed

45. Renovating, construction, seating, flooring was done by Singhs (*See* Patel deposition pg.78:12-18).

**Response:** Disputed

46. Patel stated he would share in the losses of the company. (*See* Patel deposition I pg. 167:5-10).

**Response:** Disputed

47. Patel left the company in December of 2019. (See Patel deposition I pg. 202:7-19).

**Response:** Undisputed

48. Patel received and acknowledged a text pertaining to the losses sustained by King after he left.

11

(*See* Patel deposition pg. 102:4-25).

**Response:** Undisputed

49. On December 16, 2020 defendants served a demand pursuant to N.Y. Bus. Corp. Law §624.

**Response:** Undisputed

/s/Kadochnikov

_____

11