UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice;
LALIT PATEL, individually and as a partner of
PAN KING, Inc. d/b/a NY Chicken & Rice

                                                                             DOCKET #
                                                                             2:21-cv-00759-JS-SIL

                                 Plaintiffs,

    -against-

NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice

                                 Defendants.

----------------------------------------------------------------X

**DEFENDANTS NODDY SINGH AND ARJUN SINGH'S**

**REPLY**

Dated: October 10, 2023

                                                    Respectfully submitted,
                                                    /s/ Bobby Walia
                                                    Bobby Walia
                                                    Waliabobbyesq@hotmail.com
                                                    136-40 39th Ave #304
                                                    Flushing, New York 11354
                                                    Ph.No.:718-353-4478

                                                                                                                 **Page**

TABLE OF AUTHORITIES ................................................................................................i

ARGUMENT ..................................................................................................................... 1

I. I. DEFENDANTS CANNOT BE HELD INDIVIDUALLY RESPONSIBLE FOR ANY CLAIMED LABOR LAW VIOLATIONS……………………............................................ 1

II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S COMPLAINT AS A MATTER OF LAW DEFENDANTS *PRIMA FACIE* SHOWING HAS NOT BEEN REBUTTED FOR STATE LABOR LAW CLAIMS ........................................................................................................ 2

A. SUMMARY JUDGMENT SHOULD BE GRANTED ON LABOR LAW CLAIMS AS MININIMUM WAGE STANDARDS WERE MET……………………………………….3

III. PLAINTIFFS ADMIT PATEL VOLUNTAIRLY LEFT HIS EMPLOYMENT WITH PAN KING INC……………………….......................................................................................4

CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hanna v. Plumer*

380 U.S. 460 (1965)..................................................................................................3

*People v. Trapp,*

20 N.Y.2d 613 (1967)...............................................................................................2

**Statutes and Other Authorities**

**Fair Labor Standards Act**......................................................................................2

**Section 630 of the Business Corporation**...........................................................1

**Business Corporation Law §624 demand**..........................................................1

**Labor Law section 198-c**.....................................................................................1

**Labor Law section 198-A**....................................................................................1

**NYLL §652**............................................................................................................2

**142 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York 12 NYCRR 142-2.2**.................................................................2

## ARGUMENT

The Plaintiff's response to the 56.1 statement is lacking because several responses contain blanket denials with no authority or support cited, as such these denials are insufficient, and Defendants' corresponding assertion of facts should be deemed admitted. See paragraphs "5," "21," "22," "30,""32," "34," "35," "36,""37,""38,""40,""41,""42,""43,""45," and "46." Most of these paragraphs are simply followed by the word "disputed" while other are followed by a colloquy by counsel with no citation to any support within the record. As such, these assertions contained in these paragraphs should be deemed to be undisputed as the dispute asserted has no basis for support within the record.

## I. DEFENDANTS CANNOT BE HELD INDIVIDUALLY RESPONSIBLE FOR ANY CLAIMED LABOR LAW VIOLATIONS

Plaintiffs having been confronted with their failure to comply with section 630 of the Business Corporation Law since they served the §624 demand more than 180 days after Patel left, attempt to abandon ship by trying to sail a different boat. They assert that they are moving under section Labor Law section 198-c. Plaintiffs did not plead this section anywhere in their Amended complaint. Now having been confronted with a defect based on their failure to comply with section 630 of the Business Corporation Law they make up a claim under Labor Law section 198-c, a claim they did not even plead, defendants need not respond to this invention of necessity but will do so anyway. N.Y. Lab. Law § 198-A is a criminal statute which has been held to apply to civil cases against officers of a company, such as the president, which Patel believed himself to be and acted as such. The company was formed by Patel on September 19, 2017. There were no officers elected as part of the corporation while Patel was employed by the corporation. *See*

1

People v. Trapp, 20 N.Y.2d 613 (1967). Section 198-C 3 doesn't apply to a bona fide executive which Patel was, he acted as such, knew he was President, and carried out a number of executive functions. Plaintiff's citation to Labor Law section 198-C is non-existent and unavailing. This statute does not apply to the defendants or the purported claims of the plaintiffs, is not even plead as part of Plaintiff's complaint, as such summary judgment should be granted to the defendants on this issue. It has been conclusively proven that Patel is only moving under a criminal statute Labor Law section 198-c, which does not apply to the record contained as there were no officers elected when Patel was employed by the corporate entity. The defendants do not fall under the class of people against whom the statute was intended to be applied, defendants were only shareholders, defendants cannot be held individually responsible. There is no mention as part of the pleading that corporate form was not kept, the defendants are entitled to corporate protections, there has been no piercing of the corporate veil, defendants cannot be held individually responsible for any acts on behalf of the corporate entity.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST PLAINTIFF'S COMPLAINT AS A MATTER OF LAW
### A. DEFENDANTS *PRIMA FACIE* SHOWING HAS NOT BEEN REBUTTED FOR STATE LABOR LAW CLAIMS

