UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken & Rice,          Case 2:21-cv-00759-HG-LGD

                                    Plaintiff(s),

            -against-
NODDY SINGH; ARJAN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken & Rice,

                                    Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR BREACH OF FIDUCIARY DUTY AND VIOLATIONS OF THE NEW YORK LABOR LAW**

1

**Table of Contents**

I.    **PRELIMINARY STATEMENT** ...................................................................................... **4**

II.   **ARGUMENT** ................................................................................................................. **4**

A.    DEFENDANTS FAILED TO REBUT ANY ARGUMENT FROM PLAINTIF'S ARGUMENT III(A)............................................................................................................ 4

B.    DEFENDANTS EXERCISED UNAUTHORIZED CONTROL OVER THE CORPORATE LOAN PROCEEDS AND CONVERTED THE CORPORATE ASSET FOR THEIR OWN BENEFIT.. ............................................................................................... 8

C.    DEFENDANTS' ARGUMENTS REBUTTING PLAINTIFF'S NYLL CLAIMS ARE UNCONVINCING DUE TO THEIR INACCURANCY IN APPLYING THE PROPER LEGAL STANDARDS.................................................................................................... 9

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Alexander & Alexander of New York, Inc. v. Fritzen*, 147 A.D.2d 241, 542 N.Y.S.2d 530, 533 (1st Dep't 1989)

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)

*Benex LC v First Data Merchant Services Corp.*, 14-CV-6393 (JS) (AKT), 2016 WL 1069657 (E.D.N.Y. Mar. 16, 2016).

*Berrios v. Nicolas Zito Racing Stable, Inc.*, 849 F.Supp. 2d 372 (E.D.N.Y. 2012)

*Burg v. Horn*, 380 F.2d 897 (2d Cir.1967)

*Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649 (S.D.N.Y. 2005)

*Drozd v. Vlaval Constr., Inc.*, No. 09 CV 5122 SJ, 2011 WL 9192036 (E.D.N.Y. Oct. 18, 2011)

*Ho v. Target Constr. of NY, Corp.*, No. 08-CV-4750 (KAM)(RER), 2011 WL 113150 (E.D.N.Y. Mar. 28, 2011).

*Jiaxing Globallion Imp. & Exp. Co.* No. 11-CV-6291, 2014 WL 1478864.

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006)

*Moon v. Kwon*, 248 F.Supp. 2d 201, 219 (S.D.N.Y. 2002))

<u>Statutes</u>

N.Y. Lab. Law § 195
N.Y. Lab. Law § 195(4)
N.Y. Lab. Law § 652
12 N.Y.C.R.R. § 146-2.1 (2011)
29 U.S.C.A. § 213

I.    **PRELIMINARY STATEMENT**

In opposing Plaintiff's Motion for Summary Judgment, Defendants present multiple arguments that are not supported by the evidence, are irrelevant, and/or include misstatements, as well as misinterpretations, and present a lack of understand of the legal matters presented before the Court. Nothing raised by Defendants shows that there is a genuine issue of material fact. Defendants have utterly failed at clearly addressing the arguments presented in Plaintiff's Motion for Summary Judgment, which further supports the contention that there is no genuine issue of material fact permitting the Court granting Plaintiff's Motion for Summary Judgment.

II.    **DEFENDANTS FAIL TO REBUT ANY ARGUMENT FROM PLAINTIF'S ARGUMENT III(A)**

*First and foremost*, throughout this portion of the Opposition, Defendants make the false assumption that following Plaintiff's termination of employment at Pan King, Inc. (hereinafter "Pan King"), the Plaintiff, consequently, had no relation in any shape or form to neither the Defendants nor Pan King. However, this could not be further from the truth considering that Plaintiff never relinquished his shareholder stake of 25% in Pan King. Defendants did not introduce or present any evidence or documentation showing either Plaintiff's shareholder stake was bought out by the Defendants or sold to a third/alternative-party. There are no provisions or clauses in the shareholder agreement referencing or addressing how shareholder shares are to be dealt with post-employment termination. Hence, considering that Plaintiff made an initial investment of $50,000 for a 25% shareholder stake and has subsequently not sold that stake, Plaintiff is a legitimate

shareholder of Pan King and hence has a significant relationship with Pan King, and thus affected by the Defendants actions with respect to the execution of their fiduciary duties.

Next, with respect to Defendants' arguments under Point II of their Opposition, Defendants fail to address any of Plaintiff's Point III(a) arguments in a direct and concise manner. The arguments presented by the Defendants are invalid and frankly confusing. For instance, the Defendants argument starts off with a baseless analysis utilizing legal concepts related to motions to dismiss, not motions for summary judgment. (Defendants' Opposition, pg. 6). Defendants accuse Plaintiff of utilizing irrelevant case law, but they fail to include any case law that is even remotely similar in facts to the matter at hand. *Id*.

As stated in Plaintiff's Motion for Summary Judgment, Defendants actions with respect to the EIDL Loan and EIDL Modification, and PPP Loan proceeds were clear violations of their fiduciary duty of care because they: 1) did not act in the best interest of the corporation, Pan Kings, by usurping the EIDL loan proceeds for themselves; 2) commingled corporate funds with their own; and 3) and undercapitalized the corporation.