Having failed to bring any claim under Labor law section 198-C instead choosing to bring State Labor Law claims in Federal Court, Plaintiff posits that New York Labor Law creates substantive rights to be paid minimum wage, however, the substantive right for higher pay under state law is governed by procedure which must be followed, a process which must be adhered to, in-order to avail oneself of the higher rate of pay. Minimum wage is defined by NYLL §652. Patel was a tipped food service worker. Part 142 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York12 NYCRR 142-2.2 which is not even cited by plaintiff necessarily involves the Fair

Labor Standards Act: § 142-2.2 Overtime rate. An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. This is all procedure which must be followed to see if overtime rate applies, there is nothing substantive about this process, allowances need to be examined, if the employer is a large or small company, if the employee is an exempt executive, and even the aforementioned state statute necessarily invokes the Federal Act. So, it becomes necessary to invoke procedure and method of accounting when assessing a labor claim, if such is the case then under *Hanna*, Federal rules in Federal Court trump any State procedural labor law claims. As such Patel being a bona fide exempt executive was compensated fully and fairly under Federal standards and summary judgment should be granted to the defendants.

SUMMARY JUDGMENT SHOULD BE GRANTED ON LABOR LAW CLAIMS AS MININIMUM WAGE STANDARDS WERE MET

Plaintiffs do not account accurately for the fact, as admitted by Patel, that he was a tipped food service worker, and state total number hours worked as 72 which has no support on the record. The deposition pages cited do not support a claim for Patel having worked 72 hours, nothing of the sort is supported. Instead, Patel alludes to hours worked for the first three months as being a maximum of sixty (60) hours and clearly states on the record that his shift changed and his salary increased after the three-month period. *See* Patel deposition pg.55-57. Plaintiff's opposition asserting seventy-two (72) hours worked is contradicted by Patel himself, who asserts he worked a maximum of sixty (60) hours. Plaintiff attempts to feign an issue of fact which has no support on the record, is simply

3

contrived, as such, the calculation at 60 hours is accurate, supported and points to Patel having been paid the minimum wage. His own words are "they give me a decent salary." *See* Patel deposition pg.55:13-14. At 60 hours the minimum wage standard requires a payment of $525, Patel admittedly was paid at least $550. After the three-month period Patel worked less than sixty (60) hours, took days off, and made well in excess of the minimum wage standard, the Plaintiffs focus on the first three months but do not refute that after the initial three months Patel not only met State minimum wage standards but exceed the same, as such, summary judgment should be granted on any state labor law claims where it was conclusively shown that Patel worked a maximum of sixty (60) hours. Plaintiffs do not even attempt to dispute that Patel is a bona fide exempt executive under the Fair Labor Standards Act, so this Court having no opposition to said assertion made by defendants must view this application in light of the lack of any attempt to refute said assertion. As such, Federal Labor Law standards were met. State Labor Law standards were met.

### III. PLAINTIFFS ADMIT PATEL VOLUNTAIRLY LEFT HIS EMPLOYMENT WITH PAN KING INC.

After citing the elements of a breach, and the shareholder agreement, then going on to admit that Patel voluntarily left his employment, Plaintiffs fail to explain how such conduct does not constitute a breach. Plaintiffs attempt to conflate the issue stating that concrete damages were not stated should be disregarded as irrelevant and inaccurate based on the text sent by Noddy Singh which lays out the amount of damages. I have to invest another 40K. You left us backed up with everything. PSEG, 8K; National Grid, 6K; rent, 6K, payroll four weeks, inventory for store, lease termination, 6 Jerusalem Avenue, and construction cost. *See* Declaration of Noddy Singh, *See* Patel deposition pg. 102:4-25. A clear breach occurred when Patel voluntarily left his employment, such

conduct was a clear breach of the shareholder agreement, the defendants performed their end of the bargain, and damages which are documented were sustained by defendants.

## Conclusion

For the reasons stated above Defendants' motion for summary judgment should be granted. The claim for summary judgment on the breach of contract claim should be granted because the *prima facie* showing is undisputed and the breach admitted to by the plaintiffs.