With respect to Defendants usurping corporate funds, "under the doctrine of corporate opportunity, 'corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation.'" *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 671–72 (S.D.N.Y. 2005), aff'd sub nom. The Doctrine of Corporate Opportunity applies in one of two different contexts: first, if it can be shown the corporation has an interest or 'tangible expectancy' in a given opportunity that is usurped from the corporation, and second, if a given opportunity is so necessary or essential to the corporation that the deprivation of said opportunity "threaten[s] the viability of the enterprise." Id (citing *Alexander &*

*Alexander of New York, Inc. v. Fritzen*, 147 A.D.2d 241, 542 N.Y.S.2d 530, 533 (1st Dep't 1989) (citations omitted); *Burg v. Horn*, 380 F.2d 897, 899 (2d Cir.1967) (citations omitted)). As indicated by (See ECF # 67, #9, **Exhibit 8** ) **t**he loan proceeds, $100,000, were transferred from Pan King's bank account to one of the Defendant's, Arjun Singh, personal bank account and utilized for the benefit of a different business. This is a clear misappropriation of corporate funds and Defendants failed to make any justification for such action or put forth a reasonable rebuttal.

Defendant's also failed to address in any reasonable fashion Plaintiff's commingling claim. , the Second Circuit found that "[the fiduciary's] commingling of funds was not only an indication of a breach of fiduciary duty—it was, in and of itself, a breach." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006). As stated in Plaintiff's Motion for Summary Judgment, throughout the years of Pan King's operation, Defendants wrote out multiple checks to their personal bank accounts from Pan King's corporate account and utilized Pan King's corporate account for personal expenses charges, such as 7-Eleven, Applegreen Gas, Facebook, PlayStation Network, etc. (See ECF # 67, # 10, **Exhibit 9**). The single argument Defendants presented to justify such action is that there is no evidence that these charges were indeed personal, however, as demonstrated in Plaintiff's Motion for Summary Judgment, these charges are very similar to personal charges from the case, *Jiaxing Globallion Imp. & Exp. Co.* No. 11-CV-6291, 2014 WL 1478864, at \*3., and additionally there is no reasonable explanation for a PlayStation network charge being a corporate charge considering Pan Kings is a restaurant, not an entertainment center.

With respect to Plaintiff's arguments on Defendants causing Pan Kings to become undercapitalized and reliant on debt, the single argument that Defendants present is that they could not have undercapitalized Pan Kings because it was already "heavily in debt, owed money to the defendants," and was bound to fall further into debt. This argument is anything but comprehensible considering that the Defendants misappropriated corporate loan funds by transferring them into their personal bank accounts and later using in another business and utilizing corporate funds for personal expenses, which further indebted and crippled Pan Kings.

Furthermore, Defendants argue that their decision to apply for the EIDL loan was correct because of the "dire financial condition of the company [Pan Kings]…and defendants acted to take steps to preserve the corporation." However, this is a blatant contradiction since the Defendants admitted that the $100,000 in loan proceeds was utilized for the benefit of another business, not Pan Kings. (See ECF # 67, #9, **Exhibit 8**; # 15, **Exhibit 14** – A. Singh Dep. at 111:1-25; 112:1-22; 115:4-18). Defendants proceed to argue that there is "no evidence in the record suggesting that the corporation has been harmed by the EIDL application or the subsequent loan to defendants," but this is another example of contradiction. The Defendants took out the EIDL loan for Pan Kings, but none of the proceeds were utilized to better the apparent "dire financial condition" of Pan Kings since they went towards another business of the Defendants. Hence, by not investing the proceeds in Pan Kings, Pan Kings was harmed, which subsequently harmed the Plaintiff's shareholder stake.

Lastly, Defendants completely failed to address Plaintiff's individual breach of fiduciary claim. Defendants argued that they were not required to inform

Plaintiff of their application for the EIDL Loan because it was their belief that Plaintiff had no relationship with Pan Kings after terminating his employment. However, as discussed above, this is an incorrect assumption since Plaintiff never relinquished his 25% shareholder stake in Pan Kings, which, as indicated in Plaintiff's Motion for Summary Judgment, means that Plaintiff was owed a duty to be informed of the EIDL Loan application and should have been noted as one of the owners on the application. Defendants fail to address these arguments.

III.    **DEFENDANTS EXERCISED UNAUTHORIZED CONTROL OVER THE CORPORATE LOAN PROCEEDS AND CONVERTED THE CORPORATE ASSET FOR THEIR OWN BENEFIT.**

Defendants' argument with respect to Plaintiff's conversion claim is as wrong and invalid as their previous arguments. Defendants clearly misunderstood the way in which the elements and test for conversion is applied since their actions with respect to the EIDL Loan and EIDL Modification, and PPP Loan proceeds are unambiguously examples of "unauthorized dominion and control."

The elements of conversion are that "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Benex LC v First Data Merchant Services Corp.*, 14-CV-6393 (JS) (AKT), 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016).

Fact of the matter is that Pan King had complete and unfettered ownership over the EIDL loan funds, but the Defendants decided to transfer those loan proceeds from

8

Pan King's corporate account to their personal banks accounts, which cannot be anything but an act of "unauthorized dominion", which thus proves that the Defendants committed conversion.

## IV.   DEFENDANTS' ARGUMENTS REBUTTING PLAINTIFF'S NYLL CLAIMS ARE UNCONVINCING DUE TO THEIR INACCURANCY IN APPLYING THE PROPER LEGAL STANDARDS

Defendants claim that Plaintiff a "bona fide executive" pursuant to 29 U.S.C.A. Section 213 and hence exempt from overtime pay requirements. However, this claim fails because it does not accurately portray Plaintiff's position at Pan Kings. According to the test set out by Defendants, "an employee is exempt as a "bona fide executive" if the employee meets three tests: (1) the employee is paid a predetermined and fixed salary" (salary basis test); (2) the salary exceeds a specified amount (salary level test); (3) the employee regularly performs certain job responsibilities (duties test)." Defendants claim that Plaintiff had a fixed salary, however, Plaintiff was not paid a salary for the first three months of his employment with Pan Kings and when he started to receive any payment, there would be weeks where he wouldn't be paid at all. (See ECF # 67, #3, **Exhibit 2** – P. Patel Dep. at 150:1-23; 47:23-25, 48: 1-5; See ECF # 67, #5, **Exhibit 4** – Payment Compilation). In addition, when Plaintiff was getting paid, he was not paid a fixed rate, but rather anywhere between $400 and $550. Clearly and unambiguously this is not a pay schedule that could be described as predetermined or fixed. Moving on to the "salary level test", Defendant pull the figure, $455, out of thin air and proclaim it as the "per week requirement". However, there is no evidence or citations to back up these claims and assertions. Lastly, Defendants fail to elaborate on the language they propose as the

9

final test for Section 213 and instead make what can only be described as an argument for a fictitious analysis.

Moving to Defendants' argument against Plaintiff's New York Labor Law (hereinafter "NYLL") claims. Defendants fail to address any of Plaintiffs arguments with respect to being paid less than the NYLL required minimum wage. The New York Labor Law requires that "[e]very employer shall pay to each of its employees for each hour worked in the counties of Nassau, Suffolk and Westchester a wage not less than: $11.00 per hour on and after December 31, 2017, $12.00 per hour on and after December 31, 2018." N.Y. Lab. Law § 652 (McKinney). Plaintiff worked from 10:00 am until 8:00pm (twelve hours), but after approximately the first five months, Plaintiff's schedule changed from 3:00pm or 4:00pm until after midnight. (See ECF # 67, #3 **Exhibit 2** at 14:12-18). This amounts to either twelve or eight to nine hours, six days per week. Plaintiff was being paid either between $200 and $550 per week, and some weeks he was not paid at all. (See ECF # 67, #5, **Exhibit 4**). It is undisputed these amounts do not constitute the minimum wage.

Similarly, Defendants fail to present any plausible argument to Plaintiff's claims that Defendants failed to comply with recordkeeping requirements. The New York Labor Law ("NYLL") imposes strict recordkeeping requirements on employers to ensure compliance with the minimum wage and overtime laws: "Every employer shall: . . . provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof . . . " See N.Y. Lab. Law § 195(4); 12 N.Y.C.R.R. § 146-2.1 (2011); N.Y. Lab. Law § 195

10

(McKinney). Where an employer fails to meet its most basic recordkeeping requirements, in the absence of a rebuttal, the workers' recollection regarding their hours worked and wages owed must be presumed to be correct and damages based on those recollections should be awarded. *Drozd v. Vlaval Constr., Inc.*, No. 09 CV 5122 SJ, 2011 WL 9192036, at \*13 (E.D.N.Y. Oct. 18, 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687- 688 (1946); *Moon v. Kwon*, 248 F.Supp. 2d 201, 219 (S.D.N.Y. 2002)); see *Berrios v. Nicolas Zito Racing Stable, Inc.*, 849 F.Supp. 2d 372, 380 (E.D.N.Y. 2012); *Ho v. Target Constr. of NY, Corp.*, No. 08-CV-4750 (KAM)(RER), 2011 WL 113150, at \*2-3 (E.D.N.Y. Mar. 28, 2011).

See ECF # 67, #5, **Exhibit 4**, which depicts the complete schedule of payments, shows that Defendants did not keep employment records and did not provide Plaintiff any notice containing a rate of pay, because the schedule of payments was compiled after the commencement of this action, well after the term of Plaintiff's employment had ended. Defendants failed to provide any justification or clarification in their Opposition for this omission.

## CONCLUSION

Defendants have not only failed to present any reasonable, comprehensible, or direct arguments in opposition to any of those made in Plaintiff's Motion for Summary Judgment, but in failing to do so, have failed to present any genuine issue of material fact. Therefore, the Court should grant Plaintiff's Motion for Summary Judgment on Plaintiff's claims breach of fiduciary duty and violations of New York Labor Law.